EAG/NS/MCM
F. #2019R00029

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 10 2019 ☆

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

ROBERT SYLVESTER KELLY,
    also known as "R. Kelly,"

                 Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - X

**S U P E R S E D I N G
I N D I C T M E N T**

Cr. No. <u>19-286 (S-1) (AMD)</u>
(T. 18, U.S.C., §§ 1962(c), 1963,
  1963(a), 1963(m), 2421(a), 2422(a), 2
  and 3551 <u>et</u> <u>seq</u>.)

THE GRAND JURY CHARGES:

<u>INTRODUCTION</u>

      At all times relevant to this Superseding Indictment, unless otherwise

indicated:

<u>The Enterprise</u>

      1.     The defendant ROBERT SYLVESTER KELLY, also known as

"R. Kelly," and individuals who served as managers, bodyguards, drivers, personal assistants

and runners for KELLY, as well as members of KELLY's entourage, comprised an

enterprise (the "Enterprise") within the meaning of 18 U.S.C. § 1961(4), that is, the

Enterprise constituted a group of individuals associated in fact that was engaged in, and the

activities of which affected, interstate and foreign commerce.   The Enterprise constituted an

ongoing organization whose members functioned as a continuing unit for a common purpose

of achieving the objectives of the Enterprise.

2.      The purposes of the Enterprise were to promote R. Kelly's music and the R. Kelly brand and to recruit women and girls to engage in illegal sexual activity with KELLY.   By promoting R. Kelly's music and the R. Kelly brand, the members of the Enterprise expected to receive financial opportunities and personal benefits, including increased power and status within the Enterprise.

3.      In connection with the Enterprise, KELLY and other members of the Enterprise traveled throughout the United States and abroad to perform at concert venues, to promote the R. Kelly brand and to recruit women and girls to engage in illegal sexual activity with KELLY.

4.      When KELLY attended and performed at concerts and other events, KELLY and/or members of the Enterprise on KELLY's behalf invited women and girls backstage and to other events following KELLY's live performances.   These women and girls were often offered wristbands that signified that they were authorized to attend an event.   There, KELLY relied upon members of the Enterprise to ensure that only those authorized to attend were allowed at the event and to manage the flow of women and girls who were directly interacting with KELLY.

5.      When KELLY identified a woman or girl who he wished to see again, he either gave his contact information to the woman or girl or obtained her contact information or relied upon members of the Enterprise to do so.   Following these events, KELLY communicated with certain of these women and girls by telephone, including through the use of traditional telephone calls, text messages, iMessages and FaceTime.   As part of this communication, KELLY often requested that the women and girls provide him with photographs of themselves.

6.      KELLY and other members of the Enterprise also arranged for the women and girls to travel to see KELLY on occasion, including at concerts throughout the United States and related events.   To facilitate their travel, KELLY directed the women and girls to contact a member of the Enterprise, who then arranged travel for the women and girls.   When the women and girls arrived at the lodging, which was typically selected by a member of the Enterprise, a member of the Enterprise usually provided them with instructions.   In addition, members of the Enterprise took steps to ensure that the women and girls did not interact with other women and girls whom KELLY planned to see.   Members of the Enterprise then arranged for the women and girls to attend his concerts and positioned them such that KELLY could see them during his concerts.

7.      KELLY promulgated numerous rules that many of his sexual partners were required to follow, including the following:

(a)      The women and girls were not permitted to leave their room without receiving permission from KELLY, including to eat or go to the bathroom;

(b)      The women and girls were required to wear baggy clothing when they were not accompanying KELLY to an event or unless otherwise instructed by KELLY;

(c)      The women and girls were not permitted to look at other men and instead were told to keep their heads down; and

(d)      The women and girls were required to call KELLY "Daddy."

8.      The Enterprise operated within the Eastern District of New York and elsewhere, including overseas.

## Methods and Means of the Enterprise

9.    Among the means and methods by which KELLY and his associates participated in the conduct of the affairs of the Enterprise were the following:

(a)    Committing, attempting and aiding and abetting the commission of crimes, conspiring to commit crimes, including but not limited to engaging in sexual activity with girls under 18 years old, engaging in and facilitating sexual activity without disclosing a sexually transmitted disease KELLY had contracted and producing child pornography;

(b)    Demanding absolute commitment to KELLY and not tolerating dissent;

(c)    Obtaining sensitive information about members and associates of the Enterprise to maintain control over them;

(d)    Recruiting and grooming sexual partners for KELLY; and

(e)    Isolating women and girls from friends and family and making them dependent on KELLY for their financial wellbeing.

