THE LAW OFFICES OF
# Douglas C. Anton, Esq.



Three University Plaza Drive
Suite Number 407
Hackensack, New Jersey 07601
Phone: (201)487-2055
Facsimile: (201)487-9698

Michigan Office:
33584 Harper Avenue
Clinton Township, MI 48035
(586)630-3211
† Also Admitted in MI

Email Address:
DougAnton@aol.com (Direct)
Douglasanton@gmail.com (Staff)
(NJ Atty. ID 016771995)

August 1, 2019

<u>Via ECF</u>
The Honorable Ann M. Donnelly
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, N 415
Brooklyn, New York 11201

The Honorable Magistrate Judge Steven Tiscione
United States District Court
Eastern District of New York
225 Cadman Plaza East, 4G North
Brooklyn, New York 11201

      RE:   <u>United States v. Robert Sylvester Kelly</u>
             <u>Criminal Docket No. 19-286 (S-1) (AMD) (E.D.N.Y.)</u>

Dear Judge Donnelly and Magistrate Judge Tiscione:

As the Court is aware, this office represents defendant Robert S. Kelly in the above referenced matter. We are aware that the Arraignment and Pre-Trial Detention issues raised by the government and responded to by my office, are to be addressed at 10:30am before Magistrate Judge Tiscione. We are further aware that a Status Conference on this matter will then be conducted at 1:00 pm before Judge Donnelly.

I am writing this letter to address three brief issues. First, while not attributing blame, the Marshal was not able to get my client inbound until late this afternoon when he arrived in Teterboro, New Jersey. I have spent the hours that followed his landing on the phone with the BOP at both New York MCC and Brooklyn MDC trying to locate my client, but no one would provide that information to me, even recognizing I am his attorney, instead directing me to bop.gov to find out where he would be. Indeed, its 11:00pm now and the bop.gov website still lists this client as being located

www.DouglasAnton.com     1



in Chicago MCC. I was told that even as his listed counsel, my last time to visit would be 6:45pm. Therefore, I have not been able to see my client yet to intelligently discuss with him what is to transpire tomorrow, which is something I must be able to do. Therefore, I am informing the court and my respected adversary in the government that I will seeking to visit with my client very early tomorrow, if I am able to locate him, and prior to our 10:30am Arraignment so as to not alter the Court's schedule. However, if that becomes difficult, I may just have to wait until he is brought over to the Courthouse and ask for the ability to spend time with him in a preparation visitation alone, and/or with co-defense counsel. While I trust this wont interfere with the Court's schedule, having an informed client is, I am sure, the Court's concern for the defense as well. Therefore, I wanted to inform the Court that should I not be on time, it means that I am rushing to speak with my client prior to court. I would ask for some understanding in this regard.

Second, in addition to the bail application, or should I say, request for pre-trial release, the defense will not only be focusing on JD#5, which our prior letter touched mostly upon, as she is the one alleged victim that we know the most about, but also on the other four JD's. It is our understanding from reading the Superceding Indictment that of the remaining four JD's, three are alleged to be minors and one an adult at the time of the complained of conduct which was reported years after the fact. Of course, JD#5 was also an adult at the time of the much later complained of conduct. However, the indictment does not state ages for the minors, but only claims that said JD#1, 3 and 4 where not 18. However, without knowing more, we wish to bring the court's attention to the fact that since laws of the States of Illinois, Connecticut and California are in question, and considering the alleged conduct complained of, "not being 18" may not give rise to criminal conduct. For example, the age of consent in Connecticut is 16 years old. Assuming that there even was a sexual relationship with the defendant as alleged, if the alleged victim, JD#4, in the Connecticut part of the indictment was "under 18" but was 16, or 17, then the considerations of the court with regard to the what is the alleged criminal conduct of the defendant, would have to play a role in the determination by the court as it relates to pre-trial detention.

This is why I suggested that despite the government being generally entitled to proceed on its proffer in a pre-trial detention hearing, United States v. LaFontaine, 210 F.3d 125, 130-31 (2d Cir. 2000), there are those cases where the court should make a much deeper inquiry. It's very easy to say "child" and "minor" and have most people wince, but we trust this court will seek to shed some more that the governments "proffered light" on some of these allegations before making its final and ultimately fair determination on pre-trial detention and bail.

