FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ AUG 13 2019 ★

BROOKLYN OFFICE

EAG
F. #2019R00029

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

ROBERT SYLVESTER KELLY,

        Defendants.

- - - - - - - - - - - - - - - - X

STIPULATION AND ORDER

Cr. No. 19-286 (S-1) (AMD)

    WHEREAS, the discovery materials to be provided by the government in the above-captioned case (hereinafter, the "Discovery Materials") contain (i) personal financial information including information relating to the bank accounts, (ii) personally identifiable information including addresses, social security numbers and dates of birth and (iii) sensitive medical information, all regarding individuals other than the defendants (collectively, hereinafter "sensitive information"),

    IT IS HEREBY STIPULATED AND AGREED by and between the undersigned that:

    1.    Separate indictments have been returned against the defendant in the following cases: (a) the indictments in the above-captioned matter ("CR 19-286"), (b) the indictment in United States v. Kelly et al., Criminal Docket No. 19-567 in district court for the Northern District of Illinois ("CR 19-567"), and (c) the indictments in People of the State of Illinois v. Kelly, Criminal Docket Nos. 19-2758, 19-2759, 19-2760 and 19-2761 in the circuit court of Cook County ("CR 19-2758 et al."). These indictments are collectively

referred to herein as the Pending Indictments. The attorneys representing Kelly in connection with the Pending Indictments are collectively referred to herein as defense counsel. "Pending Indictments" is intended to include any subsequent indictment that may be brought against Kelly by the People of the State of Illinois or the United States.

2. The Discovery Materials can be used by the defendant and defense counsel only for trial preparation, defense at trial against the charges set forth in CR 19-286, and any related appellate matters arising from the trial against the charges set forth in CR 19-286, until and unless further Order of the Court.

3. The defendant may not possess a copy of the Discovery Materials unless the sensitive information has been redacted from those documents. However, the defendant may review unredacted Discovery Materials in court or in the presence of one or more of the attorneys representing Kelly in connection with the Pending Indictments.

4. Absent further order of the Court, the defendant and his defense counsel may not disclose or disseminate the Discovery Materials containing sensitive information (even if the sensitive information has been redacted) or any information contained in those documents to anyone who has not signed this Stipulation and Order, other than those of defense counsel's legal staff and any potential expert witnesses, vendors and/or investigators that have been advised of and agreed to be bound by the terms of this Stipulation and Order. If the defendant, his defense counsel, or anyone else who has received Discovery Materials containing sensitive information from the defendant or his counsel pursuant to the terms of this Stipulation and Order seeks to make further disclosure or dissemination of the Discovery Materials with sensitive information (even if the sensitive information has been redacted), notice must first be provided to the government and the

Court, and such notice must be given sufficiently in advance of the contemplated disclosure or dissemination so as to permit briefing and argument on the propriety thereof.

5. In the event that the defendants seek to file Discovery Materials with the Court or otherwise use Discovery Material during a court proceeding, the defendant and his counsel will comply with Rule 49.1(a) of the Federal Rules of Criminal Procedure, will ensure that court transcripts are appropriately redacted to protect sensitive information, and will seek permission from the Court to offer the redacted versions of Discovery Material into evidence unless it is necessary to offer the unredacted version.

6. Upon conclusion of this matter, specifically within seven days of (a) a verdict of acquittal rendered by a jury, (b) the date of sentencing if no appeal is filed or (c) the issuance of an appellate decision rendering a final judgment, all of the Discovery Materials shall be disposed of in one of three ways, unless otherwise ordered by the Court. The materials may be (1) destroyed, (2) returned to the United States, or (3) retained in the defense counsel's file. In the event that the materials are retained by defense counsel, the restrictions of this Order continue in effect as long as the Discovery Materials are so maintained, and they may not be disseminated or used in connection with any other matter without further order of the Court.

7.      Any violation of this Stipulation and Order (a) will require the immediate return to the government of the Discovery Materials, and (b) may result in contempt of Court.

Dated:   Brooklyn, New York
         August 9, 2019

                              RICHARD P. DONOGHUE
                              United States Attorney
                              Eastern District of New York

                        By:   _____
                              Elizabeth Geddes
                              Nadia Shihata
                              Maria Cruz Melendez
                              Assistant U.S. Attorneys

              Agreed to by:   _____
                              Steven Greenberg, Esq.
                              Attorney for Def. Kelly in CR 19-567 and
                              19-2758 et al.

SO ORDERED:

s/Ann M. Donnelly
_____
THE HONORABLE ANN M. DONNELLY
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

4