# GREENBERG TRIAL LAWYERS

**ATTORNEYS AT LAW**                                                  **53 WEST JACKSON BOULEVARD, SUITE 1260**

**CHICAGO, ILLINOIS  60604**
**(312) 879-9500**
**Fax: (312) 650-8244**
Steve@GreenbergCD.com

January 9, 2020

Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Assistant U.S. Attorney Elizabeth Geddes
United States Attorney's Office (Criminal Division)
271 Cadman Plaza East
Brooklyn, New York 11201
Tel: (718) 254-6430
Fax: (718) 254-7508
Email: Elizabeth.geddes@usdoj.gov

**RE:** *U.S. v. Robert Kelly*, **19-286 (AMD) Defendant's Rule 16 Discovery Requests**[1]

This letter is our formal discovery request under Federal Rule of Criminal Procedure 16, the United States Constitution, and all other relevant constitutional, statutory, and common law authority.

**1) Requests Under Fed. R. Cr. P. 12(b)(4)(B) & 16(a)(1)(A)-(B), (D)-(G)**

   a) All oral, written, or recorded statements or testimony made by defendant, which are in the possession, custody, or control of the government, or which could become known by the exercise of due diligence.

---

[1] This letter was originally sent to the government on September 22, 2019.  The Court was not then included.

b) Any statement made by defendant to any law enforcement officer, government agent, informant, or other third party.  This request includes any statement by defendant not subsequently incorporated into any report, memorandum, transcript or other document.

c) A current copy of the defendant's prior criminal record.  This record should include all arrests and convictions relevant to any sentencing issues under Chapter Four of the United States Sentencing Commission Guidelines.

d) A copy of (or reasonable opportunity to inspect and copy) any books, papers, documents, data, photographs, or tangible objects obtained from or belonging to the defendant.

e) A copy of (or reasonable opportunity to inspect and copy) any books, papers, documents, data, photographs, or tangible objects which will be used in the government's case in chief.  This includes not only documents that will be marked and offered into evidence, but also documents or tangible objects that will be referred to in any way by any witness called by the government during its case in chief.  It is requested that any documents or tangible objects in this category be specifically identified from among any other records that may be produced, in order to enable the defense to prepare effectively for trial.

f) Notice of the government's intention to use any evidence obtained as a result of a search, seizure, electronic intercept, or statement by defendant, and a copy of any legal or illegal process used, including any application(s) for eavesdropping or searches.

g) A copy of (or reasonable opportunity to inspect and copy) any books, papers, documents, data, photographs, or tangible objects ("Information") which are material to the preparation of the defendant's case at trial or at sentencing.

h) All communications regarding this case between the Department of Justice, or any other law enforcement agency, and any potential witnesses.

i) Disclosure of the names of expert witnesses the government intends to call at trial, their qualifications, subject of testimony, and reports.

j) The results of tests, examinations or experiments which are or were intended for use by the government as evidence at trial, or which are material to the preparation of the defendant's defense.  This latter category includes any examinations or tests conducted by the government that are incomplete, inconclusive, or not intended to be used by the government at trial.

k) Any and all written or recorded statements of any individual, including government agents and experts, persons who may have cooperated with the government, and persons not charged in the indictment, which statements exculpate the Defendant, or reflect favorably on the Defendant, or which are consistent with the Defendant's innocence.

l) The name, last known address, and written or recorded statement or memorandum of interview of any individual whose testimony would be favorable to the Defendant in any way or consistent with his innocence, including, but not limited to, the statements of any

      layperson, attorney, government cooperator, law enforcement official, or expert to the effect that the Defendant's conduct was not unlawful.

m) The name, last known address, and written or recorded statement or memorandum of interview of any individual whose testimony would contradict or be inconsistent with the testimony of any witness for the government, regardless of whether the government intends to call such person as a witness, including, but not limited to, the statements of any layperson, attorney, government cooperator, law enforcement official, or expert.

