# GREENBERG TRIAL LAWYERS
ATTORNEYS AT LAW                           53 WEST JACKSON BOULEVARD, SUITE 1260
                                                      CHICAGO, ILLINOIS 60604
                                                               (312) 879-9500
                                                           Fax: (312) 650-8244
                                                       Steve@GreenbergCD.com

January 9, 2020

Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:    <u>United States v. Robert Kelly, 19-286 (S-1) (AMD)</u>

Dear Judge Donnelly:

      I write in support of the defense request, made orally at the December 9, 2019 status, for the identities of the still unknown "Jane Does" listed in the second superseding indictment. Specifically, Jane Doe 2 and Jane Doe 3. I would also refer the court to the defendant's letter motion requesting discovery. Dkt. 35. The letter was originally delivered to the government on September 22, 2019. We ask the Court to order immediate compliance.

      The governments responded to the oral request on December 20, 2019. Dkt. 34. In their response they have correctly stated the law. This court has the discretion to order the disclosure of the identities. *United States v. Cannone*, 528 F. 2d 296 (2nd Cir. 1975). In this case, this Court should exercise its discretion in order disclosure.

      Arguing against, the government refers to the obstruction allegations brought against Mr. Kelly in the Northern District of Illinois and his state court proceedings that began nearly two decades ago, in 2002. Doing so, the government refers this Court to their pretrial detention memoranda. In each of those they argued that Mr. Kelly was not entitled to bail because, in part, he had a supposed history of obstruction. Now they are saying that he is not entitled to discovery for the same reason. They cannot have it both ways - arguing that he should not be released on bail because of obstructive behavior and then arguing that even though he was not released on bail there is a danger of obstructive behavior. It is apparently a vortex from which he cannot escape.

The government speaks of the danger of further obstruction from Mr. Kelly or members of his enterprise. As to the latter, it is difficult to comprehend with the government could possibly mean. At the time of his arrest Mr. Kelly was living in a small condominium, working with his longtime producer, without other employees of note, and effectively without any income. He had no "enterprise" as the government likes to call his career and his business, RSK Enterprises.

More to the point, these allegations have been swirling since at least 2018. Mr. Kelly was indicted in state court in early 2019. Discovery was tendered soon thereafter, and the identity of each of the individuals in the four separate cases, as well as the witnesses, was learned. There was never any allegation in relation to those cases, either before when they were rumored or since they were indicted, that Mr. Kelly or anyone on his behalf engaged in any act which could even charitably be called obstructive.

The same can be said of the federal cases - both this case and the case pending in the Northern District of Illinois - both before and after indictment there has never been any credible suggestion that Mr. Kelly or anyone on his behalf engaged in any obstructive behavior. (Obviously, this must exclude the allegations of obstruction in relation to the 2002 state criminal case, but of note, again there has not been any suggestion that Mr. Kelly or anyone on his behalf has tried to influence the current obstruction prosecution).

As noted above, Mr. Kelly remains in custody at the federal jail in Chicago. All of his phone calls are monitored. All of his mail is monitored. Other than legal counsel his only visitor is his girlfriend, Joycelyn. He simply has no means or method by which to engage in any obstructive conduct.

Also of note, is that there is at least one of the Jane Does that Mr. Kelly has remained in contact with, even since his indictment. The government does not allege that he has ever tried to influence her in relation to this case.

The government finds fault with a letter and photos sent to counsel (since convicted of fraud in federal court) for an alleged Jane Doe, saying it was intimidating. The same allegation was made when Mr. Kelly sought bail. As the government knows, Mr. Kelly can only write phonetically, so he did not write any letter. (He does not deny someone may have asked him to sign something)

This Jane Doe's filed a civil suit against Mr. Kelly last year. Her original attorney was convicted of fraud. A letter was sent to that attorney that is nonsensical, sovereign citizen gibberish. Included were some photos Jane Doe had taken of herself. A copy will be provided so the court may reach its own conclusions as to whether it is witness tampering or obstructive.[1]

---

1 The civil case is proceeding. Mr. Kelly is represented by Mssrs. Anton and Farinella. The Jane Doe was prominently featured in the recent SRK2 show. Her Instagram cover page will also be filed. It includes the tagline "nobody's role model". Her own photos are far more revealing than anything sent to her.

The fact is Mr. Kelly has never engaged in any threatening or violent conduct towards this, or any, Jane Doe.

To the extent the government believes that they have provided sufficient information to enable the defense to identify the two remaining unknowns, they have not. When the government provided their letter to this court defense counsel contacted them with a name that they believed could possibly have been Jane Doe number three, but the government advised that it was not her. After consulting with Mr. Kelly, and reviewing the materials tendered to date (including a photo), the defense simply has no idea who this person is.

The same is true of Jane Doe number two. Based upon all of the information tendered, as well as consultation with all available, the defense simply has no idea who this person is.

The defense cannot conduct any investigation or adequately prepare for trial without knowing who each of the supposed 'victims' are. It is impossible to interview witnesses, to search for records, or to do anything without this information.

Finally, the government's proposed solution, disclosure no later than two weeks before trial, is simply unworkable. First of all, as the government is aware, at the present time Mr. Kelly has another trial scheduled to begin in April 2020. This means that the lion share of investigation must be conducted long prior to the start of this trial since Mr. Kelly and a large part of his legal team will be engaged. Moreover, the events alleged, even with respect to these two unknown persons, occurred between 15 and 20 years ago. The passage of time makes the investigation all the more difficult. It takes us back to a time where everything was not digitized, meaning records will take longer to obtain. Based upon whatever is received, other records may be needed, witnesses may come to light, and so forth. Furthermore, based on what is learned, subpoenas may have to be issued for trial testimony, arrangements made for people to appear, and two weeks is simply not enough time to conduct an adequate investigation and prepare, let alone present, a proper defense, in this vast case.

The defense request immediate disclosure and that a workable discovery schedule be set.

All the best,

Steven A. Greenberg