FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★   JAN 29 2020   ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

UNITED STATES OF AMERICA,

              - against -

ROBERT SYLVESTER KELLY,

              Defendant.

------------------------------------------------------------------ X

**ORDER**
19-cr-286 (AMD)

**ANN M. DONNELLY**, United States District Judge:

The defendant is awaiting trial on charges of racketeering in violation of 18 U.S.C.

§§ 1962(c) and 1963, two counts of Mann Act transportation to engage in illegal sexual activity

in violation of 18 U.S.C. § 2421(a), and two counts of Mann Act coercion and enticement to

engage in illegal sexual activity in violation of 18 U.S.C. § 2422(a). (ECF No. 30.) At a status

conference on December 9, 2019, the defense asked that the Court direct the Government to

disclose the identities of Jane Does #2 and #3.[1] On December 20, 2019, the Government asked

that I deny the application. (ECF No. 34.) For the reasons that follow, the Government's request

is granted.

## DISCUSSION

Rule 7(f) of the Federal Rules of Criminal Procedure permits a defendant to move for a

bill of particulars "before or within 14 days after arraignment or at a later time if the court

permits." Fed. R. Crim. P. 7(f). "Whether to grant a bill of particulars rests within the sound

discretion of the district court." *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990)

---

[1] The Government has previously given the defense the names of the other four Jane Does. (ECF No. 34
n.1.)

(quoting *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citations omitted)). "A bill of particulars is not a general investigative tool, a discovery device or a means to compel the government to disclose evidence or witnesses to be offered prior to trial." *United States v. Gibson*, 175 F. Supp. 2d 532, 537 (S.D.N.Y. 2001) (citations omitted). Rather, a bill of particulars is meant to enable the defendant "to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Gammarano*, No. 06-CR-0072, 2007 WL 2077735, at *9 (E.D.N.Y. July 18, 2007) (quoting *United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988)). Thus, the test "is not whether the information sought would be useful to the defendant but rather whether it is necessary to a defense." *United States v. Sierra-Garcia*, 760 F. Supp. 252, 268 (E.D.N.Y. 1991) (citation omitted); *see also United States v. Payden*, 613 F. Supp. 800, 816 (S.D.N.Y. 1985) ("It is not enough that the information would be useful to the defendant; if the defendant has been given adequate notice of the charges against him, the government is not required to disclose additional details about its case."). Accordingly, a defendant must show that "the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *Torres*, 901 F.2d at 234 (citing *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir. 1989) (mem.)).

When a defendant seeks the identities of victims, cooperators or government witnesses, a court may deny disclosure if the government "sets forth specific reasons why such a request should be denied." *United States v. Antico*, No. 08-CR-559, 2010 WL 2425991, at *1 (E.D.N.Y. June 11, 2010) (citing *United States v. Cannone*, 528 F.2d 296, 299-301 (2d Cir. 1976)). Courts routinely deny requests for victims' identities in racketeering cases, especially when the government demonstrates a risk to witness safety, the potential for witness intimidation or

subornation of perjury. *See, e.g., Antico*, 2010 WL 2425991, at *1 (denying disclosure where the government "advanced specific reasons that the request should be denied"—including the defendant's rank in the Genovese crime family and history of witness tampering—while the defense advanced a conclusory argument that he could not "mount an effective defense" without disclosure); *United States v. Gotti*, No. 02-CR-743, 2004 WL 32858, at *9 (S.D.N.Y. Jan. 6, 2004) (denying disclosure of the names of co-conspirators, witnesses and victims because the "Government has a legitimate concern about the safety of those individuals it intends to call at trial") (citation omitted); *United States v. Kevin*, No. 97-CR-763, 1999 WL 194749, at *12 (S.D.N.Y. Apr. 7, 1999) ("The defendants are not entitled to the names of the victims at this time. This case charges the defendants with violent crimes, presenting a clear risk of danger.") (citation omitted).

The defendant does not explain how learning the victims' names would "alert [him] about the specific offense with which he is charged and prevent surprise." *Gammarano*, 2007 WL 2077735, at *12. Rather, he argues that it is "impossible to interview witnesses" or "to search for records" without the identifying information. (ECF No. 36 at 3.) In other words, the defendant seeks to use the victims' identities to conduct discovery, which is not the purpose of a bill of particulars. *See Gibson*, 175 F. Supp. 2d at 537.

The Government, on the other hand, advances detailed and substantive reasons to deny the defendant's motion, including his history of obstruction, intimidation and witness tampering (ECF No. 37 at 1-4), his attempts to continue these efforts while incarcerated (*id.* at 4-5), and the nature and scope of the charged crimes (ECF No. 34 at 5-6). For example, the Government cites

3

the defendant's indictment for obstruction in the Northern District of Illinois,[2] and his efforts to

intimidate witnesses and victims in this case, including by sending a threatening letter to Jane

Doe #6 (ECF No. 37 at 2-3) and directing potential witnesses to "pick a side"—with him or

against him (*id.* at 4). The Government also has substantiated the defendant's ability to engage

in obstruction while incarcerated by citing instances in which the defendant has circumvented

prison protocols to communicate with third parties, including by abusing the legal mail system

and using a prison staff member's telephone. (*Id.* at 4-5.)

Accordingly, the Government's request to preclude the disclosure of the identities of Jane

Does #2 and #3 is granted.


**SO ORDERED.**


                                        s/Ann M. Donnelly
                                        _____
                                        Ann M. Donnelly
                                        United States District Judge


Dated: Brooklyn, New York
       January 29, 2020

---

[2] While conceding that the defendant is currently charged with obstructing a prior criminal prosecution
against him, the defense maintains that "there has never been any credible suggestion that Mr. Kelly or
anyone on his behalf engaged in any obstructive behavior." (ECF No. 36 at 2.) The obstruction charge
"necessarily involved a finding by a grand jury of probable cause to believe that the crime [of
obstruction] had been committed." *Cannone*, 528 F.2d at 302. It is therefore a relevant factor to
consider.