IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19 CR 286 – AMD |
| | ) | |
| ROBERT KELLY | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS COUNT ONE OF THE
SUPERSEDING INDICTMENT**

Defendant, Robert Kelly, by and through his attorneys, respectfully moves this Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(iii) and (v), to Dismiss Count One of the Superseding Indictment. In support of this Motion, Defendant, shows the Court the following:

**I.   Summary of the Charges**

Defendant is charged with one count of violating section 1962(c) of the federal RICO statute, relating to six victims (Jane Does Nos. 1-6), and four substantive counts of violating the Mann Act, all of which involve only Jane Doe No. 6.

With respect to the RICO count, which was clearly alleged as an end run around the applicable statute of limitations for the underlying predicate acts, the Superseding Indictment alleges that the purported RICO "enterprise" was

an "association in fact" that was comprised of Defendant Kelly and unnamed members of his entourage, including managers, bodyguards, and personal assistants. The Superseding Indictment reads:

The Enterprise

> 1. The defendant ROBERT SYLVESTER KELLY, also known as
>
> "R. Kelly," and individuals who served as managers, bodyguards, drivers, personal assistants and runners for KELLY, as well as members of KELLY's entourage, comprised an enterprise (the "Enterprise") within the meaning of 18 U.S.C. § 1961(4), that is, the Enterprise constituted a group of individuals associated in fact that was engaged in, and the activities of which affected, interstate and foreign commerce. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.'

Superseding Indictment at ¶1. The alleged purpose of this RICO enterprise was to "promote Kelly's music and the R. Kelly brand (which is not a crime)," and "to recruit women and girls to engage in illegal sexual activity with Kelly." *Id.* at ¶2. The alleged predicate acts purportedly occurred sporadically between 1994 and 2017, the majority of which bear little connection to the Eastern District of New York:[1]

---

[1] Given the extremely liberal venue standards in criminal prosecutions (18 U.S.C. § 3237(a)) and given that some minimal part of the criminal activity is alleged to have occurred in the Eastern District, venue may be proper in this District. *See, e.g., United States v. Long*, 697 F. Supp. 651, 655-56 (S.D.N.Y. 1988). That said, the Defendant is from Chicago; the majority of the alleged wrongs occurred in the Northern District of Illinois; and pending charges exist in the Northern District of Illinois. Charging Defendant in a separate Indictment in an out- of-state District,

2

(1) 1994, Northern District of Illinois (Jane Doe No. 1);

(2) 1999, Northern District of Illinois (Jane Doe No. 2);

(3)-(4) 2003-2004, Northern District of Illinois (Jane Doe No. 3);

(5)-(7) 2009-2010, Northern District of Illinois, (Jane Doe No. 4);

(8)-(9) 2015, District of Connecticut and Northern District of California (Jane Doe No. 5); and,

(10)-(12) (and Counts 2-4) 2017, Eastern District of New York and Central District of California (Jane Doe No. 6).

Predicate acts two through 12 all relate to Defendant allegedly coercing women and girls to engage in sexual activity with him. Act One is an outlier and accuses Mr. Kelly of bribing a government official to produce a piece of fake identification for Jane Doe No. 1. No other charges relate to Jane Doe No. 1 and the Superseding Indictment is silent on how that predicate act fits into the overall purpose of the enterprise.

## II. Applicable Legal Standard

"In deciding a motion to dismiss an indictment for failure to state a criminal offense, a court must assume the truth of the allegations in the indictment and determine whether the indictment is valid on its face." *United*

---

rather than superseding the existing Illinois Indictment is unfair, inconsistent with the norm, and seemingly calculated to make it more difficult to defend against because, *inter alia*, as the government is aware, Mr. Kelly has very limited resources.

*States v. Pirk*, 267 F.Supp.3d 406, 415 (W.D.N.Y. 2017) (quotation marks and citations omitted). In deciding a motion to dismiss for failure to state an offense, a court may generally not "look beyond the face of the indictment," nor may it "dr[a]w inferences as to the proof that would be introduced by the government at trial." *United States v. Alfonso*, 143 F.3d 772, 776 (2d Cir. 1998). Finally, and importantly, when reviewing an indictment for sufficiency, "common sense must control." *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir. 1992); *see also United States v. Torres*, 191 F.3d 799, 805 (7th Cir. 1999) (noting that a court must review an indictment "as a whole, rather than in a hypertechnical manner") (quotation marks omitted).

That said, "[a]n indictment, or a portion thereof, may be dismissed if it is otherwise defective or subject to a defense that may be decided solely on issues of law." *United States v. Labs of Virginia, Inc.*, 272 F.Supp.2d 764, 768 N.D. Ill. 2003. An indictment does not pass muster simply because it parrots the language of the statute "where the definition of an offense . . . includes generic terms, it is not sufficient that the indictment shall charge the offence in the same generic terms as in the definition; but it must state the species [and] must descend to particulars." *United States v. Pirro*, 212 F.3d 86, 93 (2d Cir. 2000) (*quoting Russell v. United States*, 369 U.S. 749, 765 (1962)). In other words, the allegations in an indictment must "allow [a] court to evaluate whether [the] facts alleged could support conviction." *Id.* at 92.

