IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 19 CR 286 – AMD |
| ) | |
| ROBERT KELLY ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S MOTION TO STRIKE ALLEGATIONS FROM COUNT ONE OF THE SUPERSEDING INDICTMENT AND DISMISS THE REMAINING COUNTS

Defendant, Robert Kelly, by and through his attorneys, respectfully moves this Court, pursuant to Federal Rule of Criminal Procedure 12(b)(v) and constitutional principles, to strike from Count One of the Superseding Indictment statutory allegations, and to dismiss the remaining counts which rely upon an unconstitutional statute.  In support of this Motion, Defendant states as follows:

I. Summary of the Charges

Defendant is charged with one count of violating section 1962(c) of the RICO statute, relating to six victims (Jane Does Nos. 1-6), and four substantive counts of violating the Mann Act, all of which involve only Jane Doe No. 6.  The racketeering is alleged in Count I, and the violations of the Mann Act in Counts II through V.  The predicate acts alleged in Count I, numbers 10 and 12, as well as the Mann Act violations alleged in Counts II-V, rely upon two New York statutes, namely New York Public Health Law section 2307 and New York Penal Law section 120.20. The Public Health Law provides as follows:

> Sec. 2307 Venereal Disease; Person Knowing Himself to Be Infected: Any person who, knowing himself or herself to be infected with an infectious venereal disease, has sexual intercourse with another shall be guilty of a misdemeanor.

This statute is facially unconstitutional. It prohibits sexual intercourse by anybody who has an STD. The definition is vast, ranging from HIV to yeast infections. 10 CRR-NY 23.1.[1] It includes HPV and "scabbies".[2]

The *only* requirement is that the individual knows that they have the venereal disease. In other words, it prohibits two consenting adults from having sexual intercourse if either, or both, know that they have an infectious venereal disease. It does not require that the disease be passed on, nor does it allow the consenting adults to have sexual intercourse if the venereal disease is disclosed beforehand. It does not permit the use of a condom, or account for modern day suppression drugs.[3]

The New York Penal Code defines the relevant sexual terms:

---

[1] https://govt.westlaw.com/nycrr/Document/I37c6f5a8c22411dd80c2c6f42ff0193c?viewType=FullText&originationContext=documenttoc&transitionType=CategoryPageItem&contextData=(sc.Default).

[2] HPV is the most common sexually transmitted infection (STI). HPV is a different virus than HIV and HSV (herpes). 79 million Americans, most in their late teens and early 20s, are infected with HPV. https://www.cdc.gov/std/hpv/stdfact-hpv.htm

[3] Steps to have safe sex if you have an STD are detailed at https://www.cdc.gov/std/hiv/stdfact-std-hiv-detailed.htm.

Suppression of HIV makes the use of a condom avoidable. *See* https://www.ncbi.nlm.nih.gov/pmc/articles/PMC5761829/-Suppression/; see also https://www.biktarvy.com/about-biktarvy (allowing for unprotected sex with HIV).

> 1. "Sexual intercourse" has its ordinary meaning and occurs upon any penetration, however slight.
>
> 2. (a) "Oral sexual conduct" means conduct between persons consisting of contact between the mouth and the penis, the mouth and the anus, or the mouth and the vulva or vagina.
>
>> (b) "Anal sexual conduct" means conduct between persons consisting of contact between the penis and anus.

N.Y. Penal Law § 130.00.

This law has a definition of sexual intercourse. Traditionally, that term has been advanced as contact between the male's penis and a woman's vagina. More to the point, because the law separately identifies and defines other forms of sexual contact, it is presumed that the legislature meant for sexual intercourse to mean one thing and to exclude these other forms of contact:

> A court cannot by implication supply in a statute a provision which it is reasonable to suppose the Legislature intended intentionally to omit; and the failure of the Legislature to include a matter within the scope of an act may be construed as an indication that its exclusion was intended. (McKinney's Cons Laws of NY, Book 1, Statutes §74.)
>
> The maxim *expressio unius est exclusio alterius* is applied in the construction of the statutes, so that where a law expressly describes a particular act, thing or person to which it shall apply, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded (McKinney's Cons Laws of NY, Book 1, Statutes § 240).

<u>Dennis Lane Apartments, Inc. v. Green</u>, 2008 NY Slip Op 28328, ¶ 3, 21 Misc. 3d <u>480, 483-84, 864 N.Y.S.2d 247, 249 (Civ. Ct.)</u>

The law does not appear to address or prohibit other forms of sexual contact, such as oral sex or anal sex. Rather, it imposes a complete ban on one form of sexual

interaction whenever someone has an infectious venereal disease. It is written as an absolute, with the elements being: 1) that if an individual knows they have an STD, 2) they are then prohibited from having sexual intercourse. As written, it is an improper invasion of the right to privacy because it makes it illegal to have private, consensual, sexual intercourse.

