```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
                                                                 :
UNITED STATES OF AMERICA,                                        :
                                                                 :
                                                                 :       ORDER
                  - against -                                    :       19-CR-286 (AMD)
                                                                 :
                                                                 :
ROBERT SYLVESTER KELLY,                                          :
                                                                 :
                                                                 :
                                       Defendant.                :
                                                                 :
---------------------------------------------------------------- X
```

**ANN M. DONNELLY**, United States District Judge:

On April 7, 2020, I denied the defendant's motion for a bail hearing and an order granting his temporary release. (ECF No. 53.) The defendant renews his motion on the basis that six detainees at the MCC Chicago, including one on his floor (ECF Nos. 59 and 60), have been diagnosed with COVID-19. (ECF No. 55.) The government continues to oppose the defendant's release. (ECF No. 56.)

The essence of the defendant's renewed motion is that conditions at the MCC have deteriorated and that this Court can fashion terms of release that minimize the risks that he will flee or obstruct justice. As to the former, it is undeniable that conditions at the MCC have worsened despite the best efforts of the BOP, prison staff and the inmates themselves to prevent an outbreak of COVID-19. While phases five and six of the BOP Action Plan, as well as the specific measures adopted at the MCC, may well control the spread of the disease, the risk of infection—and the stress and anxiety about COVID-19—will remain. At the same time, however, the defendant does not dispute this Court's prior finding that he is not uniquely at risk for contracting severe illness from COVID-19.

As the defendant recognizes, the entire BOP population cannot be released because of COVID-19.  (ECF No. 58 at 2.)  He claims, however, that he should be released, while others should not, because the Court can fashion conditions to defray the assertedly negligible risk that he might flee or obstruct justice.  (*Id.* ("Certainly, there are detainees at the MCC Chicago, or elsewhere, for whom a combination of conditions *cannot* be fashioned that will reasonably assure a court that they will appear, and that they will not pose a danger to the community.  Mr. Kelly is *not* one of those individuals.").)  I disagree.

First, the risks associated with the defendant's release have not changed.  The defendant continues to downplay the risk that he might flee, citing his attendance record in connection with the 2002 state criminal charges against him.  (ECF No. 55 at 3 ("This court . . . should also strongly weigh the fact that, years ago and prior to his acquittal on all then pending State charges, Mr. Kelly did exactly as he was ordered to do by that court while on bond, including but not limited to appearing for each and every court appearance."); ECF No. 58 at 2 ("[I]t bears repeating that, in Mr. Kelly's prior case, he never once failed to appear for any of his court appearances – over a period of years.").)  Of course, the defendant is now charged with tampering with the witnesses in that case.  In any event, his attendance record from a decades-old proceeding provides insufficient assurance that he would not attempt to flee if he were released.  His circumstances and incentives are vastly different; he is now facing serious charges in multiple federal and state jurisdictions.

Even aside from the risk of flight, the risk that the defendant would try to obstruct justice or intimidate prospective witnesses has not dissipated, and poses a danger to the community. *See United States v. Zherka*, 592 F. App'x 35, 35 (2d Cir. 2015) (summary order) ("A serious risk of obstruction of justice may qualify as such a danger to the community.") (citation omitted).

The defendant has been charged with obstructing justice in the Northern District of Illinois—specifically, with coercing, threatening and bribing potential witnesses. *See United States v. Robert Sylvester Kelly*, No. 19-CR-567 (N.D. Ill.), ECF No. 93 at 5-16. The defendant maintains that any risk can be mitigated through a combination of measures imposed on his release, including restrictions on social media, internet and telephone use. (ECF No. 58 at 3.) Even under normal circumstances, these measures are imperfect; for example, they cannot stop a defendant from using an unauthorized telephone or digital device to contact potential witnesses, or from inducing someone else to do so. Given the pandemic, where the judicial system's oversight capabilities are curtailed, these measures simply are not viable—they cannot ensure that a defendant with a history, incentive and opportunity to interfere with potential witnesses will not do so.

      Accordingly, the defendant's motion for release is denied.

**SO ORDERED.**

    s/Ann M. Donnelly
_____
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
      April 21, 2020