# LEONARDMEYER

MIKE LEONARD
MLEONARD@LEONARDMEYERLLP.COM
O 312.380.6559

September 2, 2020

**BY ELECTRONIC FILING**

**HONORABLE ANN M. DONNELLY**
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *United States v. Robert Kelly*, Case No. 19-286 (S-1) (AMD)

Dear Judge Donnelly:

We respectfully submit this Response to the Government's Supplemental ("Supplement") filing in support of its Motion for an Anonymous Jury, and for certain restrictions on Mr. Kelly's *voir dire* rights.

In short, the Government's new filing does nothing to bolster its position, and does not change the fact that the impaneling of an anonymous and sequestered jury would cause tremendous prejudice to Mr. Kelly and violate his Constitutionally protected right to a fair trial.

Here, the Government's filing relies upon the acts of *others*, and not the acts of Mr. Kelly, to argue that Mr. Kelly somehow presents a risk of obstructing the judicial process. However, the commonality with respect to two of those three other individuals/cases is that the Government has *not* alleged that Mr. Kelly ever directed, encouraged, or even suggested that any of them engage in the acts they allegedly committed. The Government does not claim, because it cannot, that Mr. Kelly knew that they intended to engage in those acts. Nor has the Government offered any evidence that Mr. Kelly ever communicated with either of those individuals, in any way, about their alleged conduct, *prior* to their purported engagement in that conduct; or that Mr. Kelly ever communicated with any of those individuals in any way about their alleged conduct, after their purported engagement in that conduct. Nor has the Government provided Mr. Kelly and his counsel in the present case, much less this Court, with any evidence, let alone any proffer of such evidence, supporting any legitimate connection between Mr. Kelly and the alleged conduct of these individuals – i.e., apart from the Government's speculation and conjecture that there must be a connection between the alleged bad acts at issue and Mr. Kelly because they were, at some point in time, either his "associate" (they could not have chosen a

more ambiguous word), or they knew someone who was his "associate." It is if the Government is relying upon six degrees of separation.

Furthermore, with respect to some of the conduct put at issue by the Government with the charging of the three individuals, it is simply too far afield from the judicial process in the present case. This includes an alleged act by one of the newly charged defendants to intimate persons at a movie screening.

With respect to the third individual, Mr. Russell, Mr. Kelly has addressed his involvement in prior pleadings. While Mr. Kelly may have signed a page to be filed with the court, there is no evidence that he knew the contents of that page or anything that was otherwise sent, or that he even knew anything was sent.

Lastly, in making these arrests the Government did not do so quietly; instead, it did it with great fanfare. If the Government truly had a concern about further alleged obstructions of the judicial process, it would have been significantly more subtle.

Accordingly, it does not follow, that an anonymous and sequestered jury is in way necessitated because doing so would not address or mitigate the actions of persons who are not Mr. Kelly. More importantly, when employed, the purpose of an anonymous and sequestered jury is to attempt to stop the conduct of the *defendant* in obstructing or interfering with the judicial process. Since the alleged conduct now raised by the Government has nothing to do with the actions of Mr. Kelly, that conduct in no way furthers the Government's Motion.

If the Court deems it helpful, we would be happy to address the Government's Motion in full by way of oral argument. Otherwise, the Government's Motion should be denied.

Sincerely,

Michael I. Leonard
MIL:bp
cc: All Counsel of Record (via ECF filing)