UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

**UNITED STATES OF AMERICA**,

        **-** against **-**

**ROBERT SYLVESTER KELLY**,
                                Defendant.

**DECISION AND ORDER**
19-CR-286 (AMD)

-------------------------------------------------------------X

**ANN M. DONNELLY**, United States District Judge:

      On October 8, 2020, I granted the government's motion to empanel an anonymous and partially sequestered jury. (ECF No. 79.) The defendant now moves for reconsideration of that order. (ECF No. 87.) For the reasons discussed below, the defendant's motion for reconsideration of my October 8, 2020 order is denied.

## DISCUSSION

      Although the Federal Rules of Criminal Procedure do not provide for reconsideration motions, "such motions are tacitly accepted in criminal cases in this District by virtue of Local Crim. R. 49.1(d), which requires a movant to submit a 'memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked' within 'fourteen (14) days after the Court's determination of the original motion.'" *United States v. Baldeo*, No. 13-CR-125, 2015 WL 252414, at *1 (S.D.N.Y. Jan. 20, 2015), *aff'd*, 615 F. App'x 26 (2d Cir. 2015).

      Courts generally supplement Local Criminal Rule 49.1(d) with the standard for civil reconsideration motions under Local Civil Rule 6.3. *Id*. (citing *U.S. v. Leaver*, 358 F.Supp.2d 273, 277 n.14 (S.D.N.Y.2005)); *see also United States v. Robinson*, No. 16-CR-545, 2018 WL 5928120, at *19 (E.D.N.Y. Nov. 13, 2018); *United States v. James*, No. 02-CR-0778, 2007 WL

914242, at *3 (E.D.N.Y. Mar. 21, 2007) ("when deciding motions for reconsideration in criminal matters, courts in this district have resolved such motions according to the same principles that apply in the civil context") (internal quotations and alterations omitted).  Local Civil Rule 6.3 requires the moving party to identify "the matters or controlling decisions which counsel believes the Court has overlooked."  A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012).  Rather, "[t]he standard for granting a motion for reconsideration 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Robinson*, 2018 WL 5928120, at *19 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

The defendant's motion for reconsideration does not meet this strict standard.  As an initial matter, the motion is untimely.  Local Criminal Rule 49.1(d) requires a motion for reconsideration to be filed within fourteen days of the Court's decision on the original motion.  I issued the order granting the government's motion for an anonymous and partially sequestered jury on October 8, 2020.  (ECF No. 79.)  The defendant filed his motion for reconsideration more than three months later, on January 26, 2021.  (ECF No. 87.)  This alone is reason for denial.  *See Scarsdale Cent. Serv. Inc. v. Cumberland Farms, Inc.*, No. 13-CV-8730, 2014 WL 2870283, at *3 (S.D.N.Y. June 24, 2014) (collecting cases).

Even if I were to consider the merits of the motion, the defendant has presented no new facts or controlling law that I overlooked in my earlier decision.  The defendant cites the same

cases he cited in his motion, and makes essentially the same argument: that his right to an "effective and meaningful *voir dire*" will be unfairly limited if he cannot comb through the social media accounts of prospective jurors. I rejected this argument in my October 8, 2020 order, and the defendant has presented no new facts or controlling law that would alter that determination. Nor has the defendant cited any law or facts that would lead me to change my ruling to preclude questioning the jurors about their home addresses or the identities of their employers.[1]

## CONCLUSION

Accordingly, the defendant's motion for reconsideration is denied.

**SO ORDERED.**

s/Ann M. Donnelly
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
February 8, 2021

---

[1] In my October 8th order, I did not preclude questioning about the jurors' neighborhoods. The government requested only that the jurors' addresses be kept confidential, not the general neighborhoods in which they live. (*See* ECF. No. 71 at 2.) Indeed, the jury questionnaire—which both parties drafted—includes questions about the jurors' counties of residence and their neighborhoods. (ECF No. 54.) Moreover, while I did preclude questions about the names of the jurors' employers, I did not preclude questions about the kind of work that they do. Like the questions about the jurors' neighborhoods, those questions are also included in the questionnaire.

3