**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

**UNITED STATES OF AMERICA,**

- against -                                                  19 CR 286 (S-3) (AMD)

**ROBERT SYLVESTER KELLY,**

## DEFENSE REQUESTS TO CHARGE

                                       Deveraux L. Cannick, Esq.
                                       AIELLO & CANNICK
                                       69-06 Grand Avenue
                                       Maspeth, NY 11378

The following are our requests/changes to the Request to Charge:

1. (n).    ***Defendant's Right Not To Testify***

Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to any defendant. A defendant never is required to prove that he is innocent. The right of the defendant not to testify is an important part of our Constitution.

As the Supreme Court has said, and I am quoting:

> *It is not everyone who can safely venture on the witness stand, though entirely innocent of the charge against him. Excessive timidity, nervousness when facing other and attempting to explain transactions of suspicious character, and offenses charged against him, will often confuse and embarrass to such a degree as to increase rather than remove prejudices against him. It is not everyone, however honest, who would therefore willingly be placed on the witness stand.*

It is for this reason that you may not attach any significance to the fact that the defendant did not testify. No adverse inference may be drawn against the defendant because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations.

Adapted from *Carter v. Kentucky,* 450 U.S. 288, 300 n. 15 (1981).

27. **Request Number 27 on page 74.**

This should be included:

The law shall "apply where someone "knowingly exposed [another] person to a venereal infection." Legislative Memorandum, 1946 New York State Legislative Annual, p. 191. Thus, to the extent that this section of law is enforceable, NYSDOH interprets it as inapplicable to individuals who have sexual intercourse where they either (1) do not know they are infected, or (2) do know they are infected and reveal that information to their consenting partners. Further, the Department interprets the law as only applying to individuals who knowingly expose another individual to an acute, bacterial venereal disease such as syphilis or gonorrhea. No changes have been made to the regulations in response to these comments.

Dated: Maspeth, New York
July 2, 2021

Respectfully submitted,

/s/_____
Deveraux L. Cannick, Esq.
Aiello & Cannick
69-06 Grand Avenue
Maspeth, NY 11378
718-426-0444