

U.S. Department of Justice

United States Attorney
Eastern District of New York

EAG/NS/MCM  
F. #2019R00029

271 Cadman Plaza East  
Brooklyn, New York 11201

July 6, 2021

<u>By Email and ECF</u>

The Honorable Ann M. Donnelly  
United States District Judge  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

      Re:    United States v. Robert Sylvester Kelly  
              <u>Criminal Docket No. 19-286 (S-3) (AMD)</u>

Dear Judge Donnelly:

      The government respectfully writes in opposition to (1) the defendant Robert Kelly's motion for temporary release pursuant to 18 U.S.C. § 3142(i); and (2) the defendant's motion for an adjournment of trial (ECF Dkt. Nos. 116, 119). The defendant cites two bases for his motion for temporary release: the need to prepare for trial and the risk of becoming seriously ill should he contract COVID-19. As set forth below, neither serves as a basis for temporary relief and the motion should be denied. With respect to his motion for an unspecified adjournment of trial, the defendant relies on his recent retention of Devereaux L. Cannick, Esq., as one of his attorneys in this matter and Mr. Cannick's need for additional time to review discovery with the defendant and prepare for trial. Because at least one of the defendant's attorneys has represented the defendant in this matter for almost two years, the government respectfully submits that an adjournment is not warranted and the motion should be denied.

I.      <u>Motion for Temporary Release</u>

      On August 2, 2019, after holding a detention hearing, the Honorable Steven Tiscione, Magistrate Judge in the Eastern District of New York ("EDNY"), entered a permanent order of detention against the defendant pending his trial. (See, e.g., ECF Dkt. No. 18 (minute entry reflecting denial of bail after detention hearing); ECF Dkt. No. 19 (Order of Detention)). During the hearing, Judge Tiscione found that, given (1) the nature of the charges against the defendant, which at that time spanned from 1997 to 2018, and included allegations of sexual abuse of minors, coercion of minors, and child pornography;

(2) the defendant's history of similar allegations; (3) the defendant's opportunity to flee given his access to financial resources; (4) the defendant's incentive to flee given the seriousness of the charges in this district and the Northern District of Illinois ("NDIL"); (5) the defendant's potential obstruction in his prior trial and the strong possibility of witness tampering if he were released; and (6) the fact that certain of the alleged crimes took place while the defendant was on bail during his previous trial, "the defendant cannot be relied upon to comply with the conditions of release." (Sept. 30, 2019 Det. Hrg. Tr. at 15-16). Judge Tiscione therefore concluded that "no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community" and ordered the defendant "to be detained pending trial." (Id. at 16). On October 2, 2019, after reviewing briefing on the issue and holding oral argument, this Court affirmed the order of detention. (See Oct. 2, 2019 Minute Entry (reflecting this Court's denial of the defendant's motion for release after discussion with the parties)).

Beginning on March 26, 2020, the defendant moved on several occasions for bail. Each of those motions was denied and the Second Circuit affirmed the denial of the last motion on September 8, 2020. The Second Circuit explained:

> We perceive no clear error in the district court's determination that the government has demonstrated by clear and convincing evidence that Kelly presents risk of a danger to the community and by a preponderance of the evidence that Kelly presents a flight risk, and, moreover, that no condition or combination of conditions could assure against those risks. Likewise, the court did not clearly err in determining that Kelly failed to demonstrate a "compelling reason" for temporary release. 18 U.S.C. § 3142(i). We assume that adequate opportunity for consultation with counsel will be assured as a matter of trial administration by the judges who will preside over the two trials.

United States v. Kelly, 20-1720, at 2 (2d Cir. Sept. 8, 2020).

A.   Applicable Law

Under the Bail Reform Act, 18 U.S.C. § 3142(i), a "judicial officer may, by subsequent order, permit the temporary release of [a] person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." Notably, "[t]his provision has been used sparingly to permit a defendant's release where, for example, he is suffering from a terminal illness or serious injuries." United States v. Hamilton, No. 19-CR-54-01 (NGG), 2020 WL 1323036, at *2 (E.D.N.Y. Mar. 20, 2020) (citations omitted).

B.   Analysis

There is no compelling basis to grant the defendant's motion for temporary relief.[1]  As an initial matter, the COVID-19 pandemic does not serve as a basis for his temporary release.  Indeed, the Second Circuit previously denied his release on this very ground and the Court remains bound by the circuit's denial of release.  Moreover, his argument that release is justified on account of the pandemic is even less compelling than it was when he made the same arguments that were rejected by the Second Circuit and this Court.  Unlike then, the defendant, along with many other inmates at the Brooklyn MDC, has now been fully vaccinated against COVID-19, significantly reducing the risks associated with COVID-19.

