# AIELLO CANNICK
Your rights • Our business

Robert J. Aiello
Deveraux L. Cannick

Jennifer Arditi

**Of Counsel**

John S. Esposito
Anthony J. Rattoballi

69-06 Grand Avenue
Maspeth, New York 11378
(718) 426-0444, Fax (718) 803-9764
Email: info@aiellocannick.com

July 23, 2021

**VIA ECF**
Honorable Ann M. Donnelly
United States District Court Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    **United States v. Robert Kelly, 19-286 (S-1)(AMD)**

Dear Judge Donnelly:

    The defense respectfully submits this letter brief in opposition to the Government's motion *in limine* which requests that the Court "(1) permit the Victim-Witnesses to testify using a pseudonym or their first names only; (2) limit references to each of the Victim-Witnesses in open court to their pseudonyms or first names only; and (3) prevent public disclosure, via cross-examination or otherwise of the Victim-Witnesses' respective addresses, names of family members or exact place of employment, if any." Motion. ECF Doc. No. 121. For the reasons set forth more fully below, the defense consents to Jane Doe(s) #2 and #3 being referred to by their first name and strenuously objects to the Government's application regarding Jane Doe #5.

### Response to Gov. Motion in Limine – Jane Doe #5 Identity

<u>The identity of Jane Doe #5 is necessary for the in-and-out-of-court investigation.</u>

    The Supreme Court has long recognized a defendant's right to confront government witnesses with questions regarding identifying information, such as their true names, addresses, and employers. In *Smith v. Illinois*, 390 U.S. 129 (1968), a prosecution witness testified under a false name and the defense was prevented from eliciting the true name and address on cross-examination. The Supreme Court overturned the conviction on the ground that the name and address of a witness are necessary for a defendant's in-and out-of-court investigation.

In this case, the disclosure at a public trial of the identities of the witnesses against Mr. Kelly is essential for a thorough investigation of the witnesses. Accordingly, defense counsel should be permitted to inquire into the witnesses' true identities during cross examination. *See Alford v. United States*, 282 U.S. 687 (1931) ("Cross examination of a witness is a matter of right. Its permissible purposes, among others, are that the witness may be identified with his community so that independent testimony may be sought and offered of his reputation for veracity in his own neighborhood.") (citations omitted).

<u>The identity of Jane Doe #5 is essential as it directly bears on the witness' credibility, bias, and prejudice.</u>

Additionally, the identifying information of Jane Doe #5 must be presented to the jury as the evidence bears on the witness' credibility. In *Alford*, the Supreme Court reversed a defendant's conviction because, *inter alia*, the district court impermissibly prevented defense counsel from obtaining the address of a prosecution witness – information the Supreme Court held went directly to the witnesses' credibility, bias, and prejudice. 282 U.S. 687, 691 (1931). As in *Alford*, in the instant matter, Jane Doe #5's identity goes to the heart of her credibility.

Specifically, as the Government mentioned in its motion, Jane Doe #5 has spoken publicly about some of her experiences with Mr. Kelly. Gov. Motion. ECF Doc. No. 121 p.11. In fact, Jane Doe #5 has already revealed her identity to the public through press and by discussing her relationship with Mr. Kelly. The defense submits that Jane Doe # 5 has conducted numerous interviews regarding Mr. Kelly and has participated in several documentaries which were made available for public distribution. For example, in late 2020, Jane Doe #5 conducted an interview with a FOX station in which she discussed Mr. Kelly. At the present time, there are ten (10) or more videos available on YouTube of Jane Doe #5 discussing Mr. Kelly. There are also several videos available on the internet of Jane Doe #5 appearing by herself or with her father in which Mr. Kelly is discussed. The parents of Jane Doe #5 have also conducted various media interviews, including an interview in 2019 with "CBS This Morning." In addition, Jane Doe # 5 has conducted several "Instagram Live" sessions in which she discusses Mr. Kelly. Some of those "Instagram Live" sessions have been recorded and appear on YouTube or are readily accessible on the internet. Therefore, the need to keep her identity anonymous has been directly undermined by her own actions. Further, the fact that Jane Doe #5 has spoken out publicly and, in fact, published a book about her experiences with Mr. Kelly bears directly on her credibility as a witness. Enabling defense counsel to elicit her identity and this information regarding her public announcements which vary from her in court testimony would provide information that is relevant to the jury's deliberations as to her credibility and is essential to the defense.

<u>Permitting Victim-Witness' to Testify Under Pseudonyms Impermissibly Undermines the Presumption of Innocence</u>

The government also seeks an Order permitting the Victim-Witnesses to testify under pseudonyms. However, if the government's witnesses are permitted to conceal their true names, then the Court would be sending a clear message to the jury that this case requires special protective measures for government witnesses. The average juror who has seen any amount of

television or movies or previously has been on a jury will know that it is unusual for a witnesses' identity to be concealed. The jury likely will infer that the Court has implemented these extra precautions because the women testifying are uniquely vulnerable, the defendant is particularly dangerous, or both. In short, anonymous witnesses will interfere with the jury's ability to provide Mr. Kelly with his presumption of innocence during the course of his trial.

In this regard, government's request for anonymous witnesses is comparable to a request for an anonymous jury. In such cases, because the Second Circuit has recognized that the use of an anonymous jury undermines the presumption of innocence, it has cautioned district courts that the decision to empanel an anonymous jury must "receive close judicial scrutiny and be evaluated in the light of reason, principle and common sense." *United States v. Thomas*, 757 F.2d 1359, 1363 (2d Cir. 1985). The same standard should be applied here and, accordingly, the Court should deny the government's request for the witnesses' anonymity.

Therefore, based on the foregoing, the defense consents to Jane Doe(s) #2 and #3 being referred to by their first name and strongly objects to and opposes the Government's application regarding Jane Doe #5.

Respectfully submitted,

By: /s/ Deveraux L. Cannick
*Attorney for Robert Kelly*
Aiello & Cannick
69-06 Grand Avenue
Maspeth, New York 11378
Telephone: (718) 426-0444
Facsimile: (718) 803-9764

/s/ Calvin H. Scholar
*Attorney for Robert Kelly*
The C.H. Scholar Law Firm, P.L.L.C.
225 Broadway, Suite 715
New York, New York 10007
Telephone: (212) 323-6922
Facsimile: (212) 323-6923

TO:

AUSA Elizabeth A. Geddes
AUSA Nadia I. Shihata
AUSA Maria Cruz Melendez
United States Attorney
Eastern District of New York