UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
\------------------------------------------------------------- X
                        :

**UNITED STATES**,                    :

        – against –          :   **MEMORANDUM**

                        :   19-CR-286 (AMD)

**ROBERT SYLVESTER KELLY**,  :

        Defendant.     :

\------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

Before the Court is a request by twelve media outlets (the "Press Organizations")[1] that the Court "permit a pool of six reporters to attend the trial in person in the actual courtroom." (ECF No. 132 at 1.) The Press Organizations acknowledge that they, as well as members of the public, will be able to view the proceedings from two overflow rooms, but argue that anything short of permitting their reporters to sit in the courtroom amounts to an impermissible closure. For the reasons that follow, the request is denied.

The COVID-19 pandemic has posed unique challenges to the work of this Court, as it has to courts around the country. The Eastern District of New York has risen to these challenges, resuming in-person proceedings, including trials, while taking steps to ensure the safety of the public and courthouse personnel. After consultation with experts, the Chief Judge issued a series of Administrative Orders and implemented safety measures in the courthouse, including temperature checks, symptom screening, a mask requirement and social distancing.[2] Courtrooms

---

[1] American Broadcasting Companies, Inc., The Associated Press, Buzzfeed News, CBS Broadcasting Inc. on behalf of CBS News and WCBS-TV, Cable News Network, The Daily Beast, Dow Jones & Company (publisher of the *Wall Street Journal*), NBCUniversal, The New York Times Company, NYP Holding, Inc. (publisher of the *New York Post*), Vox Media LLC and The Washington Post.

[2] *See* Eastern District of New York, Administrative Order 2020-22 (Aug. 5, 2020), available at https://img.nyed.uscourts.gov/files/general-ordes/Admin%20Order%202020-

have been reconfigured to meet these needs.  As a consequence, jurors no longer sit in the jury box, as they did before the pandemic, but in the gallery, which previously was occupied by the public, including members of the press.  Social distancing protocols require that the jurors be spaced out in the gallery, leaving no room for the public.  It would be inappropriate to seat the jurors with members of the public, including reporters, even if there were adequate space.  That is especially true in this case, where the jury will be anonymous and partially sequestered.  (*See* ECF No. 79.)

While the pandemic does not permit seating the public in the courtroom, the Eastern District has preserved the right of access to criminal trials by establishing alternative ways to view the trial.  In this case, the Court has established two overflow rooms with monitors, which will display a live video and audio feed of the proceeding.  The Press Organizations argue that this arrangement is not satisfactory, citing technical glitches in other trials, or the possibility that a reporter might not be able to see the reactions of the defendant, witnesses, jurors or the judge.  (ECF No. 132 at 3.)  But even a seat in the courtroom does not guarantee that there never will be a technical problem, or that observers will have unobstructed views of every participant in the trial.

To the extent that this measure is a partial limit on public access, it is warranted by the Eastern District's "overriding interest" in ensuring public safety during a global health pandemic.  *See Press-Enter. Co. v. Superior Ct. of California, Riverside Cty.*, 464 U.S. 501, 510 (1984).  This Court has both an interest and an obligation to "[p]rotect[] the public from unnecessarily

---

22.Entry%20Restrictions_0.pdf.  As reflected in the Chief Judge's most recent Administrative Order, the recent resurgence of COVID-19 infections due to the Delta variant underscores the continuing importance of these measure.  *See* Eastern District of New York, Administrative Order 2021-04-5 (July 28, 2021), available at https://img.nyed.uscourts.gov/files/general-ordes/AdminOrder2021-04-5.pdf.

spreading a potentially fatal virus." *United States v. Huling*, No. 19-CR-00037, 2021 WL 2291836, at *2 (D.R.I. June 4, 2021).  This interest is particularly important for the jurors, who will be coming to the courthouse for the duration of the trial.

Finally, the Court's measures—making two overflow rooms available to the public and the press—are narrowly tailored to the interest in ensuring public safety, including the safety of the jurors.  The Eastern District's COVID-19 safety protocols are "consistent with those recommended by leading public health officials and medical experts throughout the country." *United States v. Trimarco*, No. 17-CR-583, 2020 WL 5211051, at *4 (E.D.N.Y. Sept. 1, 2020).  Although spectators may not be able to view the trial from inside the courtroom because of the social distancing required of trial participants and jurors, the feed in the overflow rooms will be in real-time.  Moreover, even in non-pandemic times, courtrooms are physically limited spaces; it is often the case that spectators are unable to sit in the courtroom, and must instead go to an overflow room.  There is no reasonable alternative to the protocols adopted by this District.[3]

                                                  s/Ann M. Donnelly
                                                  ANN M. DONNELLY
                                                  United States District Judge

Dated: Brooklyn, New York
       July 28, 2021

---

[3] The right of access to criminal trials exists irrespective of the perceived importance of a particular case.  Accordingly, I do not address the Press Organizations' argument that the nature of this case warrants an exception to the Eastern District's COVID safety protocols.