UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
=============================================X
UNITED STATES OF AMERICA,                       19-CR-286 (S-3)

      -against-

ROBERT SYLVESTER KELLY,
   Also known as "R. Kelly,"

      Defendant.
=============================================X

# MEMORANDUM OF LAW IN OPPOSITION OF THE GOVERNMENT'S MOTION IN LIMINE TO ADMIT CERTAIN UNCHARGED ACTS

Thomas A. Farinella
Nicole Blank Becker
Attorneys for the Defendant
Robert S. Kelly
260 Madison Avenue, 8th Floor
New York, New York 10016

**PRELIMINARY STATEMENT**

Mr. Kelly respectfully submits this memorandum in opposition to the government's motion in limine to admit at trial evidence of certain acts by Mr. Kelly. This evidence of certain acts offered in the government's motion are unequivocally inadmissible under the Federal Rules of Evidence because the government's request is untimely, not relevant and if permitted will cause severe prejudice to Mr. Kelly of which such prejudice outweighs the probative value. Therefore, if the Court does not deny the government's motion Mr. Kelly's constitutional rights will be violated as well as his right to a fair trial.

**I.    LACK OF TIMELINESS BY THE GOVERNMENT IN PRODUCING THE OTHER ACTS WITNESSES**

**A.    Timeliness of the "other acts" evidence**

Understanding that the government in many federal criminal cases request permission of the court for the use of 404(b) evidence of an accused's extrinsic acts, of which is viewed as an important asset in the government's case against an accused. This fact comes with the understanding that certain time limits will be adhered to, so as to not prejudice the defense. The 2020 amendments to Rule 404(b) contains additional notice requirements placed on the government in a criminal case.

Rule 404(b), Federal Rules of Evidence, requires the prosecution to provide reasonable notice of any other-crimes evidence the prosecutor intends to offer at trial. The notice is to be in advance of trial. *See* Rule 404(b)(3). Additionally, per Rule 404(b), the government must not only identify the evidence that it intends to offer pursuant to the rule but also articulate a non-propensity purpose for which the evidence is offered and the basis for concluding that the evidence is relevant in light of this purpose.

Effective December 1, 2020, Rule 404(b)'s notice requirement was moved to the new Rule 404(b)(3) and made mandatory. *See Authors' Comments* 404(b)(4) and 4040(b)(11). The amendment to Rule 404(b) makes clear what notice is required. The pretrial notice must be in writing—which this requirement is satisfied by notice in electronic form. *See* Rule 101(b)(6). Requiring the notice to be in writing provides certainty and reduces arguments about whether notice was actually provided. The government did provide notice in writing per Rule 404(b).

The part of the 404(b) rule that was not followed by the government is the fact that notice must be provided before trial in such time as to allow the defendant a fair opportunity to meet the evidence, unless the court excuses that requirement upon a showing of good cause. *See* Rules 609(b), 807, and 902(11). Advance notice of Rule 404(b) evidence is important so that the parties and the court have adequate opportunity to assess the evidence, the purpose for which it is offered, and whether the requirements of Rule 403 have been satisfied—even in cases in which a final determination as to the admissibility of the evidence must await trial. The good cause exception applies not only to the timing of the notice as a whole but also to the timing of the obligations. See Rule 404(b).

The government must articulate a non-propensity purpose for requesting Jane Doe's and John Doe's testimony in order to be properly admitted and the reasoning supporting that purpose. Oftentimes, the gathering of such information and the formulation of such theories takes a lengthy period of time. The defense should be granted an equal amount of time as the government when it comes to formulating arguments against their requests. Under the current schedule before the Court, the defense is prejudiced by the timing of notice given by the government.

The government filed their notice with the Court to *Admit Certain Uncharged Acts* on July 23, 2021. July 23, 2021 is only 16 days prior to jury selection which is considered the start of jury

trial. Mr. Kelly was afforded a mere 7 days to respond to the "other-acts" motion of which the government has not revealed any of the Jane Doe's or John Doe's identities. Not only is the defense responsible for answering the government's "other acts" motion filed on July 20, 2021, but the government also filed an additional lengthy Motion in limine *to admit certain evidence and preclude certain evidence,* also with short notice. On the exact same day, the government supplied additional 3500 material to the defense, all of which require a thorough analysis prior to trial.

