

U.S. Department of Justice

United States Attorney
Eastern District of New York

EAG/NS/MCM
F.#2019R00029

271 Cadman Plaza East
Brooklyn, New York 11201

August 2, 2021

**TO BE FILED UNDER SEAL**     **\*\*PUBLIC REDACTED VERSION\*\***

By ECF

The Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   United States v. Robert Sylvester Kelly
              Criminal Docket No. 19-286 (AMD) (S-3)

Dear Judge Donnelly:

      The government respectfully submits this reply to the defendant's memorandum of law in opposition to the government's July 23, 2021 motion in limine to admit certain evidence and preclude other evidence and arguments at trial (hereinafter "Def. Opp."). For the reasons stated herein and in the government's original memorandum, the motion should be granted.

I.    **Evidence Regarding Victims' Sexual Behavior With Anyone Other Than the Defendant and Others at his Direction Should Not Be Admitted**

      The defendant's response to the government's motion to preclude cross-examination or the introduction of evidence regarding victim's sexual behavior with anyone other than the defendant or others at his direction is nonsensical, makes no effort to comply with the requirements of Fed. R. Evid. 412, and contradicts the very reasons for the Rule's existence. First, to be clear, the government does not seek to preclude or limit cross-examination or evidence regarding the victims' sexual interactions with the defendant or with others at the defendant's direction. (See Def. Opp. at 1 ("The Government has failed to provide any justification for excluding evidence of the witnesses' sexual conduct during the charged period—whether with the defendant or others.")). The government will elicit information from victims regarding sexual acts with the defendant and, where applicable, with others at the defendant's direction. The defendant may, of course, cross-examine the victims as to such testimony. This does not mean, however, that he may "stray into areas

barred by Rule 412(a)." United States v. Thompson, 178 F. Supp. 3d 86, 94 (W.D.N.Y. 2016). Indeed, proving cases involving sexual misconduct "necessarily requires the government to introduce evidence . . . of the sexual behavior underlying crimes charged in the indictment. If the introduction of that evidence opened the door to the introduction of 'other sexual behavior' evidence, Rule 412(a) would serve no purpose." Id.

Second, while the defendant claims that his opposition "is submitted per Rule 412(c)(1) noticing the intent of the defense to elicit certain relevant evidence," id. at 2, he fails to comply with that rule. Rule 412 requires that

> [i]f a party intends to offer evidence under Rule 412(b), the party must:
>
> (A) file a motion that <u>specifically describes the evidence and states the purpose for which it is to be offered</u>;
> (B) do so at least 14 days before trial unless the court, for good cause, sets a different time;
> (C) serve the motion on all parties;
> (D) notify the victim, or when appropriate, the victim's guardian or representative.

Fed. R. Evid. 412(c)(1) (emphasis added).[1] The defendant provides no such specific description. (See Def. Opp. at 2 (indicating, without any valid explanation, that "[a]t this time, the defense cannot catalogue specific facts we intend to elicit")). Instead, the defendant simply asserts that unspecified evidence of unspecified victims' sexual predisposition and behavior with others unrelated to the defendant is somehow relevant because some of the charges "allege some form of coercion and/or force on the defendant's part." (Def. Opp. at 1). By its terms, however, Rule 412 applies to "criminal proceeding[s] involving alleged sexual misconduct," including those involving allegations of coercion or force. Fed. R. Evid. 412(a). Conclusory assertions that victims will purportedly "open the door" to such cross-examination and evidence in their direct testimony (Def. Opp. at 2) do not negate or alter the requirement that the defendant comply with Rule 412.

Indeed, the unspecified, general evidence the defendant apparently seeks to admit regarding victims' sexual histories is precisely the sort of evidence that Rule 412 was designed to preclude. As the Second Circuit has made clear, "[t]he very purpose of [Rule 412] is to preclude defendants from arguing that because the victim previously consented to

---

[1] The rule also requires that the Court conduct an <u>in camera</u> hearing before admitting evidence under this rule and give the victim and parties the right to attend and be heard. Fed. R. Evid. 412(c)(2).

