UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
========================================X
UNITED STATES OF AMERICA,                              19-CR-286 (S-3)

      -against-

ROBERT SYLVESTER KELLY,
    Also known as "R. Kelly,"

              Defendant.
========================================X

# MEMORANDUM OF LAW IN SUPPORT OF
# ROBERT S. KELLY'S MOTION TO DISMISS

                              Thomas A. Farinella
                              Nicole Blank Becker
                              Attorneys for the Defendant
                              Robert S. Kelly
                              260 Madison Avenue, 8th Floor
                              New York, New York 10016

## PRELIMINARY STATEMENT

Mr. Kelly respectfully submits this memorandum of law in support of his pre-trial motion to dismiss in advance of trial in this matter, which is scheduled to commence on August 18, 2021. This motion seeks to dismiss the predicate acts alleged in Count 1, numbers 12 and 14, as well as the Mann Act violations alleged in Count 6 through Count 9 and in Count 1 Racketeering Act 1, Racketeering Act 2, Racketeering Act 3, Racketeering 7, Racketeering Act 10 and dispute the venue in the third superseding indictment filed on March 13, 2020, pursuant to the Rule 12(b)(2) of the Federal Rules of Criminal Procedure ("FRCP").

## BACKGROUND

Mr. Kelly is charged, in the third superseding indictment of racketeering, in violation of Title 18, United States Code, § 1962(c) in Count 1, and violations of the Mann Act in Counts 2 through 9. The predicate acts alleged in Count 1, numbers 12 through 14, as well as the Mann Act violations alleged in counts 6 through 9, all rely upon two New York statutes, New York Public Health Law ("PHL") § 2307 and New York Criminal Penal Law ("CPL") § 120.20. Additionally, Mr. Kelly asserts the affirmative defense of the statute of limitations with regard to Count 1 racketeering act 1 pursuant to Illinois Criminal Code Sections 5/33-1(a) and 5/5-1. Under the Illinois criminal code section ("ILCS") 720 ILCS 5/3-6 there is a three-year statute of limitation for the above-mentioned section and Count 1 racketeering act 3 which alleges the violation of Illinois Criminal Code Sections 5/10-1 and 5/5-1. Under the Illinois criminal code section 720 ILCS 5/10-1, 720 ILCS 5/10-2 there is a three-year statute of limitation for the above-mentioned section. Mr. Kelly also seeks dismissal of Count 1 racketeering act 2, racketeering act 7 and

racketeer act 10.  Mr. Kelly has previously filed a Motion to Strike the Count related to the New York Public Health Law ("PHL") § 2307 which relied on the PHL § 2307 as unconstitutional. ("ECF No. 42).  This motion is distinguishable from the previous motion because Mr. Kelly is asserting that the acts alleged should be dismissed pursuant to 12(b)(2) Federal Rules of Criminal Procedure.

**ARGUMENT**

I.  **Legal Standard**

Although *Rule 12(b) of the Federal Rules of Criminal Procedure* does not explicitly authorize the pretrial dismissal of an indictment on sufficiency-of-the-evidence grounds, several Circuit Courts have upheld such a dismissal where, in the absence of a government objection, the material facts were undisputed and only an issue of law remained. *See e.g., United States v. Phillips*, 367 F.3d 846 (9th Cir.), cert. denied, 543 U.S. 980, 125 S. Ct. 479, 160 L. Ed. 2d 358 (2004); United States v. Hall, 20 F.3d 1084 (10th Cir. 1994); *United States v. Levin*, 973 F.2d 463 (6th Cir. 1992); *United States v. Risk*, 843 F.2d 1059 (7th Cir. 1988). Other Circuit Courts, including the Second Circuit, have recognized that a district court can adjudge the sufficiency of the evidence before trial where the government has made a full proffer of evidence or where there is a stipulated record. See e.g., *United States v. DeLaurentis,* 230 F.3d 659 (3d Cir. 2000); *United States v. Alfonso,* 143 F.3d 772 (2d Cir. 1998).

