**LAW OFFICE OF THOMAS A. FARINELLA, P.C.**     260 Madison Avenue, 8th Fl.
New York, NY 10016
Tel: (917) 319-8579
Fax: (646) 349-3209
www.lawtaf.com

**Thomas A. Farinella**
tf@lawtaf.com

August 11, 2021

**BY ECF**

Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    United States v. Robert Sylvester Kelly
               Criminal Docket No. 19-286 (S-3) (AMD)

Dear Judge Donnelly:

    Counsel for Mr. Kelly respectfully submits the following reply to the government's opposition to admit other acts. (See Ltr. of Elizabeth Geddes to the Court dated August 9, 2021 (ECF Docket Entry No. 162) ("Gov't Supp. Ltr.")). For the reasons set forth in his supplemental filing Mr. Kelly submits that the Court should preclude the evidence related to Jane Doe # 7, Jane Doe # 9, Jane Doe # 11, Jane Doe # 12, Jane Doe # 14 and Jane Doe # 15.

**1.    EVIDENCE RELATING TO JANE DOE #11**

    The Government seeks to enter Jane Doe #11's testimony "to prove that the defendant, in fact, had herpes as early as 2003." The government plans to do so by introducing 'statements' by Jane Doe #11 that "after she asked [Mr. Kelly] whether he had any sexually transmitted diseases (STDs), that she thereafter contracted herpes and "she told the defendant she believed she got it from him." The government is attempting to back door evidence of whether or not Mr. Kelly did in fact have herpes by relying on a lay witness's opinion.

    Further, the government seeks to support the fact that Jane Doe #4 claims to have contracted herpes from Mr. Kelly in 2009 because Mr. Kelly already had herpes in 2003, based on Jane Doe # 11's testimony. By allowing such testimony in, by a lay person, as proof that Mr. Kelly had herpes in 2003, would be to circumvent the requirement of having an expert testify as to whether or not Mr. Kelly had herpes.

In particular, Rule 701(c), which prohibits testimony from a lay witness that is "based on scientific, technical, or other specialized knowledge," is intended "to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." Fed. R. Evid. 701 advisory committee's note to 2000 amend.; see also *Bank of China*, 359 F.3d at 181. *United States v. Rigas*, 490 F.3d 208, 224, 2007 U.S. App. LEXIS 12096, *41, Fed. Sec. L. Rep. (CCH) P94, 342, 73 Fed. R. Evid. Serv. (Callaghan) 691. Therefore, Jane # 11's testimony should not be admitted at trial.

**2.    EVIDENCE RELATING TO JANE DOE #12**

There is no substantive response in the government's opposition to the supplemental letter filed by Mr. Kelly, which amounts to a concession, by the government regarding Jane Doe #12. As stated in Mr. Kelly's previous filing, Jane Doe #12 is deceased. Therefore a deceased person cannot authenticate any proof of entering into a settlement agreement with Mr. Kelly and therefore the government's request to permit evidence relating to Jane Doe #12 should be denied. If this evidence is permitted it would be in contravention of the Court's decision that certain uncharged acts would be permitted only if they were admissible under the Federal Rules of Evidence ("FRE"). Therefore, this evidence should be precluded.

The government seeks to admit evidence regarding certain settlement agreements to use the fact that Mr. Kelly settled cases as proof of the supposed enterprises' means and methods which is a pure perversion of the law and the exact purpose for which rule 408 exists. The fact that Mr. Kelly entered into certain settlements with Jane Joe #11 and Jane # 12 undermines the reality that they chose to enter into the settlement, it ignores that they were represented by counsel, and presumably, their lawyers advised them of the consequences of signing the agreements. If the Court allows said evidence then Mr. Kelly should be entitled to call the lawyers as witnesses. The government is trying to use these settlements to establish criminal culpability as to certain alleged acts by the Jane Does (this would be improper testimony elicited from the Jane Does) which will unequivocally confuse and mislead the jury.

If the Court were to admit this evidence it would send a chilling effect to any future settlements because it would undermine the purpose for which parties enter settlements. Therefore, even if the Court were to determine this evidence to be relevant it should be precluded, pursuant to FRE 403, where "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." This evidence confuses the issues, would be misleading to the jury, and would be unfairly prejudicial because the government's position would only lead the jury to the conclusion that because Mr. Kelly settled a civil action he is guilty of the allegation as to Jane #11 and Doe # 12 as well as the related allegations in the indictment.

**III.    EVIDENCE RELATING TO JANE DOE # 7, JANE DOE # 9, JANE DOE # 14 AND JANE DOE #15 SHOULD NOT BE ADMITTED**

Mr. Kelly respectfully requests that the Court rely on the supplement filing (ECF Docket Entry No. 156) as to the evidence relating to Jane Doe # 7, Jane Doe # 9, Jane Doe # 14 and Jane Doe # 15.

    For the reasons described in Mr. Kelly's supplemental filing, he respectfully submits that the evidence related to Jane Doe # 7, Jane Doe # 9, Jane Doe # 11, Jane Doe # 12, and Jane Doe #15.

Dated: New York, New York
       August 11, 2021

                                        By:    */s/ Thomas A. Farinella*
                                                     Thomas A. Farinella
                                                     Nicole Blank Becker
                                                     Counsel for Robert S. Kelly

cc:    Clerk of Court (AMD) (by ECF)
        All counsel of record (by ECF)