

U.S. Department of Justice

United States Attorney
Eastern District of New York

EAG/NS/MCM
F. #2019R00029

271 Cadman Plaza East
Brooklyn, New York 11201

August 13, 2021

<u>By ECF</u>

Honorable Ann M. Donnelly
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   United States v. Robert Sylvester Kelly
            <u>Criminal Docket No. 19-286 (S-3) (AMD)</u>

Dear Judge Donnelly:

      The government respectfully submits this letter response in opposition to the defendant's motion to dismiss filed on August 9, 2021 ("Def. Mot."). <u>See</u> ECF Docket No. 159. The defendant moves, purportedly pursuant to Fed. R. Crim. P. 12(b)(2), to dismiss (1) Racketeering Acts One through Three, Seven, Ten, Twelve and Fourteen of Count One; (2) Counts Six through Nine; and (3) the entire indictment for lack of venue. For the reasons set forth below, the motion is both untimely and meritless. It should be denied in its entirety.

I.     <u>The Motion Is Untimely</u>

      In a transparent effort to avoid a finding that his motion is untimely, the defendant asserts that his motion is made "pursuant to [Rule] 12(b)(2) [of the] Federal Rules of Criminal Procedure." Def. Mot. at 3. His assertion does not make it so. Rule 12(b)(2) provides that "[a] motion that the court lacks jurisdiction may be made any time while the case is pending." Fed. R. Crim. P. 12(b)(2). Here, the defendant does not assert that the Court lacks jurisdiction. Instead, he asserts that (1) certain racketeering acts and substantive counts should be dismissed because they fail to state a claim under New York law; (2) once the Court dismisses those racketeering acts and counts, this results in a lack of venue in the Eastern District of New York; (3) certain racketeering acts related to the creation of child pornography should be dismissed "because there is no evidence that visual depictions

exist;"[1] and (4) certain racketeering acts should be dismissed because they are purportedly beyond the applicable statute of limitations.  Def. Mot. at 5-13.  Notably, the federal rules make clear that motions alleging "a defect in instituting the prosecution, including . . . improper venue" and "a defect in the indictment or information, including . . . failure to state an offense" must "be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits."  Fed. R. Crim. P. 12(b)(3)(A)(i) and (B)(v).  The federal rules further provide that the Court may "set a deadline for the parties to make pretrial motions . . . . If the court does not set one, the deadline is the start of trial."  Fed. R. Crim. P. 12(c)(1).  "If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely.  But a court may consider the defense, objection, or request if the party shows good cause."  Fed. R. Crim. P. 12(c)(3).

Properly construed, there can be no doubt that the defendant's motion is, in fact, a Rule 12(b)(3) motion.  Apart from his initial invocation of Rule 12(b)(2), without more, the motion is replete with references to the fact that the defendant is "challenging the sufficiency of [the] indictment."  See, e.g., Def. Mot. at 3.  Indeed, his argument with respect to Racketeering Acts Twelve and Fourteen of Count One and Counts Six through Nine is that these racketeering acts and counts fail to state an offense because the underlying state law violations on which they rely either (1) do not include herpes; or (2) the indictment does not allege conduct amounting to reckless endangerment under state law.  Id. at 5-10.  Nor is his meritless statute of limitations argument jurisdictional.  See Musacchio v. United States, 577 U.S. 237, 245-49 (2016) (claim that indictment charged offenses beyond the applicable statute of limitations was not jurisdictional).  Finally, his claim that venue in the Eastern District of New York is improper falls squarely under Fed. R. Crim. P. 12(b)(3)(A)(i).

Here, the Court set a deadline for the parties to make pretrial motions.  Following several adjournments of the trial date, on February 9, 2021, the Court set a July 19, 2021 deadline for such motions.  With the government's consent, the defendant moved for a one-week extension to the motions deadline to July 23, 2021, which the Court granted.  As a result, the defendant's motion – filed on the morning of jury selection – is untimely.  The defendant has provided no good cause for his untimeliness.  Nor could he.  The defendant's suggestion prior to the start of jury selection that he needed recently produced discovery to make his motion is baseless.  See Transcript of Criminal Cause for Jury Selection on August 9, 2021 at 6.  His motion to dismiss the racketeering acts and counts related to herpes exposure (and the correlative venue challenge) are based on (misguided) arguments as to the reach and applicability of the underlying state laws at issue, not any substantive evidence produced in discovery.  Indeed, that is why the defendant previously

---

[1] As set forth below, this portion of the motion is not a proper basis for a pretrial motion to dismiss, as it clearly argues evidentiary insufficiency.  The defendant "may not challenge a facially valid indictment prior to trial for insufficient evidence.  Instead, a defendant must await a Rule 29 proceeding or the jury's verdict before he may argue evidentiary sufficiency."  United States v. Kelly, 91 F. Supp. 2d 580, 583 (S.D.N.Y. 2000).

filed a motion to dismiss the very same racketeering acts and counts related to herpes exposure over a year and four months ago on March 2, 2020. See ECF Docket No. 42. The same is true with respect to the defendant's argument regarding the statute of limitations. As a result, the motion should be denied.

