UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
===========================================X
UNITED STATES OF AMERICA,                             19-CR-286 (S-3)

        -against-

ROBERT SYLVESTER KELLY,
   Also known as "R. Kelly,"

        Defendant.
===========================================X


## AMENDED MEMORANDUM OF LAW IN REPLY TO GOVERNMENT'S OPPOSITION TO ROBERT S. KELLY'S MOTION TO DISMISS

Thomas A. Farinella
Nicole Blank Becker
Attorneys for the Defendant
Robert S. Kelly
260 Madison Avenue, 8th Floor
New York, New York 10016

Mr. Kelly respectfully submits this memorandum of law in reply to the government's opposition to Mr. Kelly's pre-trial motion to dismiss in advance of the trial scheduled to commence on August 18, 2021. This motion seeks to dismiss the predicate acts alleged in Count 1, numbers 12 and 14, as well as the Mann Act violations alleged in Counts 6 through Count 9 and in Count 1 Racketeering Act 1, Racketeering Act 2, Racketeering Act 3, Racketeering Act 7 and Racketeering Act 10. Additionally, Mr. Kelly disputes the jurisdiction and venue in the third superseding indictment filed on March 13, 2020, pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure ("FRCP").

## ARGUMENT

**I.    THE MOTION IS TIMELY**

This motion disputes the Courts jurisdiction and venue.[1] On March 20, 2020, the government, in response to Mr. Kelly's motion to strike, complained that "here the government has not presented a full proffer of its evidence. Rather, the government has presented only a limited proffer of the evidence filed in support of its various motions for permanent orders of detention." *See* ECF Docket No. 320 p. 6. In light of the government's argument in the prior motion and given

---

[1] As stated in the moving papers, venue, is clearly established that "where the venue is challenged on a pre-trial motion to dismiss, the government's burden is limited to showing that the indictment alleges facts sufficient to support the venue." *United States v. Peterson,* 357 F. Supp. 2d 748, 751 (S.D.N.Y. 2005). Mr. Kelly is seeking dismissal of Count 1, numbers Twelve and Fourteen, as well as the Mann Act violations alleged in Count 6 through Count 9 which are the only alleged acts in the third superseding indictment that occurred within the Eastern District of New York. If the Court grants Mr. Kelly's motion it is respectfully submitted that the Eastern District of New York would not be an appropriate venue. As Courts have held the "government bears the burden of proving, by a preponderance of the evidence, that venue exists." *Id.* If the only acts that have actually been alleged in the third superseding indictment to have taken place within the Eastern District of New York are dismissed then the government cannot prove, by a preponderance of the evidence, that venue properly exists in the Eastern District of New York.

the fact that certain sections of the instant application alleged that there is no evidence related to certain allegations in the indictment, Mr. Kelly filed this motion when the government's *proffer of evidence should be complete.* The Second Circuit has, "recognized that a district court can adjudge the sufficiency of the *evidence before trial* where the *government* has *made a full proffer of evidence* or where there is a stipulated record." *See e.g.*, United States v. DeLaurentis, 230 F.3d 659 (3d Cir. 2000); *United States v. Alfonso,* 143 F.3d 772 (2d Cir. 1998). Consistent with this rule, the courts have fashioned the following standards to govern a pretrial motion challenging the sufficiency of an indictment. Courts regard an indictment "sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *United States v. Todd,* 446 F.3d 1062, 1067 (10th Cir.2006) (quoting *United States v. Dashney,* 117 F.3d 1197, 1205 (10th Cir. 1997)). In the alternative, if the Court considers the government's argument as to timeliness, it is respectfully submitted that good cause has been demonstrated and the Court in accordance with Federal Rule of Criminal Procedure ("FRCP") Rule 12 can decide the motion.[2]

## II. THE MOTION HAS MERIT

### A. THE CHARGES RELATED TO HERPES EXPOSURE SHOULD BE DISMISSED

Based on the fact that the government cannot prove the Public Health Law ("PHL) § 2307, the reckless endangerment allegations should be dismissed. In the alternative, "other case law indicates that infection with ***HIV is not a serious injury***, since medical advances in recent years mean that HIV no longer poses a grave risk of death." *People v. Williams*, 111 A.D.3d 1435, 1437,

---

[2] It is respectfully submitted that the Court can consider this motion pursuant to FRCP Rule 12(c) and FRCP Rule 12(d).

