

U.S. Department of Justice

United States Attorney
Eastern District of New York

EAG/NS/MCM
F. #2019R00029

271 Cadman Plaza East
Brooklyn, New York 11201

September 4, 2021

By ECF

Honorable Ann M. Donnelly
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Robert Sylvester Kelly
Criminal Docket No. 19-286 (S-3) (AMD)

Dear Judge Donnelly:

The government respectfully submits this letter seeking clarification of the Court's ruling on the government's motion in limine with respect to Jane Doe #7. At the final pretrial conference, the Court asked the government why it believed evidence related to Jane Doe #7 should be admitted at trial notwithstanding that it occurred in or about 1991. See Transcript of August 3, 2021 Final Pretrial Conference at 12. The government responded as follows:

> MS. GEDDES: Your Honor, Jane Doe Number Seven is prepared to testify that in light of her relationship with the defendant, which included the fact that they had sexual contact with each other when she was a minor, she was in a position to view the defendant engaged in sexual activity with Jane Doe Number One, so it is part of her background and I would say her history is inextricably intertwined with – that information is inextricably intertwined with her account of how she knew the defendant, why she was with the defendant when she saw the defendant engaged in sexual activity with Jane Doe One.

Id. at 12-13. After the defendant confirmed that he intended to dispute that he had engaged in sexual activity with Jane Doe #1 prior to their marriage in August 1994, the Court found

that the evidence the government sought to admit regarding Jane Doe #7 was "clearly relevant," noting that the defendant could "cross examine her about it" but that such evidence was "directly relevant to that first racketeering act." Id. at 14. Thereafter, the defendant sought additional time to review the Section 3500 Material related to Jane Doe #7 and submit additional briefing before the Court finalized its ruling. Id. at 14-15. The Court afforded the defendant such an opportunity. Id. at 15.

On August 6, 2021, the defendant submitted his supplemental brief regarding the government's motion to admit other acts evidence. See ECF Docket No. 156. In his supplemental brief, the defendant made no additional arguments specific to the government's arguments for admitting evidence regarding Jane Doe #7 or the Court's intended ruling on the issue. Instead, he simply recited the general principles of evidence, all of which the Court was well aware of when it reached its initial conclusion to allow the government to introduce evidence related to Jane Doe #7. Id. at 1-2.

At the start of trial, on August 18, 2021, the Court stated that it "adhere[d] to my decision that I made at our final pretrial conference on August 3rd," but then reviewed the outstanding in limine motions to ensure it had not forgotten to rule on any of them. Trial Transcript at 4. With respect to Jane Doe #7, the Court stated:

> The first has to do with the alleged sexual abuse of Jane Doe Number 7, a minor, in 1991. That is granted only insofar as there is evidence that Jane Doe Number 7 witnessed the alleged sexual abuse of Jane Doe Number 1. That's admissible for the same reasons that I ruled that evidence about Jane Doe 1 was admissible. The remaining evidence is not admissible about Jane Doe Number 7. The conduct is alleged to have taken place before the enterprise began. So, I am excluding that.

Id. The government understood this ruling to be different from the ruling initially articulated by the Court on August 3, 2021 to allow evidence of the sexual abuse of Jane Doe #7 to be admitted at trial. The government respectfully requests that the Court clarify or reconsider its August 18, 2021 ruling with respect to Jane Doe #7 to allow her to testify regarding the circumstances of the defendant's sexual abuse of her as a minor. The government currently expects to call Jane Doe #7 as a witness at trial on Friday, September 10, 2021.

If permitted to testify regarding her sexual abuse by the defendant, Jane Doe #7 is expected to testify that in or about 1991, she met the defendant at his apartment in Chicago, Illinois after a female acquaintance, who was also a minor and an aspiring singer, invited Jane Doe #7 to come to the defendant's apartment with her. Two other minor females also came to the apartment with them. Notably, when the minors arrived at the defendant's apartment, certain of the defendant's associates – including his tour manager, Demetrius Smith – were at the apartment. Inside the apartment, the defendant went inside a room and invited each of the minor females into the room ad seriatim until they all were inside. The defendant's associates remained outside the room. After Jane Doe #7 entered

2

the room, the defendant initiated and engaged in sexual intercourse with her. Jane Doe #7 also saw the defendant engage in sexual contact with other minors inside the room. Thereafter, the defendant regularly invited Jane Doe #7 and the other minors to visit him at his home and at his recording studio. In 1992, Jane Doe #7 became part of a girl group that traveled with the defendant providing background vocals and dancing. (Jane Doe #7 was still a minor and worked mainly as a background dancer.) In this time period, the defendant introduced Jane Doe #7 to Jane Doe #1, another minor and aspiring singer who the defendant began working with. The defendant indicated to Jane Doe #1 that Jane Doe #7 and other members of the girl group were to become Jane Doe #1's "posse" and best friends. Subsequently, while traveling as a back-up dancer on tour with the defendant along with Jane Doe #1 and others, Jane Doe #7 observed the defendant engage in sexual contact with Jane Doe #1 in a room at the back of his tour bus.

