

September 18, 2021

The Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

RE:    United States v. Robert Kelly
       Criminal Docket No.: 19-286 (AMD)

Dear Judge Donnelly:

The defense submits this letter motion seeking an amendment of the proposed jury instructions. The defense recognizes that the Court directed the parties to submit joint proposed instructions. However, after a review of the testimony elicited at trial, the defense submits that the proposed amendments are required.

Request No: 16/ Racketeering Act One

With respect to the Illinois statute for bribery, the proposed instruction currently reads:

> Illinois Criminal Code Section 5/33-1(a) provides, in pertinent part, that:
>
> A person commits bribery when . . . with intent to influence the performance of any act related to the employment and function of any public officer [or] public employee . . . , he promises or tenders to that person any property which he is not authorized by law to accept.
>
> The government must prove beyond a reasonable doubt each of the following elements:
>
> First,   That the person the defendant sought to influence was a public officer or public employee;
>
> Second,  That the defendant caused another person to promise or tender property to the person the defendant sought to influence; and
>
> Third,   That the defendant did so with the intent to influence the performance of any act related to that person's employment or function as a public officer or public employee.

However, the pattern jury instructions given by Illinois Courts provide:

**Ill. Pattern Jury Instr.-Criminal 21.11**

Illinois Pattern Jury Instructions-Criminal | Database updated April 2021
Illinois Supreme Court Committee On Pattern Jury Instructions In Criminal Cases

21.00. Bribery

## 21.11 Definition Of Bribery—Official

A person commits the offense of bribery when he [1] promises or tenders any [(property) (personal advantage)] to a [(public officer) (public employee) (juror) (witness)] with intent to influence the performance of any act related to the [(officer's) (employee's) (juror's) (witness')] employment or function.

[or]

[2] promises or tenders any [(property) (personal advantage)] to one whom he believes to be a [(public officer) (public employee) (juror) (witness)] with intent to influence the performance of any act related to the employment or function of a [(public officer) (public employee) (juror) (witness)].

[or]

[3] promises or tenders any [(property) (personal advantage)] to another person with intent to cause the other person to influence the performance of any act related to the employment or function of a [(public officer) (public employee) (juror) (witness)].

[or]

[4] [(receives) (retains) (agrees to accept)] any [(property) (personal advantage)] knowing that the [(property) (personal advantage)] [(was tendered) (promised)] with intent to cause him to influence the performance of any act related to the employment or function of a [(public officer) (public employee) (juror) (witness)].

[or]

[5] [(solicits) (receives) (retains) (agrees to accept)] any [(property) (personal advantage)] pursuant to an understanding that he shall [(improperly influence) (attempt to influence)] the performance of any act related to the employment or function of a [(public officer) (public employee) (juror) (witness)].

[The term "public officer" means a person who is elected to office pursuant to statute to discharge a public duty for [any political subdivision of] the State.]

[The term "public officer" means a person who is appointed to an office which is established, and the qualifications and duties of which are prescribed by statute, to discharge a public duty for [any political subdivision of] the State.]

[The term "public employee" is a person who is authorized to perform an official function on behalf of, and is paid by [any political subdivision of] the State.]

[The term "tender" means any delivery or proffer made with the requisite intent.]

**Committee Note**

*Instruction and Note Approved January 26, 2018*

720 ILCS 5/33-1, 2-17, and 2-18 (West 2017), as amended by P.A. 97-1108, effective January 1, 2013.

When paragraph [1] is used, give Instruction 21.12. When paragraph [2] is used, give Instruction 21.12A. When paragraph [3] is used, give Instruction 21.12B. When paragraph [4] is used, give Instruction 21.12C. When paragraph [5] is used, give Instruction 21.12D.

2

Therefore, according to the Illinois pattern jury instructions, the person charged pursuant to the statute has to either promise or tender property or **promise or tender property to another person** with the intent to cause the other person to influence the performance of official act.

This is further illustrated by additional guidance provided by the Illinois pattern jury instructions. For example,

**Ill. Pattern Jury Instr.-Criminal 21.12**

Illinois Pattern Jury Instructions-Criminal    Database updated April 2021
Illinois Supreme Court Committee On Pattern Jury Instructions In Criminal Cases

21.00. Bribery

## 21.12 Issues In Bribery—Official

To sustain the charge of bribery, the State must prove the following propositions:

*First Proposition:* That ___ was a [(public officer) (public employee) (juror) (witness)]; and

*Second Proposition:* That the defendant promised or tendered to _____ [(property) (a personal advantage)]; and

*Third Proposition:* That the defendant did so with the intent to influence the performance of any act related to _____'s [(employment) (function)] as a [(public officer) (public employee) (juror) (witness)].

If you find from your consideration of all the evidence that each one of these propositions has been proved beyond a reasonable doubt, you should find the defendant guilty.