## The Defendant

10.    The defendant ROBERT SYLVESTER KELLY was the leader of the Enterprise.

## COUNT ONE
### (Racketeering)

11.    The allegations contained in paragraphs one through 10 are realleged and incorporated as if fully set forth in this paragraph.

12.     In or about and between January 1999 and the present, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ROBERT SYLVESTER KELLY, also known as "R. Kelly," together with others, being a person employed by and associated with the Enterprise, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conduct and participate, directly and indirectly, in the conduct of the affairs of the Enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of the racketeering acts set forth below.

Racketeering Act One
(Sexual Exploitation of a Child – Jane Doe #1)

13.     In or about and between May 1999 and October 15, 1999, both dates being approximate and inclusive, within the Northern District of Illinois, the defendant ROBERT SYLVESTER KELLY, together with others, did knowingly and intentionally employ, use, persuade, induce, entice and coerce a minor, to wit: Jane Doe #1, an individual whose identity is known to the Grand Jury, to engage in sexually explicit conduct for the purpose of producing one or more visual depictions of such conduct, which visual depictions were produced using materials that had been mailed, shipped and transported in interstate and foreign commerce, in violation of Title 18, United States Code, Sections 2251(a) and 2251(e).

Racketeering Act Two
(Kidnapping – Jane Doe #2)

14.     In or about and between 2003 and 2004, both dates being approximate and inclusive, within the Northern District of Illinois and elsewhere, the defendant ROBERT SYLVESTER KELLY, together with others, did knowingly and intentionally secretly

confine an individual, to wit: Jane Doe #2, an individual whose identity is known to the Grand Jury, against her will, and induce Jane Doe #2 by deceit and enticement to go from one place to another with intent secretly to confine her against her will, in violation of Illinois Criminal Code Sections 5/10-1 and 5/5-1.

### Racketeering Act Three
(Mann Act Violation – Jane Doe #2)

15.    The defendant ROBERT SYLVESTER KELLY committed the following acts, either one of which alone constitutes Racketeering Act Three:

A.    Transportation

16.    In or about and between 2003 and 2004, both dates being approximate and inclusive, within the Northern District of Illinois and elsewhere, the defendant ROBERT SYLVESTER KELLY, together with others, did knowingly and intentionally transport an individual, to wit: Jane Doe #2, in interstate commerce, with intent that such individual engage in sexual activity for which a person can be charged with a criminal offense, to wit: violations of Illinois Criminal Code Sections 5/12-16(a)(6) (effective 2002) (aggravated criminal sexual abuse), 5/12-16(a)(7) (effective 2002) (aggravated criminal sexual abuse) and 5/12-15(a)(2) (effective 2000) (criminal sexual abuse), in violation of Title 18, United States Code, Sections 2421(a) and 2.

B.    Coercion and Enticement

17.    In or about and between 2003 and 2004, both dates being approximate and inclusive, within the Northern District of Illinois and elsewhere, the defendant ROBERT SYLVESTER KELLY, together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #2, to travel in interstate commerce,

to engage in sexual activity for which a person can be charged with a criminal offense, to wit: violations of Illinois Criminal Code Sections 5/12-16(a)(6) (effective 2002) (aggravated criminal sexual abuse), 5/12-16(a)(7) (effective 2002) (aggravated criminal sexual abuse) and 5/12-15(a)(2) (effective 2000) (criminal sexual abuse), in violation of Title 18, United States Code, Sections 2422(a) and 2.

Racketeering Act Four
(Mann Act – Jane Doe #3)

18.     In or about and between May 2009 and January 2010, both dates being approximate and inclusive, within the Northern District of Illinois and elsewhere, the defendant ROBERT SYLVESTER KELLY, together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual who had not attained the age of 18 years, to wit: Jane Doe #3, an individual whose identity is known to the Grand Jury, to engage in sexual activity for which a person can be charged with a criminal offense, to wit: violations of Illinois Criminal Code Section 5/12-16(d) (effective 2002) (aggravated criminal sexual abuse), using one or more facilities and means of interstate commerce, in violation of Title 18, United States Code, Sections 2422(b) and 2.