Lastly, while the defense understands the Crime Victim's Rights Act (18 U.S.C. § 3711) and its purpose, of the five Jane Does, two were adults when the complained of acts occurred. JD#5 was 19 at the time and since has appeared on her own social media, sued civilly without using a pseudonym as was her option, and has been outspoken about her allegations even on televison programs. Certainly, she can have no expectation of privacy anymore and should not enjoy the protections of same via this statue. Similarly, while JD#2 is claimed to have been an adult at the time of the



complained of conduct. Granted, alleged victims have rights. But so does the defendant. The defendant has the Constitutional right to confront is accusers and the first step of that is knowing who they are and not permitting their later dated contrived anonymity to limit a defendants ability to defend himself. I say this because the defense does not have the resources that the Federal Government does. We rely on "tips" "information" and the like, that lead us to demonstrative evidence. For example, since 90% of the media knew who JD#5 was when the Superceding Indictment was released, my social media accounts have been inundated with tips, facts and links to evidentiary materials about JD#5 and her alleged propensity to not tell the truth. As well we have become aware of audio and video recordings that purport to set forth a deliberate plan, method and operation about how JD#5 sought to capitalize financially on her alleged groupie relationship with our client. These tips even led us to the possibility of an actual source from which JD#5 may have contracted the herpes strain she told the civil court and now this criminal part, that she has been diagnosed with. While section (d)(2) permits the court to address issues when there are multiple alleged victims, we believe that same is not necessary as there is no reason that the identity of all of these, now adult, alleged victims should not be made public so that the defense can prepare a proper defense. The government alleges that Jane Does #1-5 traveled on planes, drove in cars, stayed at hotels, etc... of their own free will... all pretty public and adult type activities, and all to see their musical hero, but now paints them as needing of anonymity. It shouldn't be both ways.

The Confrontation Clause found in the Sixth Amendment provides that "in all criminal prosecutions, the accused shall enjoy the right…to be confronted with the witnesses against him." The Clause was intended to prevent the conviction of a defendant upon written evidence (such as depositions or ex parte affidavits) without that defendant having an opportunity to face his or her accusers and to put their honesty and truthfulness to test before the jury.

In <u>Mattox v. United States</u>, 156 U.S. 237 (1895), the Supreme Court enunciated the three fundamental purposes that the Confrontation Clause was meant to serve:

1. To ensure that witnesses would testify under oath and understand the serious nature of the trial process;
2. To allow the accused to cross-examine witnesses who testify against him; and
3. To allow jurors to assess the credibility of a witness by observing that witness's behavior.

In <u>Lee v. Illinois</u>, 476 U.S. 530 (1986), the Court noted that the Confrontation Clause is one of several constitutional safeguards to promote fairness in the criminal justice system.

While we are aware that this applies to the trial process, the evidence collection process requires some disclosures as well. We don't need to publically "out" any alleged victim, nor would we ever, but we cannot be constrained from asking questions to witnesses about these alleged victims, and do so by name.



In a case like this our investigators need to use the name of the alleged victim when speaking with witnesses. We cant call some one and say, "hey, you are known to know something about JD#3, can you tell me?" Or subpoena some one like "give us all of JD#1's social media postings or phone records." How could anyone respond to such a request. So I am asking the court to consider, under the circumstances of this case, to permit the defense the ability to use and disclose the names of the alleged victims for the purpose of collecting and gathering evidence, even though they are referred to as Jane Does in the Superseding Indictment.

We will follow the Court's schedule on how and when it wishes to address these issues.

                                      Respectfully submitted,

                                      _____
                                      Douglas C. Anton, Esq.
                                      ***LAW OFFICES OF DOUGLAS C. ANTON, ESQ.***
                                      3 University Plaza Drive
                                      Suite Number 407
                                      Hackensack, New Jersey 07601
                                      P: (201) 487-2055
                                      F: (201) 487-9698
                                      E: douganton@aol.com
                                      Attorney for Defendant Robert Kelly