n) Any documentary or physical evidence or information which contradicts or is inconsistent with the expected or actual testimony of any witness for the government.

o) Any evidence or information which reflects adversely on the credibility of any witness the government used or employed during its investigation or intends to call at trial. This request includes, but is not limited to, evidence of information relating to the commission of crimes, bad acts, or the giving of false or misleading statements of any kind.

p) Any prior statement or testimony of a government witness containing or reflecting any contradiction or inconsistency with the expected or actual trial testimony of the witness or with other statements or testimony given or made by the witness.

q) Any consideration or promise of consideration given to or on behalf of any government witness. "Consideration" means anything of value, whether bargained for or not, that arguably could benefit the witness or persons connected with the witness, including, but not limited to: any plea agreement entered into between the witness and the government or any state or other authority; formal or informal, direct or indirect immunity, leniency, favorable treatment or recommendations; other assistance with respect to pending or potential criminal charges, parole, probation, pardon, clemency, civil disputes, tax liability, administrative proceedings, or any other dispute involving the witness or between the witness and other person or authority; payments of money, rewards or fees, witness fees, transportation, legal services or other benefits, or subsistence payments of any kind; and any other type of inducement to cooperate or testify that arguably could reveal an interest, motive, or bias of a witness in favor of the government and/or against the Defendant.

r) The criminal identification and history sheets of each government witness, records and information revealing felony convictions and misdemeanor conviction involving dishonesty or false statement including, certified copies of conviction.

s) Any criminal charges pending against any government witness that has not been disposed of either by conviction or acquittal.

t) Any criminal activity in which a government witness has engaged that has not resulted in prosecution or conviction.

u) Evidence or information relating to alcoholism, illegal drug use, or mental or physical impairments of each government witness.

    v) The name, last known address, and written or recorded statement or memorandum or interview of any individual who has been interviewed by the government who had knowledge of the activity alleged in the indictment or was present when the events in question occurred and who failed to implicate the Defendant in this activity.

    w) Any and all books, papers, records, CDs, DVDs, tapes, logs, or documents which contain evidence favorable to the Defendant or are consistent with his innocence.

    x) The contents of any files maintained by the Internal Revenue Service, Drug Enforcement Administration, FBI, or the United States Attorneys' Office, for each law enforcement agent or officer involved in this investigation.

2) Brady, Giglio, Jencks & Rovario Material

    a) The Defense hereby requests all material it is entitled to, as soon as it is entitled to it, under Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 150 (1972); Jencks v. United States, 353 U.S. 657 (1957); Rovario v. United States, 353 U.S. 53 (1957), and their respective progeny; and 18 U.S.C. § 3500 and any relevant Court Rule or Order.  This includes, without limitation:

        i) Information which would tend to attenuate, exculpate, exonerate, or mitigate the defendant's involvement in the circumstances alleged in the indictment.

        ii) Any information affecting the credibility of any government witnesses, including prior criminal records, inconsistent statements, "deals" or immunity agreements with any state or federal governmental personnel, and any benefits of any kind the witness may receive in return for cooperation.

        iii) Any information from whatever source which may benefit the defendant under the Federal Sentencing Guidelines, including deductions in base offense level, reductions in specific offense characteristics, reductions in role in the offense, disputing relevant conduct, reducing criminal history, etc.

3) FRE 404(b) Evidence

    a) The Defense requests notice of the Government's intention to introduce into evidence under Federal Rule of Evidence 404(b) any evidence of other crimes, wrongs, or acts allegedly committed by the defendant.  Such notice should include the nature of this evidence, the pertinent witnesses, any supporting documentation, and the legal theory of admissibility to be relied upon by the Government.

4) Form of Production

    For all non-publicly available electronic material the Defense requests production in native formats with all metadata intact.  Nothing in this letter is to be construed as an admission or any type of waiver.  These are ongoing requests and we reserve the right to make additional discovery requests.

                                                  Sincerely,

                                                  Steven A. Greenberg