4

The arguments for dismissal urged in this Motion present pure questions of law that the Court can – and should – resolve before trial. No argument implicates any dispute of fact or requires the Court to draw any inference about the truth of the Government's allegations. The allegations regarding the "enterprise" on the face of the Indictment are simply inadequate to meet the legal requirements of a cognizable RICO enterprise-in-fact, or the Government's ability to prove them at trial. Accepting those facts as true, and based on the arguments that follow, the Court may, and should, dismiss Counts One.

### III. Analysis and Argument

#### A. The Indictment Fails to Properly Allege a Legally Cognizable RICO Enterprise, So Count One Must Be Dismissed

The Government would like this Court to believe that an individual, namely Mr. Kelly, and unnamed, unidentified associates somehow formed a legally cognizable RICO enterprise for the purposes of federal criminal prosecution in this case. Notably, the Superseding Indictment is completely silent regarding any acts taken by any other individual aside from Mr. Kelly. As alleged in the Indictment, a single person acting in the manner that Mr. Kelly allegedly did does not form a legally cognizable RICO enterprise under the law. As such, Count One of the Superseding Indictment is flawed on its face and must be dismissed.

5

The federal RICO statute was designed to prevent the illicit infiltration of legitimate enterprises. S. Rep. No. 91-617, at 76 (1969) (stating that RICO's purpose was "the elimination of the infiltration of organized crime and racketeering into legitimate organizations operating in interstate commerce"). This explains why the conduct prohibited in §1962 is unlawful only if it occurs in connection with the investment in, acquisition of, or operation of an "enterprise" affecting interstate commerce. In other words, RICO generally does not target the enterprise, but the bad actors who misuse or wrongfully acquire or invest in a legitimate enterprise. *United States v. Turkette*, 452 U.S. 576, 591 (1981).

Section 1961(4) defines an enterprise as "any individual, partnership, corporation, association or other legal entity, and any union or group of individuals associated in fact although not a legal entity." Any group of entities or individuals that is "associated in fact" may be a RICO enterprise. *United States v. Philip Morris USA Inc.*, 566 F.3d 1095, 1111 (D.C. Cir. 2009). However, many courts required the association-in-fact enterprise to have some structure or hierarchy and an ongoing legitimate purpose that was different from a group that is joined solely to violate RICO. *See e.g., United States v. Bledsoe*, 674 F.2d 647, 664-65 (8th Cir. 1982) ("We are satisfied that RICO was not designed to serve as a recidivist statute, imposing heavier sentences for crimes which are already punishable under other statutes. The Act was not

intended to be a catchall reaching all concerted action of two or more criminals involving two or more of the designated crimes.").

In 2009, the Supreme Court further addressed whether an association-in-fact enterprise must possess an "ascertainable structure beyond that inherent in the pattern of racketeering activity in which it engages." *Boyle v. United States*, 556 U.S. 938, 941 (2009). The Supreme Court held that an association-in-fact enterprise under RICO must have some structure but, relying on both *United States v. Turkette* and the plain language of the RICO statute, identified only three required structural features: (1) "a purpose"; (2) "relationships among those associated with the enterprise"; and, (3) "longevity sufficient to permit those associates to pursue the enterprise's purpose."

Here, the Superseding Indictment fails to meet any of these requirements. First, the common purpose alleged – "to promote Kelly's music and the R. Kelly brand," and "to recruit women and girls to engage in illegal sexual activity with Kelly" – fails to pass muster. It clearly is not unlawful to promote music or a brand, and the Superseding Indictment is silent on how any other individual benefited from Mr. Kelly alleging engaging in sexual activity. If no others benefited, then the only member of the enterprise is Mr. Kelly.

Second, the Superseding Indictment fails to allege the relationship amongst any of the members of the enterprise. Indeed, with the exception of

7

Mr. Kelly, the Superseding Indictment is silent as to the identity of any of alleged members. This lack of specificity blatantly fails to satisfy the requirements of Federal Rule of Criminal Procedure 12(b)(3)(B)(iii).

Third, given that the Indictment names only one individual, there is no way for this Court to evaluate the enterprise's longevity. It is inconceivable that the same members existed in both 1994 (the first predicate act) and 2017 (the last predicate act), and without alleging who the other members are or how they formed the alleged enterprise, neither Defendant nor this Court can adequately asses the nature of the enterprise or appropriately defend against these charges.