Substantive Due Process prohibits the government from limiting the right to engage in private, consensual, sexual intercourse without fear of criminal liability. Private sexual contact between consenting adults involves a fundamental liberty interest that triggers a non-deferential review whenever the government seeks to proscribe such contact. The principle, in its modern form, was first expressed by Justice Stevens in his dissent in the now infamous *Bowers v. Hardwick* decision, where a majority of the United States Supreme Court upheld a Georgia statute that criminalized any act of oral sex, even between consenting, married adults in the privacy of their homes:

> Our prior cases make two propositions abundantly clear. First, the fact that the governing majority in a State has traditionally viewed a particular practice as immoral is not a sufficient reason for upholding a law prohibiting the practice; neither history nor tradition could save a law prohibiting miscegenation from constitutional attack. Second, individual decisions by married persons, concerning the intimacies of their physical relationship, even when not intended to produce offspring, are a form of 'iberty' protected by the Due Process Clause of the Fourteenth Amendment. Moreover, this protection extends to intimate choices by unmarried as well as married persons.

*Bowers v. Hardwick*, 478 U.S. 186, 216 (1986) (Stevens, J., dissenting).

In 2003, Justice Stevens' dissent became the view of the majority, when the Court ruled a similar law was unconstitutional in Lawrence *v. Texas*, "Justice Stevens' analysis, in our view, should have been controlling in *Bowers* and should control here. *Bowers* was not correct when it was decided, and it is not correct today." *Lawrence*, 539 U.S. 558, 578.

*Lawrence* concerned a Texas law that specifically criminalized homosexual anal intercourse. *Lawrence's* invalidation of the statute was not predicated upon any *per se* constitutional right to engage in the specific acts themselves (or any particular sexual act), but rather, from application of the basic constitutional privacy jurisprudence that has its origin in *Griswold v. Connecticut*, 381 U.S. 479 (1965), and which has since been continuously reaffirmed, most recently in *Obergefell v. Hodges*, 135 S. Ct. 2584 (2015). Collectively, the cases stand for the proposition that private sexual decisions made by consenting adults invariably involve a fundamental liberty interest protected by the Due Process Clause of the Fourteenth Amendment, one that absolutely shields private sexual conduct from the reach of government intervention. This includes intercourse because it is "a promise of the Constitution that there is a realm of personal liberty which the government may not enter." *Lawrence*, 539 U.S. at 578.

*Lawrence* is now regarded as the bedrock case establishing the right to sexual privacy. *See, e.g.,* Erwin Chemerinsky, CONSTITUTIONAL LAW: PRINCIPLES AND POLICIES 846 (3d ed. 2006) ("*Lawrence*, more than any other case in American history, recognizes that sexual activity is a fundamental aspect of

5

personhood and that it is entitled to constitutional protection."). *Lawrence*, however, did not stand alone –as the Court noted, it merely recognized and articulated a decades-old "emerging awareness that liberty gives substantial protection to adult persons in deciding how to conduct their private lives in matters pertaining to sex." *Lawrence*, 539 U.S. at 572.

The New York statute fails to recognize the right to privacy by imposing a wholesale prohibition on intercourse. Pursuant to the terms of that statute, one's disclosure that he/she has an STD is not enough, consent by one's partner is not enough, and well-recognized protective steps are not enough. The law, as written, requires that one who has an STD engage in complete abstinence. That is not and cannot be constitutional. Indeed, "*Lawrence* confirmed a dimension of freedom that allows individuals to engage in intimate association without criminal liability." *Obergefell v. Hodges*, 135 S. Ct. 2584, at 2600.

The statue cannot be read in any manner other than to prescribe a wholesale prohibition. It does not have any qualifiers, it does not have any contingency, it only prohibits. Nor can it be saved by judicial construction or interpretation. The law does not permit us to take a common sense look at the statute and read into it things that are not there, such as a requirement that there be disclosure for knowing consent, or even that there be consent. On its face the law is invalid and cannot be the footing for a state law violation RICO predicate.

## IV. Conclusion

Accordingly, any allegations that are dependent upon this law in Count One must be stricken, and the remaining counts that rely upon this allegation must be dismissed.

Respectfully submitted,

<u>/s/ Steven A. Greenberg</u>
*Defendant's Attorneys*

Steven A. Greenberg-Greenberg Trial Lawyers
53 W. Jackson Blvd., Ste. 1260
Chicago, IL 60604
(312) 879-9500
*Steve@GreenbergCD.com*

Mike Leonard-Leonard Meyer LLP
120 N. LaSalle Street
Suite 2000
Chicago, Illinois 60601
(312) 380-6559 (direct)
*mleonard@leonardmeyerllp.com*

Thomas A. Farinella, Esq.
Law Office of Thomas A. Farinella, P.C.
260 Madison Avenue, 8th Floor
New York, NY 10016
tf@lawtaf.com