Nor is the defendant's current access to counsel a basis for temporary release.  As described in detail in the letter of Steven Greenberg, Esq., counsel has had ample opportunity to meet with the defendant to review the discovery provided pursuant to both Rule 16 and 18 U.S.C. § 3500.  See Letter of Steven Greenberg, Esq., to the Court, dated July 3, 2021 (ECF Dkt. No. 118).  The Chicago MCC facilitated FaceTime calls allowing the defendant and his attorneys to meet in two-hour increments three times a week.  In addition, while housed at the Chicago MCC, the defendant regularly met in person with his attorneys to review discovery and prepare for trial.  Moreover, as soon as the defendant is released from quarantine (which should occur on or about July 7, 2021), the defendant will have ample access to his counsel at the Brooklyn MDC.  Importantly, legal counsel at the Brooklyn MDC has confirmed that the defendant will not be subject to a further quarantine upon returning from any court proceedings and therefore counsel will be permitted to visit him at the Brooklyn MDC.  Second, legal counsel at the Brooklyn MDC has made clear that the defendant's attorneys will be permitted to visit him on a daily basis and will also be permitted to meet with him by video/teleconference ("VTC").[2]  In light of the representations

---

[1] In any event, the defendant has not posited an individual who would take custody of him should he be granted release and the government is not aware of anyone who could fulfil this role.

[2] The Brooklyn MDC has advised that lawyers may visit in person between 8 a.m. and 8 p.m., seven days a week, as frequently as they desire.  There is an online system for scheduling meetings, to be followed up by an email to a dedicated email address for booking legal visits at the MDC.  If attorneys need to book more than the hour block on the online schedule, such a need can be indicated in the booking email and will be accommodated.  Scheduled meetings occur in separate meeting rooms (which are booked by room number on the online schedule).  In addition, walk-in visits are available from 8 am to 12 pm, which visits usually occur in the common area for attorneys with last-minute matters.  Finally, lawyers may also communicate with the defendant through VTC calls.

by legal counsel at the Brooklyn MDC and in the absence of any information to the contrary, the defendant's motion should be denied.

II.     Motion for Adjournment of Trial

The defendant was arrested on July 11, 2019 following the return of an indictment by a grand jury in the Eastern District of New York ("EDNY"). On February 9, 2021, the Court scheduled trial to commence on August 9, 2021. (ECF Minute Entry dated Feb. 9, 2021). Thereafter, on April 19, 2021, attorney Nicole Blank Becker, Esq., moved pro hac vice to represent the defendant in the EDNY matter (ECF Dkt. No. 95), and on June 22, 2021, attorney Devereaux L. Cannick, Esq., filed a notice of appearance to represent the defendant. (ECF Dkt. No. 113). Both Ms. Becker and Mr. Cannick's notices were filed well after - and with full awareness of - the Court having scheduled trial to commence on August 9, 2021.

The defendant is thus currently represented by five attorneys, although two of them have moved to withdraw following the defendant's apparent termination of them. In support of his motion for an adjournment, one of the defendant's attorneys – Mr. Cannick – cites that he was retained on June 21, 2021 and needs additional time to review discovery with the defendant and prepare for trial. To the extent Mr. Cannick relies on the defendant's quarantine status and alleged expected difficulties meeting with him at the Brooklyn MDC, as set forth above, those concerns are not warranted. First, the defendant will have concluded his quarantine status by July 8, 2021 and the MDC has confirmed that he (and all other inmates) will no longer be subject to further quarantine upon returning from any court proceedings. Mr. Cannick – as well as the defendant's other attorneys – will therefore have ample opportunity to meet with the defendant in person seven days a week, if they so choose (in addition to their ability to communicate with him via phone and VTC calls).

Moreover, because at least one of the defendant's attorneys has represented the defendant in this matter for almost two years (see Notice of appearance by Thomas A. Farinella, Esq., dated August 2, 2019 (ECF Dkt. No. 20)), the government respectfully submits that an adjournment based on Mr. Cannick's recent appearance in this matter is not warranted. As Mr. Cannick concedes, he "was aware of the trial date" before agreeing to join the defense team. ECF Dkt. No. 119 at 1. Indeed, during a court appearance on June 17, 2021 when Ms. Becker raised the prospect of an additional attorney joining the defense team, the Court made clear that such an addition would not be a basis for an adjournment of trial. See June 17, 2021 Curcio Hrg. Tr. at 55-56 ("I'm not sure if you're asking for an adjournment. I don't think you are. But I set this trial date some time ago and I know Mr. Kelly wants a speedy trial. I believe I tried to set a trial date in January. So I'm not moving the trial date. . . . And if there is another lawyer who wants to join in the defense, that's entirely up to you and Mr. Kelly."). In these circumstances, an adjournment is particularly inappropriate where, as here, the charges against the defendant involve identified victims who also have an interest in prompt resolution of the charges against the defendant. See 18 U.S.C. § 3771(a)(7) (crime victims have the "right to proceedings free from unreasonable delay").

III.	Conclusion

        For the reasons stated herein and in the government's prior submissions related to the defendant's detention and history of obstruction, the defendant's fourth emergency motion for release, as well as his motion for an adjournment of trial, should be denied.

        Respectfully submitted,

        JACQUELYN M. KASULIS
        Acting United States Attorney

By:    /s/
        Elizabeth Geddes
        Nadia Shihata
        Maria Cruz Melendez
        Assistant U.S. Attorneys
        (718) 254-6430/6295/6408