It is impossible for the defense to properly defend Mr. Kelly when the filing of the government's notice has not been provided in such time as to allow the defendant a fair opportunity to meet the evidence. Given the nearness of trial, the defense is not given ample amount of time to ensure an adequate opportunity to assess the evidence, the purpose for which the evidence is offered, and whether the requirements of Rule 403 have been satisfied are not. Therefore, the defense believes it is appropriate for the Court to dismiss the government's motion in its entirety.

Assuming arguendo, the Court is not willing to deny the government's motion to *Admit Certain Uncharged Acts* based on a lack of advanced notice to the defense, the defense requests each of the requested "other acts" by the government be denied by the Court.

**B. Jury Questionnaire**

The final jury questionnaires were due in June of 2021. The jury questionnaires were approved by both the government and the defense. On July 26, 2021, the distribution of the jury questionnaires took place. Post the jury questionnaire having been sent out, the government filed their "other acts" motion. The "other acts" motion references two John Does that the government requests to call as 404(b) witnesses. The two John Does alledge to have had a same-sex relationship with Mr. Kelly.

3

The questionnaires sent to the potential jurors on Mr. Kelly's case are void of a single question about their opinions or feelings on same-sex relationships. The topic of sexual orientation has become as controversial as politics. This topic would have been ripe for questioning in the jury questionnaire. Thus, failure to include such questions violates Mr. Kelly's constitutional right to a fair trial.

Because the government has had access to all of the evidence in Mr. Kelly's case for over two years, there is no question that they were aware of the John Doe's allegations long before the Jury Questionnaires were finalized. Despite possessing this information, there was never any mention by the government that this controversial topic would potentially be part of Mr. Kelly's trial. The defense was blindsided. Therefore, given the serious nature of the government's proposed allegations by the John Doe's and a lack of transparency in an effort to address the jury pool on this issue alone, should bar the government's request to introduce any evidence concerning the John Doe's.

A written jury questionnaire should propound questions that are balanced to aid in the selection of a fair and impartial jury. *United States v. Wilson*, 493 F. Supp. 2d 397, 403 (E.D.N.Y. 2006))[Q]uestions may be proper [and] indeed necessary[] if they deal with subject matter that would demonstrate impermissible bias on the part of a juror." *Id.* at 404-05 (citing *United States v. Fell*, 372 F. Supp. 2d 766, 770 (D. Vt. 2005)). There is no question that the only purpose for which government seeks to introduce evidence from the John Doe's is purely salacious and sensational reasons.

It is indisputable that the allegations of the alleged same-sex relationships is a subject matter that would demonstrate impermissible bias on the part of a juror. The failure to include any questions about this specific and unique subject matter for the potential jurors to respond to makes

4

the selection of a fair and impartial jury impossible.  Therefore, Mr. Kelly respectfully requests that the Court deny the government's motion in its entirety.  The failure to do so would result in his constitutional right to a fair trial and an impartial jury will be violated.

## II.      ARGUMENT

The Federal Rules of Evidence governs the admissibility of evidence of prior or subsequent "bad acts" evidence of "crimes, wrongs, or acts" other than those charged in the indictment. *See* Fed. R. Evid. 404(b). The Federal Rules of Evidence further prohibit admission of evidence of other crimes, wrongs, or acts to prove the character of a person in order to show action in conformity therewith. *Id.* Additionally, Rule 404(b) prohibits the admission of such evidence if it proves the character of a person to show his propensity to commit the charged act, but permits its admission for other purposes. *Id.* "Other act" evidence serves a proper purpose so long as it is not offered to show the defendant's propensity to commit the offense. *United States v. Curley*, 639 F.3d 50, 2011 U.S. App. LEXIS 8442, 85 Fed. R. Evid. Serv. (Callaghan) 233. The Federal District Court of New York  follows the "inclusionary" approach, which admits all "other act" evidence that does not serve the sole purpose of showing the defendant's bad character and that is neither overly prejudicial under Rule 403 nor irrelevant under Rule 402. *United States v. Pascarella,* 84 F.3d 61, 69 (2d Cir. 1996). Even under this approach, however, district courts should not presume that such evidence is relevant or admissible. *United States v. Halper,* 590 F.2d 422, 432 (2d Cir. 1978).