2

have sex . . . her claims of coercion should not be believed." United States v. Rivera, 799 F.3d 180, 185 (2d Cir. 2015).

Nor does the exclusion of such unspecified evidence violate the defendant's constitutional rights. Although a criminal defendant has a "right to present [his] version of the facts . . . to the jury so it may decide where the truth lies[, i]t does not follow . . . that a criminal defendant has a right to offer evidence that is irrelevant to the Government's charges." Thompson, 178 F. Supp. 3d at 91 (internal quotation marks and citations omitted) (citing Washington v. Texas, 388 U.S. 14, 19 (1967) and Taylor v. Illinois, 484 U.S. 400, 410 (1988)). Evidence that a victim has engaged in sexual acts with others, unrelated to the defendant, does not make it more or less probable that the defendant used force or coercion to engage in sexual acts with any particular victim. Cf. Taylor, 178 F. Supp. 3d at 92 ("[W]hether the victims 'engaged in acts of prostitution before or after their [alleged] encounters with [the Defendant] . . . would only prove other people may be guilty of similar offenses of recruiting, enticing, or causing these victims to engage in a commercial sex act.'") (citing United States v. Elbert, 561 F.3d 771, 777 (8th Cir. 2009)) (emphasis in original).

Nor has the defendant explained how a specific victim's sexual history is relevant to any alleged bias or credibility of that victim. While the "Confrontation Clause guarantees a criminal defendant the right to cross-examine government witnesses at trial," United States v. Figueroa, 548 F.3d 222, 227 (2d Cir. 2008), trial judges nonetheless "retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986). In this way, the Confrontation Clause "guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." Delaware v. Fensterer, 474 U.S. 15, 20 (1985) (emphasis in original). Exclusion of cross-examination regarding irrelevant sexual acts does not violate a defendant's Sixth Amendment right to confront witnesses at trial. Rivera, 799 F.3d at 185-86 (finding preclusion of cross-examination as to "irrelevant" prior acts of commercial sex did not violate defendant's Confrontation Clause rights); United States v. Cephus, 684 F.3d 703, 708 (7th Cir. 2012) (finding exclusion of cross-examination of victim-witness regarding prior acts of prostitution did not violate the Confrontation Clause because the evidence was irrelevant to the charged sexual misconduct); United States v. Valenzuela, 495 F. App'x 817, 819-20 (9th Cir. 2012) (per curium) (same); United States v. Overton, 2017 WL 6347084, at *6-8 (W.D.N.Y. Dec. 13, 2017) (finding evidence of acts of prostitution outside the indictment's time period were irrelevant to the charged conduct and therefore Rule 412 exclusion did not violate Confrontation Clause); Thompson, 178 F. Supp. 3d at 93-94 (same). Any alleged "unchastity of a victim has no relevance whatsoever to the victim's credibility as a witness." Elbert, 561 F.3d at 777 (citations and brackets omitted).

The defendant has made no attempt to specify what purported sexual behavior or sexual predisposition he intends to elicit or cross-examine witnesses on or coherently explain how such evidence is relevant. Indeed, he does not even specify which witnesses he intends to cross-examine about such matters. In these circumstances, the government's motion should be granted.

II. The Government Does Not Seek to Admit Evidence of Religious Beliefs or Experiences

As the Court is aware, the government moved to preclude the defendant from cross-examining Witness #1 regarding his religious beliefs or experiences described in a book published by Witness #1 in 2011. (See Mot. at 5-8). In his opposition, the defendant has apparently misconstrued the government's motion as one that seeks admission of testimony from Witness #1 regarding his religious experiences and the defendant sounding "demonic." (Def. Opp. at 4). The government has no intention of eliciting any such testimony. As a result, the defendant should be precluded from cross-examining Witness #1 regarding these matters for the reasons set forth in the government's motion.