Consistent with this rule, the courts have fashioned the following standards to govern a pretrial motion challenging the sufficiency of an indictment. Courts regard an indictment "'sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy

defense.'" *United States v. Todd,* 446 F.3d 1062, 1067 (10th Cir.2006) (quoting *United States v. Dashney,* 117 F.3d 1197, 1205 (10th Cir.1997)). A sufficiency challenge does not allow a court to question the strength of the government's case or its evidence, for the indictment " 'should be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true.' " *Id.* (quoting *United States v. Hall,* 20 F.3d 1084, 1087 (10th Cir.1994)). For the court "[o]n a motion to dismiss an indictment, the question is not whether the government has presented sufficient evidence to support the charge, but solely whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense." *Id.* (citing *United States v. Sampson,* 371 U.S. 75, 78–79, 83 S.Ct. 173, 9 L.Ed.2d 136 (1962); *Hall,* 20 F.3d at 1087). To this general rule, the Tenth Circuit has recognized a narrow exception:

> "In "limited circumstances," however, this Court has held that a district court may "dismiss charges at the pretrial stage ... where the operative facts are undisputed and the government fails to object to the district court's consideration of those undisputed facts in making the determination regarding a submissible case." *Hall,* 20 F.3d at 1088. Pretrial dismissal based on undisputed facts is a determination that "as a matter of law, the government is incapable of proving its case beyond a reasonable doubt." *Id.* Dismissal in this manner is the "rare exception," not the rule. *Id.* Dismissals under this exception are not made on account of a lack of evidence to support the government's case, but because undisputed evidence shows that, as a matter of law, the Defendant could not have committed the offense for which he was indicted. *United States v. Todd,* 446 F.3d at 1068.

Simply put, this case fits this "rare exception" if the operative facts are not in dispute, if the government does not offer a reasonable objection to the court's inquiry into the evidence, and if the defendant seeks dismissal not because the evidence is lacking but because the undisputed evidence shows he could not have committed the offense as charged. There is no reasonable objection regarding the evidence because it is undisputed that PHL § 2307 does not include herpes.

II. **Herpes Is Not An Acute, Bacterial Venereal Disease Such As Syphilis or Gonorrhea Therefore It Does Not Fall Under PHL § 2307 And The Relating Counts Should Be Dismissed As A Matter of Law**

  A. **New York State Department Of Health And The World Health Organization**

A new regulation which affected minors' consent to HIV-related services was enacted on February 9, 2017, and Section 23.1 and 23.2 of Title 10 of the Official Compilation of Codes Rules and Regulations of the State of New York were amended.[1] As a result of this amendment the New York State Department of Health ("NYSDOH") issued a Regulatory Impact Statement.[2] The Regulatory Impact Statement included a section titled Assessment of Public Comments. The "Comments were received from health care providers that provide treatment to patients who are HIV-positive, community-based organizations and government agencies." One of the comments is that "some commenters expressed concern that the proposed regulation could have the *effect of making it a misdemeanor under PHL §2307 for HIV-positive individuals to have sexual intercourse in some circumstances*." In response to the comment the NYSDOH stated "it is not aware of any instance of an individual being charged with a misdemeanor under Public Health Law ("PHL) § 2307." The NYSDOH further commented and explained:

> "Notably, PHL § 2307 was added in 1943 to prevent the spread of diseases such as *syphilis* and *gonorrhea* to members

---

[1] https://www.health.ny.gov/facilities/public_health_and_health_planning_council/meetings/2017-02-09/docs/16-26.pdf

[2] This citation comes directly from the NYSDOH and is part of the new regulation which affected minors' consent to HIV-related services. New York State law allows minors to consent to HIV-related prevention services, including PEP, just as they can consent to other reproductive or sexual health-related services. *See* Sections 23.1 and 23.2 of Title 10 of the Official Compilation of Codes, Rules and Regulations of the State of New York *See* Ex. A pp. 15-16.