II.     The Motion Also Fails On The Merits

   A.   The Charges Related to Herpes Exposure Should Not Be Dismissed

Counts Six through Nine and Racketeering Acts Twelve and Fourteen of Count One each relate to violations of the Mann Act. More specifically, these racketeering acts and counts collectively allege that on or about May 18, 2017 and February 2, 2018, the defendant (1) transported Jane Doe #6 in interstate commerce with intent that Jane Doe #6 engage in sexual activity for which a person can be charged with a criminal offense, specifically, violations of New York Penal Law Section 120.20 ("Section 120.20") (reckless endangerment) and New York Public Health Law Section 2307 ("Section 2307") (exposure of infectious venereal disease), in violation of 18 U.S.C. § 2421(a); and (2) persuaded, induced, enticed or coerced Jane Doe #6 to travel in interstate commerce to engage in sexual activity for which a person can be charged with a criminal offense, specifically, violations of Section 120.20 (reckless endangerment) and Section 2307 (exposure of infectious venereal disease), in violation of 18 U.S.C. § 2422(a). The Indictment further alleges that the defendant violated these New York state laws specifically by "engag[ing] in unprotected sexual intercourse with Jane Doe #6 without first informing Jane Doe #6 that he had contracted herpes and obtaining her consent to sexual intercourse in these circumstances."

   1. New York Public Health Law Section 2307 Applies To Herpes

New York Public Health Law Section 2307 provides that "[a]ny person who, knowing himself or herself to be infected with an infectious venereal disease, has sexual intercourse with another shall be guilty of a misdemeanor." The defendant argues that "it is undisputed" that Section 2307 "does not include herpes." Def. Mot. at 4. He is wrong. Herpes is clearly an infectious venereal disease and, as a result, Section 2307 encompasses herpes, as New York state courts have repeatedly found. See, e.g., Maharam v. Maharam, 510 N.Y.S.2d 104, 107 (1st Dep't 1986) (Section 2307 provides basis for valid civil claim where husband failed to disclose to his wife that he had herpes before sexual intercourse); Fan v. Sabin, 2015 WL 5547775, at *6 (N.Y. Sup. Ct. Sep. 21, 2015) (in civil case where plaintiff alleged that defendant who was plaintiff's ex-boyfriend had unprotected sexual intercourse with plaintiff knowing he had herpes and without first informing her of same, Section 2307 "imposes a duty to disclose"). This comports with the plain meaning of the statute. See Nwozuzu v. Holder, 726 F.3d 323, 327 (2d Cir. 2013) ("When interpreting a statutory provision, we begin with the language of the statute. If the statutory terms are unambiguous, we construe the statute according to the plain meaning of its words."). The dictionary definition of "venereal disease" is "a contagious disease (such as gonorrhea or syphilis) that is typically acquired in sexual intercourse," see merriam-webster.com/dictionary/venereal%20disease (last visited Aug. 13, 2021), or – more

3

succinctly – a "sexually transmitted disease." See www.dictionary.com/browse/venereal-disease (last visited Aug. 13, 2021). While gonorrhea and syphilis are listed as examples in the Merriam Webster definition, they are not exclusive examples of contagious diseases typically acquired in sexual intercourse. According to the Centers for Disease Control and Prevention ("CDC"), "genital herpes is a sexually transmitted disease (STD) caused by the herpes simplex virus type 1 (HSV-1) or type 2 (HSV-2)." See www.cdc.gov/std/herpes/stdfact-herpes-detailed.htm (last visited August 13, 2021). It thus squarely falls within the definition of a venereal disease and, therefore, within the ambit of Section 2307.