974 N.Y.S.2d 742 affd on other grounds 24 N.Y.3d 1129, 3 N.Y.S.3d 305, 26 N.E.3d 1160. If this is the case for HIV than herpes should not be judge differently.

**B.     THE CHARGES RELATED TO HERPES EXPOSURE MUST BE DISMISSED**

The government has not disputed that herpes is not "*an acute, bacterial venereal disease such as syphilis or gonorrhea.*" The New York State Department of Health ("NYSDOH") stated "it is not aware of any instance of an individual being charged with a misdemeanor under PHL § 2307." The NYSDOH further commented and explained:

> "Notably, PHL § 2307 was added in 1943 to prevent the spread of diseases such as *syphilis* and *gonorrhea* to members of the military during World War II. According to the legislative history, the law was amended in 1946 to apply where someone knowingly exposed [another] person to a *venereal infection*. Legislative Memorandum, 1946 New York State Legislative Annual, p. 191. Thus, to the extent that this section of law is enforceable, NYSDOH interprets it as inapplicable to individuals who have sexual intercourse where they either (1) do not know they are infected, or (2) do know they are infected and reveal that information to their consenting partners. ***Further, the Department interprets the law as only applying to individuals who knowingly expose another individual to an acute, bacterial venereal disease such as syphilis or gonorrhea.*** No changes have been made to the regulations in response to these comments." See **Exhibit A** pp. 15-16.

The NYSDOH has unequivocally stated that "the *Department interprets the law* as only applying to individuals who knowingly expose another individual to *an acute, bacterial venereal disease such as syphilis or gonorrhea.*" It is indisputable that when it comes to the standard of review of a government agency's interpretation of the law it enforces, the Courts give deference to the agency's statutory interpretation, "an agency's interpretation of the statutes it administers generally should be upheld if not unreasonable or irrational." 232 F. Supp. 2d 240 \*; 2002 U.S. Dist. LEXIS 22307 \*\*.

In this case the government does not dispute that the NYSDOH's position is "***the Department interprets the law as only applying to individuals who knowingly expose another individual to an acute, bacterial venereal disease such as syphilis or gonorrhea.***" Further, the government concedes Mr. Kelly's point by not disputing the NYSDOH's position on PHL 2307 and stated that, "the Council's response to a public comment is not binding on this Court." See ECF Docket No. 168 p 4.  However, the government ignores the established precedent that Courts have applied as the standard of review for the agency's statutory interpretation.  *Id.*  Therefore, pursuant to the agency's interpretation, PHL 2307 only applies to "***an acute, bacterial venereal disease such as syphilis or gonorrhea***" and the allegations in the indictment relating to this law should be dismissed.[3]

Moreover, the government is wrong because the cases they cite are not persuasive because the cases are clearly distinguishable from this case.  The cases cited are civil cases where the burden of proof is different and do not address this issue directly.  Despite the government's citations of New York Supreme Court cases, the New York Courts have not been presented with this issue which makes this is a case of first impression.  This is evidenced by the NYSDOH view of the law.

In this case the government has failed to allege anything other than herpes.  There is no distinction between herpes (HSV-1) and genital herpes (HSV-2).  If the Court accepts this broad interpretation of the government's view of PHL 2307 than this would be as if the statute was amended.  It would be nothing more than the exercise of the power of judicial review to set aside government acts which would be unconstitutional, unduly prejudicial to Mr. Kelly and it would

---

[3] The government uses the term "genital herpes," the indictment does not include the phrase "genital herpes."