   Such evidence is necessary background for, and inextricably intertwined with, the evidence the Court has permitted Jane Doe #7 to testify about, namely her witnessing the defendant engaged in sexual contact with Jane Doe #1. The full context of Jane Doe #7's own interactions with the defendant – including her sexual interactions with him as a minor and her having previously witnessed sexual acts between the defendant and other minors – is necessary to explain why she was in a position to witness the defendant engaged in a sexual act with Jane Doe #1, also a minor. Without this context, the jury is likely to be left wondering why Jane Doe #7 – also a minor – was hired as a background dancer for the defendant's tour and why the defendant was careless enough to engage in such sexual contact with Jane Doe #1 on a tour bus where Jane Doe #7 was present.[1]

   The Second Circuit has repeatedly upheld the admission of uncharged act evidence as direct evidence of the charged crimes where such evidence provides necessary background or context for the charged crimes. See United States v. Gonzalez, 110 F.3d 936, 941-42 (2d Cir. 1997) (uncharged burglary admissible in trial for felon in possession of a firearm because, inter alia, it provided "crucial background evidence that gave coherence to the basic sequence of events that occurred on the night" of defendants' arrest); United States v. Inserra, 34 F.3d 83, 89 (2d Cir. 1994) (noting that evidence of other "bad acts" may be admitted "to provide the jury with the complete story of the crimes charged by demonstrating the context of certain events relevant to the charged offense"); United States v. Langford, 990 F.2d 65 (2d Cir. 1993) ("It is within the court's discretion to admit evidence of acts committed prior to the time charged in the indictment to prove the existence of the alleged conspiracy as well as to show its background and history."); United States v. Pitre, 960 F.2d 1112, 1119 (2d Cir. 1992) ("Prior act evidence may be admitted to inform the jury of the background of the conspiracy charged, to complete the story of the crimes charged, and to help explain to the jury how the illegal relationship between participants in the crime developed."). In this respect, "trial court[s] may admit evidence that does not directly

---

[1] In addition, based on the trial thus far, the defendant undoubtedly intends to cross-examine Jane Doe #7 regarding what she witnessed and to argue that she is fabricating her account of what she witnessed.

3

establish an element of the offense charged, in order to provide background for the events alleged in the indictment. Background evidence may be admitted to show, for example, the circumstances surrounding the events or to furnish an explanation of the understanding or intent with which certain acts were performed." United States v. Coonan, 938 F.2d 1553, 1561 (2d Cir. 1991) (quoting United States v. Daly, 842 F.2d 1380, 1388 (2d Cir. 1988)).

In addition, the Indictment does not allege a particular date on which the enterprise came into existence. That the sexual abuse of Jane Doe #7 occurred in or about 1991 – before the pattern of racketeering alleged in the Indictment began – does not automatically render such evidence irrelevant to proving the existence of the racketeering enterprise. While "the evidence used to prove the pattern of racketeering activity and the evidence establishing an enterprise may in particular cases coalesce," the "existence of an enterprise is an element distinct from the pattern of racketeering activity." Boyle v. United States, 556 U.S. 938, 947 (2009). Because the existence of the racketeering enterprise is an element distinct from the pattern of racketeering activity charged in the Indictment, evidence of acts occurring prior to the alleged pattern remain relevant to proving the existence of the enterprise.

Here, the sexual abuse of Jane Doe #7 is relevant to proving the existence of the enterprise prior to the first racketeering act alleged in the Indictment, its membership in the early days of its existence, and its means and methods (including relying on minor victims to recruit other minors into the defendant's orbit, a means and method that the jury also heard testimony about from Jane Doe #4). Moreover, the defendant's cross-examination of Demetrius Smith makes clear that the defendant intends to argue that he had no involvement in Racketeering Act One and that Smith acted on his own in bribing a state official to obtain a fraudulent ID for Jane Doe #1 – in essence arguing that Smith was not a member of the enterprise. The defendant further made clear in his opening statement that he will argue that no racketeering enterprise existed. Jane Doe #7's testimony about the circumstances of her own sexual abuse by the defendant and her continuing interactions with him is relevant to proving both the existence of the enterprise prior to the conduct alleged in Racketeering Act One, as well as Smith's membership in the enterprise. Indeed, such evidence, which is expected to include testimony that the defendant engaged in sexual contact with minors while in the same residence with Smith and other members of his inner circle, demonstrates the relationship of trust and loyalty between the defendant and Smith and helps explain why he would confide in Smith regarding the true nature of his relationship with Jane Doe #1 and his need to marry Jane Doe #1 as a minor. In addition, Jane Doe #7's anticipated evidence is also relevant to establishing the existence of the enterprise. Not only was Jane Doe #7 invited to the defendant's residence for the first time by another minor sexual abuse victim, the defendant also thereafter employed Jane Doe #7 and other minors and instructed Jane Doe #7 and other minors to act as Jane Doe #1's "posse" while Jane Doe #1 was away from her home and family, thus using those who he had previously abused and employed to create the conditions that helped make the defendant's sexual abuse of Jane Doe #1 possible. Such evidence is direct evidence of the existence and evolution of the charged enterprise, as well as its means and methods.

      As a result, for the reasons set forth herein, and in its original motion and replies to the defendant's initial and supplemental response briefs, the government respectfully requests that the Court permit Jane Doe #7 to testify about the circumstances of the defendant's sexual abuse of her when she was a minor.

      Respectfully submitted,

      JACQUELYN M. KASULIS
      Acting United States Attorney

By:   /s/
      Elizabeth A. Geddes
      Nadia I. Shihata
      Maria Cruz Melendez
      Assistant U.S. Attorneys
      (718) 254-7000

cc:   Clerk of Court (AMD) (by ECF)
      All Defense Counsel of Record (by ECF)