If you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, you should find the defendant not guilty.

**Committee Note**

*Instruction and Note Approved January 26, 2018*

At the instant trial, the Government called Demetrius Smith regarding the bribery charge. On direct, Mr. Smith testified that he alone offered money to another person; that Mr. Kelly was not present when he discussed anything about money; and that he received the money from another person and not Mr. Kelly. Tr. 714-719. On cross-examination, Mr. Smith was asked: "Q: Okay. Now, Robert never had anything to do with you bribing anyone to get a marriage license, am I correct? A. No, he didn't." Tr. 750-51.

The count related to bribery should be dismissed. If the Court, however, decides to submit the charge to the jury, it is clear that the Government's theory is that the bribery was conducted through an intermediary.

3

**Ill. Pattern Jury Instr.-Criminal 21.12B**

Illinois Pattern Jury Instructions-Criminal | Database updated April 2021
Illinois Supreme Court Committee On Pattern Jury Instructions In Criminal Cases

21.00. Bribery

# 21.12B Issues In Bribery—Official—Through An Intermediary

To sustain the charge of bribery, the State must prove the following propositions:

*First Proposition*: That the defendant promised or tendered [(property) (a personal advantage)] to ___; and

*Second Proposition*: That the defendant did so with the intent to cause ___ to influence the performance of any act related to the [(employment) (function)] of a [(public officer) (public employee) (juror) (witness)].

If you find from your consideration of all the evidence that each one of these propositions has been proved beyond a reasonable doubt, you should find the defendant guilty.

If you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, you should find the defendant not guilty.

**Committee Note**

*Instruction and Note Approved January 26, 2018*


720 ILCS 5/33-1 (West 2017).

As illustrated by the Illinois pattern jury instruction, there are only 2 propositions. The proposed instruction would improperly provide 3 propositions. However, as demonstrated above in any scenario, the defendant would have to tender property directly to the person bribed (21.12) or tender property to the person a third person with the intent to cause the third person to influence the official act.

The second part of the proposed instruction in this case currently reads:

> Second, That the defendant caused another person to promise or tender property to the person the defendant sought to influence; and

However, that is not a proper reading of the statute nor would it appear to be an instruction that would be given pursuant to the pattern instruction. The defense submits that the jury instructions in the instant case regarding the Illinois statute should be guided by the what the Illinois State legislature intended and what is properly given by Illinois state courts. The defense respectfully requests that the instruction be amended so that it reads that the defendant either promised or tendered property to the official actor or promised or tendered property to a person so that he or she could influence the official actor.

## California Health and Safety Code § 120290

With respect to California Health and Safety Code § 120290, the proposed instruction currently reads:

> The government must prove beyond a reasonable doubt:
>
> <u>First,</u>   That the defendant knew that he was afflicted with any contagious, infectious, or communicable disease;
>
> Second, That the defendant exposed himself to Jane Doe #5 by engaging in unprotected sexual activity with Jane Doe #5;
>
> <u>Third,</u>   That the defendant acted willfully; and.
>
> Fourth, That the defendant did not inform Jane Doe #5 that he had a contagious, infectious, or communicable disease and obtain her consent to expose himself in these circumstances prior to engaging in the exposure.

However, the text of the statute actually provides:

> (a)(1) A defendant is guilty of intentional transmission of an infectious or communicable disease if all of the following apply:
>
> (A) The defendant knows that he or she or a third party is afflicted with an infectious or communicable disease.
>
> (B) The defendant acts with the specific intent to transmit or cause an afflicted third party to transmit that disease to another person.
>
> (C) The defendant or the afflicted third party engages in conduct that poses a substantial risk of transmission to that person.
>
> (D) The defendant or the third party transmits the infectious or communicable disease to the other person.
>
> (E) If exposure occurs through interaction with the defendant and not a third party, the person exposed to the disease during voluntary interaction with the defendant did not know that the defendant was afflicted with the disease. A person's interaction with the defendant is not involuntary solely on the basis of his or her lack of knowledge that the defendant was afflicted with the disease.
>
> (2) A defendant is guilty of willful exposure to an infectious or communicable disease if a health officer, or the health officer's designee, acting under circumstances that make securing a quarantine or health officer order infeasible, has instructed the defendant not to engage in particularized conduct that poses a substantial risk of transmission of an infectious or communicable disease, and the defendant engages in that conduct within 96 hours