Racketeering Act Five
(Forced Labor – Jane Doe #3)

19.     In or about and between May 2009 and January 2010, both dates being approximate and inclusive, within the Northern District of Illinois and elsewhere, the defendant ROBERT SYLVESTER KELLY, together with others, did knowingly and intentionally obtain the labor and services of a person, to wit: Jane Doe #3, by means of force, threats of force, physical restraint and threats of physical restraint to that person or another person; by means of serious harm and threats of serious harm to that person or

another person; and by means of a scheme, plan and pattern intended to cause such person to believe that, if that person did not perform such labor and services, such person would suffer serious harm and physical restraint, and a combination of such means, in violation of Title 18, United States Code, Sections 1589(a) and 2.

### Racketeering Act Six
(Sexual Exploitation of a Child – Jane Doe #3)

20.     In or about and between May 2009 and January 2010, both dates being approximate and inclusive, within the Northern District of Illinois and elsewhere, the defendant ROBERT SYLVESTER KELLY, together with others, did knowingly and intentionally employ, use, persuade, induce, entice and coerce a minor, to wit: Jane Doe #3, to engage in sexually explicit conduct for the purpose of producing one or more visual depictions of such conduct, which visual depictions were produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce, in violation of Title 18, United States Code, Sections 2251(a), 2251(e) and 2.

### Racketeering Act Seven
(Mann Act – Jane Doe #4)

21.     The defendant ROBERT SYLVESTER KELLY committed the following acts, any one of which alone constitutes Racketeering Act Seven:

A.     Transportation

22.     In or about July 2015, within the District of Connecticut, the defendant ROBERT SYLVESTER KELLY, together with others, did knowingly and intentionally transport an individual, to wit: Jane Doe #4, an individual whose identity is known to the Grand Jury, in interstate commerce, with intent that such individual engage in sexual activity for which a person can be charged with a criminal offense, to wit: violations of Connecticut

General Statutes Sections 53a-71(a)(4) (sexual assault in the second degree) and 53a-71(a)(10) (sexual assault in the second degree), in violation of Title 18, United States Code, Sections 2421(a) and 2.

B.     Coercion and Enticement

23.     In or about July 2015, within the District of Connecticut, the defendant ROBERT SYLVESTER KELLY, together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #4, to travel in interstate commerce, to engage in sexual activity for which a person can be charged with a criminal offense, to wit: violations of Connecticut General Statutes Sections 53a-71(a)(4) (sexual assault in the second degree) and 53a-71(a)(10) (sexual assault in the second degree), in violation of Title 18, United States Code, Sections 2422(a) and 2.

C.     Coercion of Minor

24.     In or about July 2015, within the District of Connecticut, the defendant ROBERT SYLVESTER KELLY, together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual who had not attained the age of 18 years, to wit: Jane Doe #4, to engage in sexual activity for which a person can be charged with a criminal offense, to wit: violations of Connecticut General Statutes Sections 53a-71(a)(4) (sexual assault in the second degree) and 53a-71(a)(10) (sexual assault in the second degree), using one or more facilities and means of interstate commerce, in violation of Title 18, United States Code, Sections 2422(b) and 2.

D.     Transportation of Minors

25.     In or about July 2015, within the District of Connecticut, the defendant ROBERT SYLVESTER KELLY, together with others, did knowingly and intentionally

transport an individual who had not attained the age of 18 years, to wit: Jane Doe #4, in interstate commerce with intent that the individual engage in sexual activity for which a person can be charged with a criminal offense, to wit: violations of Connecticut General Statutes Sections 53a-71(a)(4) (sexual assault in the second degree) and 53a-71(a)(10) (sexual assault in the second degree), in violation of Title 18, United States Code, Sections 2423(a) and 2.

Racketeering Act Eight<br>(Mann Act – Jane Doe #4)

26.     The defendant ROBERT SYLVESTER KELLY committed the following acts, any one of which alone constitutes Racketeering Act Eight:

A.     <u>Transportation</u>

27.     In or about October 2015, within the Northern District of California, the defendant ROBERT SYLVESTER KELLY, together with others, did knowingly and intentionally transport an individual, to wit: Jane Doe #4, in interstate commerce, with intent that such individual engage in sexual activity for which a person can be charged with a criminal offense, to wit: violations of California Penal Law Section 261.5(a) (rape, abduction, carnal abuse of a child and seduction), in violation of Title 18, United States Code, Sections 2421(a) and 2.