More importantly, in this case, Mr. Kelly is charged specifically with a violation of section 1962(c). *See* Superseding Indictment, at pg. 14. Section 1962(c) prohibits any person "employed by or associated with any enterprise" from conducting the affairs of that enterprise through a pattern of racketeering. All Courts of Appeals have concluded that this language means that in a §1962(c) case, <u>a party cannot be both the defendant "person" and the enterprise</u>. *See Doyle v. Hasbro, Inc.*, 103 F.3d 186, 191 (1st Cir. 1996) (affirming dismissal of RICO claim where plaintiff failed to identify an enterprise distinct from defendant); *Odishelidze v. Aetna Life & Cas. Co.*, 853 F.2d 21, 23 (1st Cir. 1988); *Official Publ'ns, Inc. v. Kable News Co.*, 884 F.2d 664, 668 (2d Cir. 1989); *Bennett v. U.S. Trust Co. of New York*, 770 F.2d 308,

8

315 (2d Cir. 1985); *New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am.*, 18 F.3d 1161, 1163-1164 (4th Cir. 1994); *Busby v. Crown Supply, Inc.*, 896 F.2d 833, 840 (4th Cir. 1990); *In re Burzynski*, 989 F.2d 733, 743 (5th Cir. 1993); *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 583 (5th Cir. 1992); *Davis v. Mut. Life Ins. Co. of New York*, 6 F.3d 367, 377 (6th Cir. 1993); *Palmer v. Nationwide Mut. Ins. Co.*, 945 F.2d 1371, 1373 (6th Cir. 1991); *Preferred Mut. Ins. Co. v. Dumas*, 943 F.2d 52 (6th Cir. 1991) (unpublished table decision); *Bennett v. Berg*, 685 F.2d 1053, 1061 (8th Cir. 1982); *Schreiber Distrib. Co. v. ServWell Furniture Co.*, 806 F.2d 1393, 1396 (9th Cir. 1986); *Garbade v. Great Divide Mining & Milling Corp.*, 831 F.2d 212, 213 (10th Cir. 1987); *Yellow Bus Lines, Inc. v. Drivers Local Union*, 639, 883 F.2d 132, 139 (D.C. Cir. 1989); *United States v. Goldin Indus., Inc.*, 219 F.3d 1268, 1271 (11th Cir. 2000).

Courts generally recognize that the defendant may be a member of a larger association-in-fact enterprise without violating the person/enterprise distinction, but all have held that the defendant must conduct the enterprise's affairs, not merely his own affairs. *United Food & Commercial Workers Unions v. Walgreen Co.*, 719 F.3d 849, 853-56 (7th Cir. 2013); *Riverwoods Chappaqua Corp. v. Marine Midland Bank, N.A.*, 30 F.3d 339 (2d Cir. 1994). A defendant can only be liable under 1962(c) if he exercises a managerial role in the enterprises affairs. *Reves v. Ernst & Young*, 507 U.S. 170, 178-79 (1993).

9

Here, the Government has failed to plausibly allege that Mr. Kelly directed or managed the affairs of an enterprise that is distinct from himself as a person. The Superseding Indictment does not identify a single person that worked with Mr. Kelly, either by name or pseudonym. Nor does it allege that a single action taken in furtherance of the conspiracy was performed by anyone other than Mr. Kelly. Without a difference between the defendant and the "enterprise," there can be no violation of RICO. *Baker v. IBP, Inc.*, 357 F.3d 685, 691 (7th Cir. 2004) (dismissing where the enterprise was not adequately specified).

Even if the Superseding Indictment did properly allege these facts, it is clear from the face of the Superseding Indictment that any alleged enterprise members were Mr. Kelly's employees. *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 121 (2d Cir. 2013) (noting that the required person/enterprise distinction "cannot be evaded by alleging that a [defendant] has violated the statute by conducting the enterprise that consists of itself plus all or some of its officers or employees").

This Indictment simply fails to adequately identify an unlawful RICO enterprise. Reading the facts in the light most favorable to the Government, it is impossible to distinguish between the Defendant and the enterprise itself, so this Court must dismiss Count One of the Indictment.

## IV.  Conclusion

RICO was not designed as a means to punish a single individual for his own wrongful actions. As this Court can see, substantive offenses were only charged relating to one of the six Jane Does. RICO is only being used in this case in an effort to subvert various statutes of limitations. Robert Kelly is not an enterprise. The Superseding Indictment seems to think otherwise, but the law does not. Accordingly, Count One must be dismissed.

Respectfully submitted,

*/s/* Steven A. Greenberg
*One of Defendant's Attorneys*

Steven A. Greenberg-Greenberg Trial Lawyers
53 W. Jackson Blvd., Ste. 1260
Chicago, IL 60604
(312) 879-9500
*Steve@GreenbergCD.com*

Mike Leonard-Leonard Meyer LLP
120 N. LaSalle Street
Suite 2000
Chicago, Illinois 60601
(312) 380-6559 (direct)
mleonard@leonardmeyerllp.com

Thomas A. Farinella, Esq.
Law Office of Thomas A. Farinella, P.C.
260 Madison Avenue, 8th Floor
New York, NY 10016
tf@lawtaf.com