To satisfy the relevance inquiry, the evidence must be "sufficiently similar to the conduct at issue to permit the jury reasonably to draw from that act the [state of mind] inference advocated by the proponent of the evidence." *United States v. Peterson*, 808 F.2d 969, 974 (2d Cir. 1987). The district court must consider all the evidence presented to the jury and determine whether a

5

reasonable jury could find the advocated inference. *Huddleston*, 485 U.S. at 690; *United States v. Ramirez*, 894 F.2d 565, 569 (2d Cir. 1990). The court abuses its discretion if the evidence is "not sufficiently similar" to the charged conduct or if "the chain of inferences necessary to connect [the] evidence with the ultimate fact to be proved [is] unduly long." *Peterson*, 808 F.2d at 974 (internal quotation marks omitted).

If the evidence is relevant, the district court must determine if its potential for unfair prejudice substantially outweighs its probative value. *See* Fed. R. Evid. 403. The evidence's probative value "depends largely on whether or not there is a close parallel between the crime charged and the acts shown." *United States v. Gordon*, 987 F.2d 902, 908 (2d Cir. 1993) (internal quotation marks omitted).

Evidence is unfairly prejudicial when "it tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence." *United States v. Massino*, 546 F.3d 123, 132 (2d Cir. 2008) (internal quotation marks omitted)). If the other acts tend to prove a fact not in issue or "to excite emotions against the defendant," they create a prejudicial effect. *United States v. Figueroa*, 618 F.2d 934, 943 (2d Cir. 1980). The district court abuses its discretion when it admits "other act" evidence with a high possibility of jury misuse but with only slightly more probative value than other evidence on the same issue. *See McCallum*, 584 F.3d at 477.

Permitting the introduction of "other crimes" evidence (particularly in a criminal case) poses the danger that the jury will view it as reflecting on the party's character and reach a verdict because it has concluded that the party is a bad person deserving of punishment. *United States v. Linares*, 367 F.3d 941, 945–46 (D.C. Cir. 2004). Protection against such a danger comes from four sources: (1) from adherence to the command of Rule 404(b) that such evidence may be admitted

6

only for a non-character purpose; (2) from the relevancy requirement embraced in Rule 402; (3) from Rule 403; and (4) from the use of limiting instructions. *Huddleston v. United States,* 485 U.S. 681, 691–92, 108 S.Ct. 1496, 1502 (1988). *See United States v. Gomez,* 763 F.3d 845, 860–61 (7th Cir. 2014) (discussing proper instruction). The requirement that other crimes evidence may be admitted only for a non-character purpose means that proponents of such evidence "must do more than conjure up a proper purpose—they must also establish a chain of inferences no link of which is based on a propensity inference." *United States v. Smith,* 725 F.3d 340, 345 (3d Cir. 2013); *United States v. Gomez,* 763 F.3d 845, 856, 860 (7th Cir. 2014)

If the Court is so inclined to add an appropriate limiting instruction the following must be considered. Although the law presumes that juries follow limiting instructions, *United States v. Snype*, 441 F.3d 119, 129 (2d Cir. 2006), these instructions only minimize the evidence's prejudicial effect, *United States v. Figueroa,* 618 F.2d 934, 943 (2d Cir. 1980). A limiting instruction "does not invariably eliminate the risk of prejudice notwithstanding the instruction." *Id*.