III. The Defendant Should Not Be Permitted to Reference Prior Psychological Histories



IV. The Defendant Should Be Precluded from Making Legally Irrelevant and Prejudicial Arguments Regarding the Parents of Certain Victims

The government moved to preclude cross-examination and the introduction of evidence or argument that parents of any victims "consented" to the defendant's having sex with those victims while they were underage. (Mot. at 11-13). The defendant appears to concede that any such alleged "consent" is not a defense to the charges. Instead, he argues that the conduct of the parents in allegedly seeking to profit from or extort the defendant is relevant because "[p]resumably, the Government intends to elicit testimony from the witnesses regarding a lack of access to their parents or the concern that the parents demonstrated for the witnesses or actions that the parents made to connect to a child." (Def. Opp. at 6). The government does not intend to elicit from its witnesses any testimony regarding their parents' concerns for them or actions the parents took to "connect" with their

children. The government will, however, elicit testimony regarding the defendant's efforts to monitor and otherwise limit Jane Doe #5's communications with her parents. Such testimony regarding the defendant's actions does not render the conduct of any parent of a victim legally relevant to the charges at issue. As a result, the motion should be granted.

V. Evidence Regarding Specific Instances of the Defendant's Good Conduct Should Be Precluded

In opposing the government's motion to preclude the admission in evidence of prior instances of the defendant's good conduct, including awards and honors received in connection with his career as an entertainer (Mot. at 13-15), the defendant mischaracterizes the breadth of the government's motion. Contrary to the defendant's assertions, the government does not seek to preclude background testimony by the defendant, should he choose to testify, regarding his employment or personal circumstances. Nor does the government seek to preclude the defendant from offering "evidence of the defendant's pertinent [character] trait" pursuant to Fed. R. Evid. 404(a)(2)(A). Instead, the government's motion relates to the manner in which such evidence may be admitted and seeks to preclude the admission of evidence regarding specific instances of the defendant's prior good conduct – i.e., specific prior good acts – such as testimony or evidence regarding specific awards or honors received in the course of the defendant's career or employment, or specific acts of charity.

Rule 405 specifically sets forth the manner in which "a person's character or character trait," where admissible, "may be proved" and limits the manner of proof to "testimony about the person's reputation or by testimony in the form of an opinion." Fed. R. Evid. 405(a). Rule 405(b) further makes clear that evidence of "relevant specific instances of" a person's conduct may only be used to prove a person's character or character trait when the character or character trait "is an essential element of a charge . . . ." Fed. R. Evid. 405(b). Put simply, the defendant's character or character trait is not an essential element of any of the charged crimes.[2] As a result, the only permissible manner in which he may prove a pertinent character trait is pursuant to Rule 405(a) – by reputation or opinion testimony – not specific prior good acts. See United States v. Doyle, 130 F.3d 523, 542 (2d Cir. 1997) (proof of defendant's specific acts inadmissible under Rule 405(b) because character was not an element of any of the charged crimes).

---

[2]   Moreover, as the Second Circuit has made clear, a defendant cannot simply claim that specific good deeds should be admitted to disprove knowledge or intention, which are elements of most crimes, because to do so would make "the exception of Rule 405(b) . . . swallow the general rule of 405(a) that proof of specific acts is not allowed." United States v. Doyle, 130 F.3d 523, 542 (2d Cir. 1997).

5

The defendant's reliance on United States v. Han, 230 F.3d 560 (2d Cir. 2000) (see Def. Opp. at 7), is therefore inapposite. While affirming the conviction in Han, the Second Circuit found harmless error in the district court's exclusion of testimony as to the defendant's reputation as a law-abiding citizen who does not exploit others." 230 F.3d at 564. Similarly, the character evidence at issue in United States v. Pujana-Mena, consisted of testimony about the defendant's "reputation in his community as an honest and law-abiding person," not any specific prior good acts. 949 F.2d 24, 26 (1991). Evidence of such specific prior good conduct should be precluded.

VI.    Evidence Regarding Jane Doe #8's Subsequent Employment Is Irrelevant

In his opposition, the defendant makes absolutely no showing that Jane Doe #8's employment as an exotic dancer years after the defendant had sexual intercourse with her when she was 17 years old is at all relevant. Nor could he. Instead, he simply states – without any explanation – that her subsequent employment "is admissible for proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." (Def. Opp. at 9). Absent any showing of relevance, the government's motion should be granted.