>of the military during World War II. According to the legislative history, the law was amended in 1946 to apply where someone "knowingly exposed [another] person to a *venereal infection*." Legislative Memorandum, 1946 New York State Legislative Annual, p. 191. Thus, to the extent that this section of law is enforceable, NYSDOH interprets it as inapplicable to individuals who have sexual intercourse where they either (1) do not know they are infected, or (2) do know they are infected and reveal that information to their consenting partners. *Further, the Department interprets the law as only applying to individuals who knowingly expose another individual to an acute, bacterial venereal disease such as syphilis or gonorrhea.* No changes have been made to the regulations in response to these comments." *See* **Exhibit A** pp. 15-16.

Based on the analysis of the NYSDOH, which responded to a commenter, who is a medical health provider, expressed concerns that the proposed regulation could have the *effect of making it a misdemeanor under PHL §2307 for HIV-positive individuals to have sexual intercourse in some circumstances*." The NYSDOH's response was to assuage the concern and stated, "the Department interprets the law as only applying to individuals who knowingly expose another individual to *an acute, bacterial venereal disease such as syphilis or gonorrhea."* The World Health Organization (WHO) classifies Herpes (HSV-1 and HSV-2) as *viruses,* not an *acute, bacterial venereal disease* such as syphilis or gonorrhea.[3] As a result of the WHO classification that herpes is not an *acute, bacterial venereal disease* such as syphilis or gonorrhea, therefore the Court should dismiss those counts which are related to the PHL. To allow the government to move forward with those counts would be to allow a clear mischaracterization and interpretation of the application of the statute, considering the statute clearly does not incorporate herpes. It is unequivocal that this law was passed to prevent exposure to *an acute, bacterial venereal disease*

---

[3] https://www.who.int/news-room/fact-sheets/detail/herpes-simplex-virus

*such as syphilis or gonorrhea* and not herpes. Therefore, as a matter of law and factual impossibility, the Court must dismiss all the counts in the inditement that allege a violation of PHL § 2307.

> **B.  The Legislature Passed the PHL 2307 Law In 1943; The Law Was Amended In 1946; It Was Not Until 1967 That Scientists Created The Concept Of "Genital Herpes" Therefore, When PHL 2307 Was Enacted, The Legislature Did Not Intend Or Intend Herpes or Genital Herpes To Be Covered Under The Law**

As a matter of law, the government is incapable of proving its case beyond a reasonable doubt as to Count 1 numbers 12 and 14 as well as the Mann Act violations alleged in Count 6 through Count 9. First, the statute the government is attempting to use does not apply to herpes. The statute provides that "[a]ny person who, knowing himself or herself to be infected with an infectious venereal disease, has sexual intercourse with another shall be guilty of a misdemeanor." In *Plaza v. Estate of Wisser,* the Court clearly stated that, "While the Public Health Law does not define the term venereal disease, it clearly-although not explicitly--excludes HIV infection from that category." (*In re Plaza v Estate of Wisser*, 1995 N.Y. App. Div. LEXIS 8778 [1st Dept Aug. 10, 1995, M-2700/M-2915]). The NYSDOH as stated above issued a clear bright line clarification of what the intention of the law was when it was passed, "*Further, the Department interprets the law as only applying to individuals who knowingly expose another individual to an acute, bacterial venereal disease such as syphilis or gonorrhea.*" Therefore, it is indisputable, as cited by the Center for Disease Control ("CDC"), that herpes as it is alleged in the indictment, is not included under this statute. Moreover, "it wasn't until 1967 that scientists first distinguished between the HSV-1 and HSV-2 types, effectively creating the concept of "genital herpes."" The PHL has not

been modified since 1946, twenty-one years before the concept of genital herpes was even created. If the Court permits this statute to apply in this case there is no limit to the government's power to charge people with HIV of the same crime.[4]

### III. The Alleged Conduct Does Not, As A Matter of Law, Constitute Reckless Endangerment

In this case the government is unable to support a conviction for reckless endangerment as a matter of law. It is necessary to understand the New York Penal Code for reckless endangerment which encompasses two key elements: 1) reckless behavior and 2) substantial risk of serious physical injury. *People v Hayes*, 2018 N.Y. Misc. LEXIS 4136, 2018 NY Slip Op 51350(U), 61 Misc. 3d 1203(A), 110 N.Y.S.3d 794, 2018 WL 4609013.