That the Public Health and Health Planning Council of the New York State Department of Health issued a response to a public comment on an unrelated regulation regarding the expansion of minor consent for HIV treatment access and prevention does not alter this conclusion. See Def. Mot. at 5-7. The issue of whether Section 2307 covers herpes was not before the Council and, in any event, the Council's response to a public comment is not binding on this Court. The term "venereal disease" is not ambiguous and its plain meaning clearly encompasses genital herpes. New York state courts agree, as should this Court.

Finally, Plaza v. Estate of Wisser, 626 N.Y.S.2d 446 (1st Dep't 1995), is inapposite. Def. Mot. at 7. There, the court found that Section 2307 excludes HIV infection, not because HIV is not "an acute, bacterial venereal disease," see id., but because New York's Public Health Law has "entirely separate statutory schemes for HIV related testing… and for the examination of persons suspected of being infected" with other venereal diseases. Plaza, 626 N.Y.S.2d at 452. The court found it "significant that while there are mandatory testing requirements relating to those suspected of being infected with venereal disease," the New York State legislature had specifically excluded persons suspected of being infected with the HIV virus from being compelled to undergo such testing. Id. (citing New York Public Health Law Section 2781 and Matter of Michael WW, 611 N.Y.2d 47 (3d Dep't 1994)). It appears, therefore, that the Plaza court relied on the fact that, following the enactment of Section 2307, the New York State legislature had later enacted an "entirely separate statutory scheme" specifically related to HIV to exclude HIV from Section 2307's ambit. No such entirely separate public health statutory scheme exists for genital herpes. As a result, the defendant's reliance on Plaza is of no avail.[2]

---

[2] While irrelevant to the legal analysis, genital herpes is not a relatively new phenomenon, as the defendant appears to suggest. See Def. Mot. at 7-8 (arguing that "the concept of 'genital herpes'" was created in 1967, 21 years after the last modification to Section 2307). Notably, "[t]he virus responsible for genital herpes . . . likely jump[ed] from proto-chimps to a now extinct hominid – either Homo habilis or Homo erectus – about 1.6 million years ago." See https://www.washingtonpost.com/national/health-science/herpes-was-passed-from-chimps-long-before-humans-existed-study-finds/2014/06/14/9e13f2a2-f3e4-11e3-9ebc-2ee6f81ed217_story.html (last visited Aug. 13, 2021).

4

### 2. The Conduct Alleged in the Indictment Violates Section 120.20

Section 120.20 provides that "a person is guilty of reckless endangerment in the second degree when he recklessly engages in conduct which creates a substantial risk of serious physical injury to another person." Under New York law, "[a] person acts recklessly with respect to a result or circumstance when he or she is aware of and consciously disregards a substantial and unjustifiable risk that the particular result will occur or that the circumstance exists."[3] People v. Galatro, 84 NY.2d 160, 164 (N.Y. 1994) (citing N.Y. Penal Law § 15.05(3)). As the New York Court of Appeals has made clear, "the reckless endangerment statutes seek to prevent the risk created by the actor's conduct, not a particular outcome, and the risk of injury alone will sustain prosecution." Galatro, 639 N.Y.2d at 164 (internal quotation marks omitted). "Serious physical injury" means "physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ." N.Y. Penal Law § 10.00(10).

Each of the challenged charges alleges that the defendant violated both New York Penal Law Section 120.20 (and New York Public Health Law Section 2307) "in that [he] engaged in unprotected sexual intercourse with Jane Doe #6 without first informing Jane Doe #6 that he had contracted herpes and obtaining her consent to sexual intercourse in these circumstances." Such conduct clearly meets the elements of reckless endangerment in the second degree. Indeed, the New York Court of Appeals affirmed this very conclusion in similar circumstances. In People v. Williams, the defendant engaged in unprotected sex with the victim knowing he was HIV positive and without informing the victim of his HIV positive status. 24 N.Y.3d 1129, 1130 (N.Y. 2015). The district attorney sought, and a New York grand jury returned, an indictment charging the defendant in Williams with, inter alia, reckless endangerment in the first degree, in violation of New York Penal Law Section 120.25, which criminalizes recklessly engaging in conduct which creates a grave risk of death to another person under circumstances evincing a depraved indifference to human life. Id. at 1131-32. The trial court held that the conduct at issue did not constitute first degree reckless endangerment and "reduced the count of first-degree reckless endangerment to second-degree reckless endangerment," in violation of New York Penal Law Section 120.20; the appellate court and the New York Court of Appeals affirmed the trial court's decision. Id. In so holding, the New York Court of Appeals found that the conduct did not meet the legal standard for "depraved indifference" because there was no evidence that the defendant "exposed the victim to the risk of HIV infection out of any malevolent desire for the victim to contract the virus, or that he was utterly indifferent to the victim's fate." Id. at 1132. The

---

[3] "The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation. A person who creates such a risk but is unaware thereof solely by reason of voluntary intoxication also acts recklessly with respect thereto." New York P.L. § 15.05(3).