violate his Constitutional rights. If the PHL 2307 law is not dismissed in this case it will set the precedent that which could potentially lead to the government charging expectant mothers who have become pregnant after knowing they have herpes (HSV-1) and have knowingly exposed their children to herpes for such exposure. Moreover, when that child turns eighteen (18) they could sue the mother for said exposure. Therefore, the Courts holding that "an agency's interpretation of the statutes it administers generally should be upheld if not unreasonable or irrational," is for a reason. It would be completely unreasonable or irrational if herpes was written into PHL 2307 and when the concept of "genital herpes" did not exist when the statue was passed.[4]

### C. COUNT ONE IS BARRED BY THE STATUTE OF LIMITATIONS

The allegations contained in Count 1 racketeering act 1, racketeering act 3, racketeering act 5 should be dismissed because the alleged violations of law occurred outside the proscribed statutory period of time such claims could be made. Count 1 racketeering act 1, bribery, asserts the violation of Illinois Criminal Code Sections 5/33-1(a) and 5/5-1. Under the Illinois Criminal Code there is a three-year statute of limitation for the above-mentioned sections. The alleged act is to have occurred on August 30, 1994. The allegation in this complaint was made on or about March 13, 2020. This is clearly well beyond the three-year statute of limitations. Therefore, Count 1 racketeering act 1 should be dismissed. Additionally, the general federal statute of limitations for

---

[4] The definition of venereal disease does not include herpes. Venereal disease: A disease that is contracted and transmitted by sexual contact, caused by microorganisms that survive on the skin or mucus membranes, or that are transmitted via semen, vaginal secretions, or blood during intercourse. The genital areas provide a moist, warm environment that is especially conducive to the proliferation of bacteria, viruses, and yeasts, so a great many diseases can be transmitted this way, including AIDS, chlamydia, genital warts, gonorrhea, syphilis, yeast infections, and some forms of hepatitis. https://www.medicinenet.com/venereal_disease/definition.htm

felonies stands for the proposition that the government can no longer file criminal charges for an offense once 5 years has passed. The federal statute of limitations is 18 USC 3282. This statute states, "except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found, or the information is instituted within five years next after such offense shall have been committed." 18 USC 3282

Count 1 racketeering act 3, Count 1 racketeering act 1, kidnapping, asserts the violation of Illinois Criminal Code Sections 5/10-1 and 5/5-1. Under the Illinois criminal code section 720 ILCS 5/10-1, 720 ILCS 5/10-2 there is a three-year statute of limitations for the above-mentioned section. The alleged act is to have occurred in or about and between 2003 and 2004. The allegation in this complaint was made on or about March 13, 2020. This is clearly well beyond the three-year statute of limitations. Therefore, Count 1 racketeering act one should be dismissed. Additionally, the general federal statute of limitations for felonies stands for the proposition that the government can no longer file criminal charges for an offense once 5 years has passed. The federal statute of limitations is 18 USC 3282. This statue states, "except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found, or the information is instituted within five years next after such offense shall have been committed." 18 USC 3282

### D. RACKETEERING ACT 2, RACKETEERING ACT 7 AND RACKETEERING ACT 10 SHOULD BE DISMISSED

Count 1 racketeering act 2, racketeering act 7 and racketeering act 10 which include the allegation that certain Jane Doe's, "engaged in sexually explicit conduct for the purpose of producing one or more visual depictions of such conduct…". However, there is no evidence that visual depictions exist. Therefore, as a matter of law and because it is impossible to find the Mr.

Kelly of these allegations should be dismissed. Additionally, a victim's uncorroborated statements are not always admissible, and courts have held, "further, although a victim's statements are generally admissible, not all statements by a victim are considered reliable hearsay. Unsworn statements of the victim are admissible if there is a requisite indicium of reliability and the statement is not equivocal, inconsistent with other evidence, or dubious in light of other information in the record. *People v Uver A.,* 195 AD3d 61 (2d Dept 2021).

## CONCLUSION

For the foregoing reasons, Mr. Kelly respectfully asks this Court to grant his motion to dismiss in its entirety.

Dated: New York, New York
      August 16, 2021

By:   */s/ Thomas A. Farinella*
        Thomas A. Farinella
        Nicole Blank Becker
        Counsel for Robert S. Kelly