> of the instruction. A health officer, or the health officer's designee, may issue a maximum of two instructions to a defendant that may result in a violation of this paragraph.
>
> (b) The defendant does not act with the intent required pursuant to subparagraph (B) of paragraph (1) of subdivision (a) if the defendant takes, or attempts to take, practical means to prevent transmission.
>
> (c) Failure to take practical means to prevent transmission alone is insufficient to prove the intent required pursuant to subparagraph (B) of paragraph (1) of subdivision (a).
>
> (d) Becoming pregnant while infected with an infectious or communicable disease, continuing a pregnancy while infected with an infectious or communicable disease, or declining treatment for an infectious or communicable disease during pregnancy does not constitute a crime for purposes of this section.
>
> (e) For purposes of this section, the following definitions shall apply:
>
> (1) "Conduct that poses a substantial risk of transmission" means an activity that has a reasonable probability of disease transmission as proven by competent medical or epidemiological evidence. Conduct posing a low or negligible risk of transmission as proven by competent medical or epidemiological evidence does not meet the definition of conduct posing a substantial risk of transmission.
>
> (2) "Infectious or communicable disease" means a disease that spreads from person to person, directly or indirectly, that has significant public health implications.
>
> (3) "Practical means to prevent transmission" means a method, device, behavior, or activity demonstrated scientifically to measurably limit or reduce the risk of transmission of an infectious or communicable disease, including, but not limited to, the use of a condom, barrier protection or prophylactic device, or good faith compliance with a medical treatment regimen for the infectious or communicable disease prescribed by a health officer or physician.
>
> (f) This section does not preclude a defendant from asserting any common law defense.

The statute also provides:

> (2) A defendant's medical records, medications, prescriptions, or medical devices shall not be used as the sole basis of establishing the specific intent required pursuant to subparagraph (B) of paragraph (1) of subdivision (a).

Initially, the defense respectfully requests that the Court require the Government to indicate whether the claim is that Mr. Kelly intentionally exposed others or that he willfully exposed others.

Further, the defense respectfully requests that the Court provide an instruction that the defendant does not act with the intent required pursuant to the statute if the defendant takes, or attempts to take, practical means to prevent transmission. The defense also respectfully requests that the Court provide an instruction that failure to take practical means to prevent transmission alone is insufficient to prove the intent to transmit a communicable disease.

California Penal Law Sections 261.5(a) and 261.5(b)

The statute provides: Statute:
> 261.5 (a): Unlawful sexual intercourse is an act of sexual intercourse accomplished with a person who is not the spouse of the perpetrator, if the person is a minor. For the purposes of this section, a "minor" is a person under the age of 18 years and an "adult" is a person who is at least 18 years of age.
>
> (b) Any person who engages in an act of unlawful sexual intercourse with a minor who is not more than three years older or three years younger than the perpetrator, is guilty of a misdemeanor.

The defense respectfully requests that the Court provide the following instruction:

Mistake of Fact: Reasonable mistake by the defendant as to the age of the minor is a defense. This defense applies if the defendant held a reasonable belief that the minor was at least eighteen years old at the time of the sexual intercourse.[1]

Authority: *People v. Hernandez*, 61 Cal.2d 529, 534, 39 Cal.Rptr. 361, 393 P.2d 673 (Sup. Ct. Cal. 1964) ("There can be no dispute that a criminal intent exists when the perpetrator proceeds with utter disregard of, or in the lack of grounds for, a belief that the female has reached the age of consent. But if he participates in a mutual act of sexual intercourse, believing his partner to be beyond the age of consent, with reasonable grounds for such belief, where is his criminal intent? In such circumstances he has not consciously taken any risk. Instead he has subjectively eliminated the risk by satisfying himself on reasonable evidence that the crime cannot be committed. If it occurs that he has been misled, we cannot realistically conclude that for such reason alone the intent with which he undertook the act suddenly becomes more heinous").[2] The Court in *Hernandez*, reversed a conviction for statutory rape wherein the complainant was 17 years and 9 months and the accused had a good faith belief that the complainant was over the age of consent.

---

[1] Judge Sterling Johnson, Jr. provided a jury instruction on a good faith defense in *United States v. Mensah*, 19 Cr. 60 (SJ).

[2] *Hernandez* was superseded by statute 261.5 (d) only regarding sex with a minor under the age of 14 and that is not applicable to the instant case.

**<u>Verdict Sheet</u>**

        The defense respectfully requests that the Court amend the verdict sheet so that the choices read:

Not Guilty_____            Guilty_____     and

Not Proven_____            Proven_____ .

The rationale for such an amendment is obvious. The defendant is presumed innocent. To require the jury to surrender that presumption to first consider guilt in order to go back to a consideration of whether the defendant is not guilty is confusing, may shift the burden of proof, and denies the defendant the true presumption of innocence.[3]

                                                        Respectfully submitted,

                                                        /s/

                                                        Calvin H. Scholar

CHS/jb

cc:     All Counsel,   by E-MAIL

---

[3] Judge Sidney Stein made such an amendment in *United States v. Bryan Duncan, et al.*, 18 Cr. 289 (SHS) Trial Transcript dated May 20, 2019 at p. 1601-02.