B.     <u>Coercion and Enticement</u>

28.     In or about October 2015, within the Northern District of California, the defendant ROBERT SYLVESTER KELLY, together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #4, to travel in interstate commerce, to engage in sexual activity for which a person can be charged with a

criminal offense, to wit: violations of California Penal Law Section 261.5(a) (rape, abduction, carnal abuse of a child and seduction), in violation of Title 18, United States Code, Sections 2422(a) and 2.

C.   Coercion of Minor

29.   In or about October 2015, within the Northern District of California, the defendant ROBERT SYLVESTER KELLY, together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual who had not attained the age of 18 years, to wit: Jane Doe #4, to engage in sexual activity for which a person can be charged with a criminal offense, to wit: violations of California Penal Law Section 261.5(a) (rape, abduction, carnal abuse of a child and seduction), using one or more facilities and means of interstate commerce, in violation of Title 18, United States Code, Sections 2422(b) and 2.

D.   Transportation of Minors

30.   In or about October 2015, within the Northern District of California, the defendant ROBERT SYLVESTER KELLY, together with others, did knowingly and intentionally transport an individual who had not attained the age of 18 years, to wit: Jane Doe #4, in interstate commerce, with intent that such individual engage in sexual activity for which a person can be charged with a criminal offense, to wit: violations of California Penal Law Section 261.5(a) (rape, abduction, carnal abuse of a child and seduction), in violation of Title 18, United States Code, Sections 2423(a) and 2.

<u>Racketeering Act Nine</u>
(Mann Act – Jane Doe #5)

31.     The defendant ROBERT SYLVESTER KELLY committed the

following acts, either one of which alone constitutes Racketeering Act Nine:

A.     <u>Transportation</u>

32.     On or about May 18, 2017, within the Eastern District of New York

and elsewhere, the defendant ROBERT SYLVESTER KELLY, together with others, did

knowingly and intentionally transport an individual, to wit: Jane Doe #5, an individual whose

identity is known to the Grand Jury, in interstate commerce, with intent that such individual

engage in sexual activity for which a person can be charged with a criminal offense, to wit:

violations of New York Penal Law Section 120.20 (reckless endangerment) and New York

Public Health Law Section 2307 (exposure of infectious venereal disease), in violation of

Title 18, United States Code, Sections 2421(a) and 2.

B.     <u>Coercion and Enticement</u>

33.     On or about May 18, 2017, within the Eastern District of New York

and elsewhere, the defendant ROBERT SYLVESTER KELLY, together with others, did

knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane

Doe #5, to travel in interstate commerce, to engage in sexual activity for which a person can

be charged with a criminal offense, to wit: violations of New York Penal Law Section 120.20

(reckless endangerment) and New York Public Health Law Section 2307 (exposure of

infectious venereal disease), in violation of Title 18, United States Code, Sections 2422(a)

and 2.

## Racketeering Act Ten
### (Forced Labor – Jane Doe #5)

34.     On or about January 13, 2018, within the Central District of California and elsewhere, the defendant ROBERT SYLVESTER KELLY, together with others, did knowingly and intentionally obtain the labor and services of a person, to wit: Jane Doe #5, by means of force, threats of force, physical restraint and threats of physical restraint to that person or another person; by means of serious harm and threats of serious harm to that person or another person; and by means of a scheme, plan and pattern intended to cause such person to believe that, if that person did not perform such labor and services, such person would suffer serious harm and physical restraint, and a combination of such means, in violation of Title 18, United States Code, Sections 1589(a) and 2.

## Racketeering Act Eleven
### (Mann Act – Jane Doe #5)

35.     The defendant ROBERT SYLVESTER KELLY committed the following acts, either one of which alone constitutes Racketeering Act Eleven:

A.     Transportation

36.     On or about February 2, 2018, within the Eastern District of New York and elsewhere, the defendant ROBERT SYLVESTER KELLY, together with others, did knowingly and intentionally transport an individual, to wit: Jane Doe #5, in interstate commerce, with intent that such individual engage in sexual activity for which a person can be charged with a criminal offense, to wit: violations of New York Penal Law Section 120.20 (reckless endangerment) and New York Public Health Law Section 2307 (exposure of infectious venereal disease), in violation of Title 18, United States Code, Sections 2421(a) and 2.

B.      Coercion and Enticement

37.      On or about February 2, 2018, within the Eastern District of New York

and elsewhere, the defendant ROBERT SYLVESTER KELLY, together with others, did

knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane

Doe #5, to travel in interstate commerce, to engage in sexual activity for which a person can

be charged with a criminal offense, to wit: violations of New York Penal Law Section 120.20

(reckless endangerment) and New York Public Health Law Section 2307 (exposure of

infectious venereal disease), in violation of Title 18, United States Code, Sections 2422(a)

and 2.