Case law in this circuit is clear, Judge William Pauley, who has been lauded for his fairness as jurist in the *U.S. v. Daugerdas*, held, "Fed.R.Evid. 404(b) requires the Government to provide Defendants with "reasonable notice" of any extrinsic "acts" evidence it intends to offer at trial. While Defendants requested Rule 404(b) disclosure on February 5, 2010, the Government did not disclose its intent to offer evidence on the MLD transaction until it produced its exhibit list on January 17, 2011. This Court has cautioned the Government repeatedly about the need to cabin its proof and provide advance disclosure of the transactions to be offered at trial. *Given the magnitude of this case, Defendants cannot adequately prepare to rebut evidence related to the MLD transaction with approximately one month remaining before trial. See* Fed.R.Evid. 404(b)

7

advisory committee's note, 1991 Amendment ("The amendment to Rule 404(b) adds a pretrial notice requirement in criminal cases and is intended to reduce surprise and promote early resolution on the issue of admissibility."). Accordingly, the Government is precluded from introducing any evidence relating to the MLD transaction." *U.S. v. Daugerdas* 2011 WL 573587. This Court should mirror the ruling, "pgiven the magnitude" of this case, which is indisputable, and conclude that Mr. Kelly would suffer irreparable prejudice if the government's motion is granted with less than "one month remaining before trial."

Similar to the case at bar, the defense was not given "reasonable notice" of any extrinsic "acts" evidence until *less than* 30 days before trial. Given the magnitude of this case, just like in *Daugerdas,* Mr. Kelly cannot adequately prepare to rebut the evidence of additional allegations made by 13 Jane Does and 2 John Does. Accordingly, the defense requests the Court preclude the government from introducing any "other acts" evidence and deny the government's motion in its entirety.

### III. OPPOSITION TO THE GOVERNMENT'S REQUEST TO ENTER EVIDENCE OF THE DEFENDANT'S OTHER ACTS

There are thirteen Jane Does and two John Does, whose identities are still confidential. The Court must determine admissibility of their proposed testimony by the government. None of the names of the Jane Does or John Does have been disclosed to the defense. Without disclosure of their names it is merely impossible to adequately respond to the government's motion, especially given the fact that Mr. Kelly and defense have had a mere 7 days to respond. The standard for pretrial disclosure of witnesses is "whether a specific showing of need for disclosure by the defendant outweighs a specific showing of need for concealment by the government." *See United States v. Goldman,* 439 F. Supp. 337, 350 (S.D.N.Y. 1977); *United States v. Cannone*, 528 F.2d 296, 302 (2d Cir. 1975).

The Jane Does in the government's "other acts" motion are no less important than the Jane Does and John Does in the superseding indictment. A single Jane Doe or John Doe that is allowed to testify against the defendant must be met with the same rigorous cross-examination throughout the trial as Jane Does #1-6. Therefore, without the knowledge of the identity of the Jane and John Doe's with whom the defense is entitled to thoroughly cross-examine, the defense is at a disadvantage when it comes to adequately preparing and effectively defending Mr. Kelly at trial. More importantly, it is impossible for the defense to make effective arguments necessary to combat the introduction of each 404(b)-witness proposed by the government when the defense is in the dark as to the identities of the Jane and John Doe'.

**A.     Jane Doe #1, a Minor**

The government seeks to introduce evidence regarding Mr. Kelly's alleged sexual abuse of Jane Doe #1 to prove his motive for engaging in Racketeering Act One, bribery. The defense believes the evidence the government seeks to admit lack's reliability, eviscerates Mr. Kelly's Sixth Amendment right to confront his accusers and should be excluded for prejudice and/or confusion under Rule 403.

Mr. Kelly has a right to confront his accusers, this right is a right which is guaranteed in the Confrontation Clause of the Sixth Amendment of the United States Constitution. *Crawford v. Washington*, 541 U.S. 36, 43, 124 S. Ct. 1354, 1359, 158 L. Ed. 2d 177, 187, 2004 U.S. LEXIS 1838, 72 U.S.L.W. 4229, 63 Fed. R. Evid. Serv. (Callaghan) 1077, 17 Fla. L. Weekly Fed. S 181. Testimonial statements of witnesses absent from trial are admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine. *Id.* Per Rule 804, hearsay exceptions, a declarant is unavailable if he or she is "unable to be present or to testify at the hearing because of death or then existing physical or mental illness or infirmity."