VII.    Certain Text Messages by Jane Doe #5 and Relating to Jane Doe #5 Should Be Admitted

The defendant summarily asserts that "from a plain reading of the text messages [the government seeks to admit], the messages would 'open the door' to the very same evidence that the Government is attempting to preclude" and asks that the Court "allow the defense latitude in cross-examination to explore the many topics included in the text messages such as sexual behavior, psychological issues, and certain actions of witnesses' parents." (Def. Opp. at 10). In so saying, the government assumes that the defendant is referring to the text messages between Jane Doe #5 and Jane Doe #5's mother (and not other text messages the government seeks to admit). Even if so, the defendant has not explained – and cannot explain – how those text messages open any door to cross examination. Rather, the text messages show only that Jane Doe #5 recounted to her mother nearly in real time statements of the defendant, as Jane Doe #5 will testify.

The defendant suggests that prior consistent statements are admissible only to rebut a recent motive of fabrication and not simply to rehabilitate a witness. He is wrong. As an initial matter, he ignores that prior consistent statements are expressly permitted to rebut an express or implied charge that the declarant … acted from a recent improper influence or motive in so testifying." Fed. R. Evid. 801(d)(1)(B)(i). Moreover, the defendant neglects to mention that Rule 801(d)(1)(B) was amended in 2014, expressly permitting prior consistent statements for the purpose of rehabilitation where a witness's credibility was attacked (see Fed. R. Evid. 801(d)(1)(B)(ii) (adding that prior consistent statements are admissible "to rehabilitate the declarant's credibility as a witness when

6

attacked on another ground")), and therefore the caselaw cited by the defendant, all before the amendment, is inapposite.

VIII. The Court Should Admit Jane Doe #5's Electronic Note

The government seeks to admit an electronic note written by Jane Doe #5 on August 30, 2018, that contains the defendant's statements to her. See Mot. at 34-35. Jane Doe #5 will testify regarding the circumstances of those statements and the note. As indicated in the motion, the defendant's statements as contained in the note are highly probative of the defendant's commission of the forced labor offense as to Jane Doe #5. The value of such highly probative evidence is not substantially outweighed by a danger of unfair prejudice. See Fed. R. Evid. 403. Indeed, it is direct evidence of the crime. See United States v. Curley, 639 F.3d 50, 57 (2d Cir. 2011) (noting that for evidence to be unfairly prejudicial under Rule 403, it must "tend[ ] to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence").

IX. The Admission of Certain Newspaper Article Is Warranted Under Rule 803(16)

As clearly set forth in its motion, the government seeks to admit newspaper articles from 1994 for the following purposes: to show that (1) the defendant performed in Macon, Georgia on August 30, 1994, in Albany, Georgia on August 31, 1994 and in Miami, Florida on September 2, 1994, and (2) Witness #1 was in fact the defendant's tour manager on August 31, 1994. There is nothing "circular" or "confusing" about the intended use of such articles. (Def. Opp. at 12). Such evidence is relevant for the reasons stated in the government's motion and is admissible pursuant to Fed. R. Evid. 803(16) and 902(6).

X. Sealing

The government requests that the Court permit the government to file both a sealed and a redacted public version of this motion. The redacted version will redact certain content from the publicly-filed version of this motion that details medical and other private matters of certain witnesses. See United States v. Amodeo, 71 F.3d 1044, 1050-51 (2d Cir. 1995) (privacy interests of third parties may be compelling reason justifying sealing).

7

XI. <u>Conclusion</u>

   For the reasons set forth above, and in the government's July 23, 2021 memorandum, the government's motion <u>in</u> <u>limine</u> should be granted.

                Respectfully submitted,

                JACQUELYN M. KASULIS
                Acting United States Attorney

          By:  /s/
                Elizabeth A. Geddes
                Nadia I. Shihata
                Maria Cruz Melendez
                Assistant U.S. Attorneys
                (718) 254-7000

cc:  Clerk of Court (AMD) (by ECF)
    All Counsel (by ECF and E-Mail)