#### A. Reckless Endangerment

In New York, "a person is guilty of reckless endangerment in the second degree when he or she recklessly engages in conduct which creates a substantial risk of serious physical injury to another person." *Penal Law § 120.20*. The question becomes as to whether the actions described in the accusatory instrument "establish, if true, every element of the offense charged and the defendant's commission thereof" as required by *CPL § 100.40(1)(c)*. Defense counsel respectfully submits that the information is insufficient because it fails to describe reckless conduct that would present a substantial risk of serious physical injury.

Case law is clear that, "reckless endangerment ... is defined in terms of the risk produced by defendant's conduct, not intent, and *factual impossibility eliminates the risk essential to*

---

[4] https://www.jimmunol.org/content/99/5/974

*commission of the crime....*" (*People v. Davis*, 72 NY2d 32, 37, 526 N.E.2d 20, 530 N.Y.S.2d 529, 532 [1988]). In fact, the actions of the defendant, as described, do not meet the "gross deviation from the standard of conduct" principle established for recklessness by CPL § 15.05 (3). *People v Centola*, 2018 N.Y. Misc. LEXIS 4226, 2018 NY Slip Op 51369(U), 61 Misc. 3d 1205(A), 110 N.Y.S.3d 797, 2018 WL 4689396. In the instant case the Defendant is charged with reckless endangerment in which the charged conduct is adult, consensual sexual intercourse. Therefore, the conduct of consensual adult intercourse is what must be considered in this case with regard to this particular charge. As the case above states, "factual impossibility eliminates the risk essential to commission of the crime," because permitting the government to proceed with a reckless endangerment charge based on adult, consensual sexual intercourse would be in direct contravention of the law.

1. **Reckless Behavior**

Another reason the reckless endangerment charge fails, as *Centola* cites, pursuant to *Penal Law § 15.05(3)* states as follows, a person acts recklessly with respect to a result or to a circumstance described by a statute defining an offense when he or she is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation. In this case if the reckless endangerment charge is permitted this would endanger every person who engages in adult consensual sexual intercourse. Essentially, the law requires that the risk connected to a reckless endangerment charge must demonstrate, a "gross-deviation from the standard of conduct that a reason person would observe in the situation," and permitting this charge

to stand would be tantamount to criminalizing adult, consensual, sexual intercourse. The statute and case law are not designed to criminalize behavior that is unequivocally legal. Therefore, the reckless endangerment charge should be dismissed.

**2.      Substantial Risk of Serious Physical Injury**

Pursuant to *Penal Law § 10.00(10)*, "Serious physical injury' means physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ." Another reason why this Court should dismiss the reckless endangerment charge is because adult consensual sexual intercourse is between two consenting adults whereby engaging in such activity usually does not lead to a serious physical injury which would create a risk of death. Again, if the Court failed to dismiss the reckless endangerment charge it would create the potential to criminalize other legal conduct. As the Court in *Centola* held, "nevertheless, information charging *reckless* endangerment in the second degree, by their very nature, are fact specific, and said facts must be evaluated on a case-by-case basis in determining sufficiency. But the allegations must amount to more than a mere supposition that the actions of a defendant could cause a serious physical injury." *Id.* This holding further affirms that the charge of reckless endangerment in this case must be dismissed. There is nothing in the allegations that alleged the defendant caused serious physical injury. Therefore, the Court must dismiss the reckless endangerment charge.