5

New York Court of Appeals, however, affirmed the decision of the lower court to reduce the charge to reckless endangerment in the second degree in these circumstances.

The conduct alleged in the Indictment as a violation of Section 120.20 thus clearly constitutes reckless endangerment in the second degree and falls squarely within the New York Court of Appeals' holding in Williams.[4]  The defendant's arguments to the contrary are meritless and the Court should deny the defendant's motion.

B.    Count One Is Not Barred by the Statute of Limitations

The defendant's motion to dismiss based on the statute of limitations is frivolous and demonstrates a fundamental misunderstanding of RICO.  See Def. Mot. at 11.  The statute of limitations for a substantive RICO offense, the offense charged in Count One, is five years from the date of the indictment.[5]  See 18 U.S.C. § 3282 ("no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found ... within five years next after such offense shall have been committed").  That certain racketeering acts are predicated on violations of state law does not mean that state statutes of limitations apply, as the defendant bizarrely asserts. Def. Mot. at 11.  Nor is the applicable federal five-year statute of limitations measured from the date of the first racketeering act.  This is so because the defendant is not charged with committing a particular predicate act, but rather with committing racketeering through a pattern of racketeering acts.  Under the

---

[4] Nor can it be argued that exposure to herpes from sexual intercourse does not "create[] a substantial risk of serious physical injury to another person." N.Y. Penal Law §120.20.  As the government will establish through expert testimony at trial, exposure to genital herpes clearly presents a substantial risk of "protracted impairment of health." N.Y. Penal Law § 10.10.  Once contracted, herpes is incurable.  According to the Centers for Disease Control, "the first outbreak of herpes is often associated with a longer duration of herpetic lesions, increased viral shedding (making [Herpes Simplex Virus ("HSV")] transmission more likely) and systemic symptoms including fever, body aches, swollen lymph nodes, or headache.  Recurrent outbreaks of genital herpes are common, and many patients who recognize recurrences have prodromal symptoms, either localized genital pain, or tingling or shooting pains in the legs, hips or buttocks, which occur hours to days before the eruption of herpetic lesions."  See Genital Herpes – CDC Fact Sheet (Detailed), *available at* https://www.cdc.gov/std/herpes/stdfact-herpes-detailed.htm (last visited Aug. 13, 2021).  Herpetic lesions "typically appear as one or more vesicles, or small blisters, on or around the genitals, rectum or mouth.  The average incubation period for an initial herpes infection is 4 days (range, 2 to 12) after exposure.  The vesicles break and leave painful ulcers that may take two to four weeks to heal after the initial herpes infection."  Id.

[5] The statute of limitations generally is calculated using the date when an indictment is "found" under Fed. R. Crim. P. 6(e), and for statute of limitations purposes, an indictment is found when the grand jury returns it.  See, e.g., United States v. Srulowitz, 819 F.2d 37, 40 (2d Cir. 1987).

law, in a substantive RICO charge under Section 1962(c), the defendant must have committed at least one predicate act within five years of the date of the indictment.[6] United States v. Persico, 832 F.2d 705, 714 (2d Cir. 1987) ("[T]o establish a defendant's violation of section 1962(c), the government must prove that the defendant committed two or more predicate offenses, at least one of which occurred within the federal five-year statute of limitations for non-capital offenses") (citation omitted). Because this Indictment was filed on June 20, 2019, at least one of the predicate racketeering acts charged against the defendant in the substantive RICO count must have occurred or continued past June 20, 2014. In this case, Racketeering Acts Eight through Fourteen all occurred after that date, and there is thus no statute of limitations issue in this case.

  C. Racketeering Acts Two, Seven, and Ten Should Not Be Dismissed

The defendant argues that Racketeering Acts Two, Seven, and Ten of Count One, all of which relate to the production of child pornography, should be dismissed because "there is no evidence that visual depictions exist." Def. Mot. at 12. This is not a proper basis for a motion to dismiss and the motion should be denied.