(Title 18, United States Code, Sections 1962(c), 1963 and 3551 et seq.)

COUNT TWO
(Mann Act Transportation – Jane Doe #5)

38.      On or about May 18, 2017, within the Eastern District of New York

and elsewhere, the defendant ROBERT SYLVESTER KELLY, also known as "R. Kelly,"

together with others, did knowingly and intentionally transport an individual, to wit: Jane

Doe #5, an individual whose identity is known to the Grand Jury, in interstate commerce,

with intent that such individual engage in sexual activity for which a person can be charged

with a criminal offense, to wit: violations of New York Penal Law Section 120.20 (reckless

endangerment) and New York Public Health Law Section 2307 (exposure of infectious

venereal disease).

(Title 18, United States Code, Sections 2421(a), 2 and 3551 et seq.)

## COUNT THREE
(Mann Act Coercion and Enticement – Jane Doe #5)

39.     On or about May 18, 2017, within the Eastern District of New York

and elsewhere, the defendant ROBERT SYLVESTER KELLY, also known as "R. Kelly,"

together with others, did knowingly and intentionally persuade, induce, entice and coerce an

individual, to wit: Jane Doe #5, to travel in interstate commerce, to engage in sexual activity

for which a person can be charged with a criminal offense, to wit: violations of New York

Penal Law Section 120.20 (reckless endangerment) and New York Public Health Law

Section 2307 (exposure of infectious venereal disease).

(Title 18, United States Code, Sections 2422(a), 2 and 3551 et seq.)

## COUNT FOUR
(Mann Act Transportation – Jane Doe #5)

40.     On or about February 2, 2018, within the Eastern District of New York

and elsewhere, the defendant ROBERT SYLVESTER KELLY, also known as "R. Kelly,"

together with others, did knowingly and intentionally transport an individual, to wit: Jane

Doe #5, in interstate commerce, with intent that such individual engage in sexual activity for

which a person can be charged with a criminal offense, to wit: violations of New York Penal

Law Section 120.20 (reckless endangerment) and New York Public Health Law Section

2307 (exposure of infectious venereal disease).

(Title 18, United States Code, Sections 2421(a), 2 and 3551 et seq.)

## COUNT FIVE
(Mann Act Coercion and Enticement – Jane Doe #5)

41.     On or about February 2, 2018, within the Eastern District of New York

and elsewhere, the defendant ROBERT SYLVESTER KELLY, also known as "R. Kelly,"

together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #5, to travel in interstate commerce, to engage in sexual activity for which a person can be charged with a criminal offense, to wit: violations of New York Penal Law Section 120.20 (reckless endangerment) and New York Public Health Law Section 2307 (exposure of infectious venereal disease).

(Title 18, United States Code, Sections 2422(a), 2 and 3551 et seq.)

<u>CRIMINAL FORFEITURE ALLEGATION AS TO COUNT ONE</u>

42.     The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 18, United States Code, Section 1963(a), which requires any person convicted of such offense to forfeit: (a) any interest the person acquired or maintained in violation of Title 18, United States Code, Section 1962; (b) any interest in, security of, claim against or property or contractual right of any kind affording a source of influence over any enterprise which the person has established, operated, controlled, conducted or participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and (c) any property constituting, or derived from, any proceeds which the person obtained, directly or indirectly, from racketeering activity in violation of Title 18, United States Code, Section 1962.

43.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)      has been substantially diminished in value; or

(e)      has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section

1963(m), to seek forfeiture of any other property of the defendant up to the value of the

forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 1963(a) and 1963(m))


A TRUE BILL

FOREPERSON


RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY:
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. O.136

F.#: 2019R00029
FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

### EASTERN *District of* NEW YORK

### CRIMINAL DIVISION

### THE UNITED STATES OF AMERICA

*vs.*

### ROBERT SYLVESTER KELLY,

Defendant.

# SUPERSEDING INDICTMENT

(T. 18, U.S.C., §§ 1962(c), 1963, 1963(a), 1963(m), 2421(a), 2422(a), 2 and 3551 et seq.)

*A true bill.*

_____    _Jacline Turner_
                                                                       *Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
                                                                          *Clerk*

*Bail, $* _____

***Elizabeth Geddes, Assistant U.S. Attorney (718) 254-6430***