9

In the government's motion, representations are made that "sexual abuse" of Jane Doe #1 occurred at the hands of Mr. Kelly. The government asserts that, "While Jane Doe #1 was still a minor, Kelly began a sexual relationship with her and, in August 1994, when Jane Doe #1 was 15 years old, Kelly believed Jane Doe #1 had become pregnant." There is absolutely no physical proof, nor circumstantial proof, that any of these allegations put forth by the government are true. Jane Doe #1 is unable to testify that any of the above allegations are true, they are merely accusations that assist in forming the government's narrative. First, due to the unfortunate passing away of Jane Doe #1 on August 25, 2001, she is legally unavailable. Second, the defendant has never had a prior opportunity to cross-examine Jane Doe #1 prior to her passing away. Therefore, the additional information the government seeks to introduce regarding Jane Doe #1 is nothing more than conjecture and an effort to further shape their narrative.

In the government's last attempt to be granted permission to get their narrative in regarding Jane Doe #1, the government wrote, "Given Jane Doe #1's age, the bribery charged in Racketeering Act One was necessary to effectuate the marriage." This sentence alone, may be appropriate for jurors to hear when attempting to prove the bribery charge, the rest is an effort to support their narrative with no actual evidence to support such prejudicial allegations.

Lastly, Rule 403 does not support the evidence coming in. Rule 403 Stands for the premise that the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

If the government somehow proves the evidence they wish to admit is relevant, the allegations made regarding Jane Doe #1 and Mr. Kelly still should not be allowed in because their

probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues and misleading the jury. *See* Rule 403.

### B. Sexual Abuse Allegations of Jane Doe 7 through Jane Doe 20

In the event this Court is prepared to allow Jane Doe 7 through Jane Doe 20 to testify, the defense vehemently objects. It is the defense's position that without knowing the names of Jane Doe 7 through Jane Doe 20, the defense cannot effectively show the Court why each and every Jane Doe should be stricken. If the names of the Jane Does are revealed to the defense, the defense would certainly be able to promulgate the proper response for objecting to their introduction under the law.  However, given the time restraints in the trial schedule and with only 10 days left until the trial begins the government should be rewarded for its untimely and late disclosure.More importantly, the Court should consider all of the reasons stated above in denying the government's motion as to Jane Doe 7 through Jane Doe 20.

### C. Sexual Abuse Allegations of John Doe 1 and John Doe 2

The argument for striking John Doe 1 and John Doe is first executed under the "Timeliness of the other acts evidence" at the beginning of this motion. The second argument for why the John Doe 1 and John Doe 2 should be stricken as 404(b) witnesses is the same argument as stated regarding the Jane Does. Without knowledge of the names of John Doe 1 and John Doe 2, the defense cannot effectively show the Court why each of the John Does should be stricken. If the names of the John Does are revealed to the defense, the defense would certainly be able to promulgate the proper response for objecting to their introduction under the law. However, given the time restraints in the trial schedule and with only 10 days left until the trial begins the government should be rewarded for its untimely and late disclosure.  More importantly, the Court

11

should consider all of the reasons stated above in denying the government's motion as to John Doe 1 and John 2.

## IV. CONCLUSION

For the reasons set forth above, the government's motion in limine should be denied.

Dated: New York, New York
      July 30, 2021

                                    Respectfully submitted,

                                      /s/Thomas A. Farinella
                                    Thomas A. Farinella
                                    Nicole Blank Becker
                                    Attorneys for the Defendant
                                    Robert S. Kelly
                                    260 Madison Avenue, 8th Floor
                                    New York, New York 10016
                                    Tel:  (917) 319-8579