**IV.      Count 1 Racketeering Act 1 and Racketeering Act 3, Should Be Dismissed Because The Alleged Violations Of Law Are Made Outside The Statute Of Limitations And Is Based On Undisputed Facts Which Is A Determination That As A Matter Of Law, The Government Is Incapable Of Proving Its Case Beyond A Reasonable Doubt**

The allegations contained in Count 1 racketeering act 1, racketeering act 3, racketeering act 5 should be dismissed because the alleged violations of law occurred outside the proscribed statutory period of time such claims could be made.

Count 1 racketeering act 1, bribery, asserts the violation of Illinois Criminal Code Sections 5/33-1(a) and 5/5-1.  Under the Illinois criminal code section 720 ILCS 5/3-6 there is a three-year statute of limitation for the above-mentioned section.  The alleged act is to have occurred on August 30, 1994.  The allegation in this complaint was made on or about Match 13, 2021.  This is clearly well beyond the three-year statute of limitations.  Therefore, Count 1 racketeering act 1 should be dismissed.

Count 1 racketeering act 3, Count 1 racketeering act 1, kidnapping, asserts the violation of Illinois Criminal Code Sections 5/10-1 and 5/5-1.  Under the Illinois criminal code section 720 ILCS 5/10-1, 720 ILCS 5/10-2 there is a three-year statute of limitation for the above-mentioned section.  The alleged act is to have occurred in or about and between 2003 and 2004.  The allegation in this complaint was made on or about Match 13, 2021.  This is clearly well beyond the three-year statute of limitations.  Therefore, Count 1 racketeering act one should be dismissed.

**V.     Count 1, Racketeering Act 2, Racketeering Act 7 And
         Racketeering Act 10 Should Be Dismissed Based On
         Undisputed Facts Which Is A Determination That As
         A Matter of Law, The Government Is Incapable Of
         Proving Its Case Beyond A Reasonable Doubt**

Count 1 racketeering act 2, racketeering act 7 and racketeer act 10 which include the allegation that certain Jane Doe's, "engaged in sexually explicit conduct for the purpose of producing one or more visual depictions of such conduct…". In, *U.S. v. Broxmeyer*, the Court held that, "to secure a conviction for production of child pornography, government must prove beyond a reasonable doubt that: (1) the victim was less than 18 years old, (2) the defendant used, employed, persuaded, induced, enticed, or coerced the minor to take part in sexually explicit conduct for the purpose of producing a visual depiction of that conduct, and (3) the *visual depiction* was produced using materials that had been transported in interstate or foreign commerce. 18 U.S.C.A. § 2251(a). *U.S. v. Broxmeyer*, 616 F.3d 120 (2010). However, there is no evidence that visual depictions exist. Therefore, as a matter of law and because it is impossible to find the Mr. Kelly of these allegations should be dismissed.

<u>Venue</u>

It is clearly established that "where the venue is challenged on a pre-trial motion to dismiss, the government's burden is limited to showing that the indictment alleges facts sufficient to support the venue." *United States v. Peterson,* 357 F. Supp. 2d 748, 751 (S.D.N.Y. 2005). Mr. Kelly is seeking dismissal of Count 1, numbers Twelve and Fourteen, as well as the Mann Act violations alleged in Count 6 through Count 9 which are the only alleged acts in the third superseding indictment that occurred within the Eastern District of New York. If the Court grants Mr. Kelly's motion it is respectfully submitted that the Eastern District of New York would not be an

appropriate venue.  As Courts have held the "government bears the burden of proving, by a preponderance of the evidence, that venue exists." *Id.*  If the only acts that have actually been alleged in the third superseding indictment to have taken place within the Eastern District of New York are dismissed then the government cannot prove, by a preponderance of the evidence, that venue properly exists in the Eastern District of New York.

## **CONCLUSION**

For the foregoing reasons, Mr. Kelly respectfully asks this Court to grant his motion to dismiss in its entirety.


Dated: New York, New York
       August 8, 2021


                                              By:    */s/ Thomas A. Farinella*
                                                        Thomas A. Farinella
                                                        Nicole Blank Becker
                                                        Counsel for Robert S. Kelly