"An indictment returned by a legally constituted and unbiased grand jury, . . . if valid on its face, is enough to call for trial of the charge on the merits." Costello v. United States, 350 U.S. 359, 363 (1956). See also United States v. Blitz, 533 F.2d 1329, 1344 (2d Cir. 1976). "Unless the government has made what can fairly be described as a full proffer of the evidence it intends to present at trial . . . , the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment." United States v. Alfonso, 143 F.3d 772, 776-77 (2d Cir. 1998).

A defendant must wait until after the close of the government's case-in-chief at trial or after the jury's verdict before contesting the sufficiency of the evidence. See Fed. R. Crim. P. 29; see also, e.g., United States v. Elson, 968 F. Supp. 900, 905 (S.D.N.Y. 1997) ("[I]t is well established that an Indictment that is valid on its face may not be dismissed on the ground that it is based on inadequate or insufficient evidence."). A defendant's factual arguments challenging facially valid pleadings do not justify pre-trial dismissal of the indictment. The government is entitled to marshal and present its evidence at trial and, if warranted, have its sufficiency tested by a motion for a judgment of acquittal pursuant to

---

[6] Here, the initial indictment was returned on June 20, 2019, and therefore the statute of limitations stopped running on that date. United States v. Robilotto, 828 F.2d 940, 949 (2d Cir. 1987) (superseding indictment made only minor technical changes to indictment, and therefore statute tolled by original indictment even though superseding indictment added a murder predicate act against the defendant). Even assuming, arguendo, that the statute of limitations was only tolled at the time the grand jury issued the third superseding indictment (which is not the case), there would still be no statute of limitations issue here. The grand jury issued the third superseding indictment on March 12, 2020. See ECF Docket No. 43. Racketeering Acts Eight through Fourteen all occurred after March 12, 2015.

7

Rule 29 of the Federal Rules of Criminal Procedure. See, e.g., United States v. Reale, 1997 WL 580778, at *6 (S.D.N.Y. Sep't 17, 1997) ("As the Government aptly states in its opposition, 'while defendants' arguments may properly be considered on a motion under Rule 29 of the Federal Rules of Criminal Procedure after the Government presents its proof, they do not support dismissal of the Indictment at this stage of the proceedings.'"). A motion to dismiss a properly pleaded indictment "confuses standards of pleading with standards of proof." Id. at *7; see also, e.g., United States v. Perez, 575 F.3d 164, 166 (2d Cir. 2009) ("The Defendants, however, had no basis to challenge the sufficiency of the indictment before trial because it met the basic pleading requirements and was valid on its face."); United States v. Gotti, No. 02-CR-743 (RCC), 2004 WL 32858, at *2 (S.D.N.Y. Jan. 6, 2004) ("Defendants will have other opportunities to contest the sufficiency of the Government's evidence, but a pretrial motion to dismiss part of the indictment is not the time nor the proper occasion."); United States v. Cassese, 273 F. Supp. 2d 481, 484-85 (S.D.N.Y. 2003) (same and collecting cases).

Here, the government has not presented a full proffer of its evidence. Trial is scheduled to commence on August 18, 2021. Accordingly, the defendant's motion to dismiss these racketeering acts should be denied.[7]

D.  Venue In the Eastern District of New York Is Proper

As the defendant concedes, his argument that venue in the Eastern District of New York is premised on the Court's granting his motion to dismiss Counts Six through Nine and Racketeering Acts Twelve and Fourteen of Count One. See Def. Mot. at 12-13. Because that motion is baseless and should be denied, venue remains proper in this District.

Moreover, the defendant is simply wrong when he asserts that Counts Six through Nine and Racketeering Acts Twelve and Fourteen of Count One "are the only alleged acts in the third superseding indictment that occurred within the Eastern District of New York." Id. at 12. Racketeering Act Nine related to Jane Doe #5 – which the defendant does not challenge in his motion to dismiss – is also alleged to have occurred within "the Eastern District of New York, the Northern District of California and elsewhere." See ECF Docket No. 43 at 11-12.

---

[7] In addition, the defendant appears to be under the mistaken impression that witness testimony regarding certain facts – including the creation of visual depictions – is not evidence. He is wrong.

III.    Conclusion

    For the foregoing reasons, the Court should deny the defendant's motion to dismiss in its entirety.

    Respectfully submitted,

    JACQUELYN M. KASULIS
    Acting United States Attorney

By:   /s/
    Elizabeth A. Geddes
    Nadia I. Shihata
    Maria Cruz Melendez
    Assistant U.S. Attorneys
    (718) 254-7000

cc:    Clerk of Court (AMD) (by ECF)
    Defense Counsel of Record (by ECF)