

U.S. Department of Justice

United States Attorney
Eastern District of New York

EAG/NIS/MCM
F. #2019R00029

271 Cadman Plaza East
Brooklyn, New York 11201

September 19, 2021

By ECF

Honorable Ann M. Donnelly
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Robert Sylvester Kelly
               Criminal Docket No. 19-286 (S-3) (AMD)

Dear Judge Donnelly:

      The government respectfully submits this letter (1) in response to the defendant's September 18, 2021 "letter motion seeking an amendment of the proposed jury instructions," (which includes a request that Racketeering Act One be dismissed), see ECF No. 219, and (2) seeking certain clarifications and additions to the proposed jury instructions. For the reasons set forth below, with the exception of the defendant's motion as it pertains to Racketeering Act Nine, the motion should be denied.

I.    The Defendant's Motion to Dismiss Racketeering Act One and His Request to Charge Regarding Racketeering Act One:

      The Court should reject the defendant's assertion that Racketeering Act One be dismissed. As a preliminary matter, the defendant's request to dismiss Racketeering Act One is premature as the government has not yet rested its case in chief. Moreover, the defendant erroneously claims that the defendant must have himself tendered the property at issue—here approximately $500 in cash to an employee at the Illinois Department of Public Aid ("IDPA")—in order for the government to prove that the defendant committed the crime alleged in Racketeering Act One. As set forth in the Third Superseding Indictment (the "Indictment"), the defendant is charged with committing bribery in violation of Illinois Criminal Code Sections 5/33-1(a) and 5/5-1. (Indictment ¶ 13). Pursuant to Illinois Criminal Code Section 5/5-1, "[a] person is responsible for conduct which is an element of

an offense if the conduct is either that of the person himself, or that of another and he is legally accountable for such conduct as provided in Section 5-2, or both." As set forth in pertinent part in "Section 5-2,"

> [a] person is legally accountable for the conduct of another when . . . (b) the statute defining the offense makes him or her so accountable; or (c) either before or during the commission of an offense, and with the intent to promote or facilitate that commission, he or she solicits, aids, abets, agrees, or attempts to aid that other person in the planning or commission of the offense.

Illinois Criminal Code Section 5/5-2.  Accordingly, under Illinois Criminal Code Sections 5/33-1(a) and 5/5-1, the defendant does not need to have directly furnished the currency to the IDPA employee himself in order for the jury to find Racketeering Act One proven.  Indeed, under the law, the defendant need not even have been present when the bribe was furnished to the IDPA employee.  (See Illinois Pattern Jury Instructions 5.03 and 5.06 ("Actual physical presence at the commission of a crime is not a requirement for legal responsibility.")).  Nor does the defendant have to provide the currency himself to an intermediary in order to be found to have committed Racketeering Act One.  As discussed above, under Section 5/5-1, the defendant is legally accountable for the conduct of another where he "solicits, aids, abets, agrees, or attempts to aid that other person in the planning or commission of the offense."  Illinois Criminal Code Sections 5/5-1 & 5/5-2.

Given that the defendant is charged in the Indictment with committing the bribery alleged in Racketeering Act One in violation of Illinois Criminal Code Sections 5/33-1(a) and 5/5-1, the government respectfully submits the proposed amended jury charge, attached hereto as Exhibit A, with respect to Racketeering Act One to ensure clarity and reflect the various manners in which the jury may find Racketeering Act proven under the law as charged, including through the use of an intermediary as well as through the defendant's own legal accountability for the conduct of another under Illinois law.  The government respectfully requests that the Court adopt the government's amended proposed jury instruction for Racketeering Act One set forth in Exhibit A.

Finally, with respect to Racketeering Act One, there is currently ample evidence in the record reflecting the defendant's participation in the bribery scheme, including, but not limited to, testimony regarding the defendant being present in the hotel room where Demetrius Smith suggested he could bribe an employee at the IDPA, the defendant accompanying Smith and Aaliyah Haughton to the local office where the IDPA employee was bribed in exchange for a fraudulent identification card for Aaliyah Haughton, the defendant's motive for obtaining said identification and the defendant's clear control and micro managing of the conduct of his employees and other members of his inner circle.  The defendant's motion to dismiss should, therefore, be denied and the government respectfully requests that the Court include the attached amended instructions as part of its charge to the jury.

II. The Defendant's Request to Charge Regarding Racketeering Act Eight and California Health and Safety Code § 120290

The defendant asserts that the jury instructions for Racketeering Act Eight are wrong with respect to their reference to California Health and Safety Code § 120290. The defendant is mistaken and relies on the wrong version of § 120290 to assert that an amendment is necessary. The defendant quotes the version of the statute that did not go into effect until January 1, 2018 (and which is currently operative). The indictment (and the correlative jury instructions), however, makes clear that the version of § 120290 at issue is the version that was effective from 1998 through May 26, 2016, which covers the period in which the conduct charged in Racketeering Act Eight is alleged to have occurred (i.e., on or about and between April 28, 2015 and May 1, 2015).

With respect to Racketeering Act 8A, the Indictment reads as follows:

> On or about and between **April 28, 2015 and May 1, 2015**, both dates being approximate and inclusive, within the Central District of California, the Northern District of California and elsewhere, the defendant ROBERT SYLVESTER KELLY, together with others, did knowingly and intentionally transport an individual, to wit: Jane Doe #5, an individual whose identity is known to the Grand Jury, in interstate commerce, with intent that such individual engage in sexual activity for which a person can be charged with a criminal offense, to wit: **violations of Cal. Health and Safety Code § 120290 (effective 1998) (willful exposure of a communicable disease)**, in that KELLY engaged in unprotected sexual intercourse with Jane Doe #5 without first informing Jane Doe #5 that he had contracted herpes and obtaining her consent to sexual intercourse in these circumstances, in violation of Title 18, United States Code, Sections 2421(a) and 2

Indictment ¶ 23 (emphasis added).

With respect to Racketeering Act 8B, the Indictment reads as follows:

> On or about and between **April 28, 2015 and May 1, 2015**, both dates being approximate and inclusive, within the Central District of California, the Northern District of California and elsewhere, the defendant ROBERT SYLVESTER KELLY, together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #5, to travel in interstate commerce, to engage in sexual activity for

3

>which a person can be charged with a criminal offense, to wit: violations of **Cal. Health and Safety Code § 120290 (effective 1998) (willful exposure of a communicable disease)**, in that KELLY engaged in unprotected sexual intercourse with Jane Doe #5 without first informing Jane Doe #5 that he had contracted herpes and obtaining her consent to sexual intercourse in these circumstances, in violation of Title 18, United States Code, Sections 2422(a) and 2.

Indictment ¶ 24 (emphasis added). In 2015, the operative version of § 120290 (titled "willful exposure of a communicable disease") provided, in its entirety, as follows:

> Except as provided in Section 120291[1] or in the case of the removal of an afflicted person in a manner the least dangerous to the public health, any person afflicted with any contagious, infectious, or communicable disease who willfully exposes himself of herself to another person, and any person who willfully exposes another person afflicted with the disease to someone else, is guilty of a misdemeanor.

Cal. Health & Safety Code § 120290 (effective 1998). The text of the statute that the defendant cites (including the language regarding specific intent to transmit an infectious or communicable disease), see ECF Docket No. 219 at 5-6, did not come into effect until after the conduct charged in Racketeering Act Eight.

      As a result, the government's proposed jury charge regarding § 120290 properly quotes the relevant portion of § 120290 that was in effect at the time of the charged conduct and properly sets forth the elements of the charged conduct. As set forth in the government's proposed jury charge, at the time of the charged conduct, § 120290 required that the defendant act willfully – not with specific intent to transmit an infectious or communicable disease, as the defendant's proposed instructions would require. see ECF Docket No. 219 at 6. As set forth in the government's proposed jury charge, see ECF Docket No. 117 at 60 n.14, both at the time of the charged conduct and now, California law provided that "[t]he word 'willfully,' when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act, or make the omission referred to. It does not require any intent to violate law, or to injure another, or to acquire any

---

[1] The 1998 amendment to the statute added the reference to a new, separate provision in California's Health and Safety Code – namely, Section 120291. Specifically, section 120291 made it a felony and provided harsher penalties for individuals who exposed others to the HIV virus by engaging in unprotected sexual activity without first disclosing their HIV-positive status and acted with specific intent to infect the other person with HIV. This version of § 120291 was in effect at the time of the conduct charged in Racketeering Acts 8A and 8B.

4

advantage." Cal. Penal Law 7(1) (effective until 2016); see also People v. Valdez, 27 Cal. 4th 778, 787-788 (2002); cf. People v. Atkins, 25 Cal. 4th 76, 85 (2000) ("willfully" implies no evil intent). The defendant's proposed changes to the jury charge with respect to the intent required for Racketeering Acts Eight should, therefore, be rejected.

III.   The Defendant's Request to Charge Regarding Racketeering Act Nine

With respect to Racketeering Act Nine, the defendant requests the inclusion of an instruction regarding mistake of fact with respect to the minor's age. ECF Docket No. 219 at 7. The government agrees that the substance of the defendant's proposed instruction indicating that a reasonable belief that the minor was 18 years of age is a defense and should be included in the jury charge. The government respectfully requests a slightly differently-worded instruction regarding this matter, however, as described below.

As an initial matter, however, the government respectfully alerts the Court to a typographical error in the language in the Indictment with respect to Racketeering Act Nine (which is repeated in each of its subparts), which the government respectfully submits that the Court should correct. Specifically, in Racketeering Acts 9(A), 9(B), 9(C), and 9(D), there is a typographical error in the final "to wit" clause for these acts. Those paragraphs currently state, in relevant part, that the defendant either transported, or coerced/enticed an individual who had not yet attained the age of 18 (Jane Doe #5) to travel, "in interstate commerce, with intent that such individual engage in sexual activity for which a person can be charged with a criminal offense, to wit: violations of California Penal Law Sections 261.5(a) and 261.5**(b)** (unlawful sexual intercourse with a person under 18 years old), in that KELLY engaged in sexual intercourse with Jane Doe #5 who was under 18 years old, while he was more than three years older than Jane Doe #5, in violation of [federal law]." Indictment ¶¶ 26-29 (emphasis added). The typographical error is in the citation to Section 261.5**(b)**, which -- as the rest of the language in the relevant paragraphs makes clear – is in error and should be corrected to cite to Section 261.5**(c)**. The relevant portions of Section 261.5 of the California Penal Law are set forth below:

> (a) Unlawful sexual intercourse is an act of sexual intercourse accomplished with a person who is not the spouse of the perpetrator, if the person is a minor. For the purposes of this section, a "minor" is a person under the age of 18 years and an "adult" is a person who is at least 18 years of age.
>
> (b) Any person who engages in an act of unlawful sexual intercourse with a minor who is not more than three years older or three years younger than the perpetrator, is guilty of a misdemeanor.
>
> (c) Any person who engages in an act of unlawful sexual intercourse with a minor who is more than three years younger than the perpetrator is guilty of either a misdemeanor or a felony, and shall be punished by imprisonment in a county jail

5

>not exceeding one year, or by imprisonment pursuant to
>subdivision (h) of Section 1170.

California Penal Law § 261.5(a)-(c). The Indictment correctly cites to Section 261.5(a), which defines unlawful sexual intercourse with a minor. The Indictment erroneously cites to Section 261.5(b), which is the subsection that applies if the minor is within three years of age of the perpetrator. This is clearly a typographical error, given that the Indictment immediately thereafter provides notice of the specific conduct at issue that is violative of Section 261.5, stating: "in that KELLY engaged in sexual intercourse with Jane Doe #5 who was under 18 years old, **while he was more than three years older than Jane Doe #5**, in violation of [federal law]." Indictment ¶¶ 26-29 (emphasis added). Section 261.5(c) is the provision that applies in such circumstances. See Cal. Penal Law §261.5(c) ("Any person who engages in an act of unlawful sexual intercourse with a minor who is more than three years younger than the perpetrator is guilty of [a crime]."). The government respectfully submits that the Court should correct this typographical error in the Indictment and amend the jury charge accordingly. See United States v. Dhinsa, 243 F.3d 635, 667 (2d Cir. 2001) ("The requirement that the Grand Jury amend the indictment is not absolute; the district court or the prosecutor may make 'ministerial change[s]' to the indictment, such as to correct a misnomer or typographical errors.") (alteration in original); United States v. Miller, 116 F.3d 661, 669 (2d Cir. 1997) (prosecutor may move for a minor correction of an indictment because "the correction of merely technical errors, such as typographical or clerical mistakes, is permissible where it does not alter the essential substance of the charging terms"); United States v. Dames, 386 F.Supp.2d 523 (S.D.N.Y. 2005) (holding that amendment by Court of citation in indictment appropriate where indictment mistakenly cited wrong subsection of 18 U.S.C. § 924 and indictment provided notice in its language as to correct subsection); Fed. R. Crim. P. 7(c)(2) ("Citation Error. Unless the defendant was misled and thereby prejudiced, neither an error in a citation nor a citation's omission is a ground to dismiss the indictment or information or to reverse a conviction.."). Given the clear language in the indictment, the defendant had ample notice of the violative conduct at issue and the requested typographical correction does not alter the essential substance of the charging terms in any way.

With this typographical error corrected, the government respectfully submits that the following jury charge with respect to Racketeering Act Nine should be used, which incorporates the substance of the instruction requested by defense counsel:[2]

>The Indictment provides that the defendant violated California
>Law by engaging in sexual intercourse with Jane Doe #5 who
>was under 18 years old, while he was more than three years
>older than Jane Doe #5. California law provides that "[a]ny
>person who engages in an act of unlawful sexual intercourse

---

[2] The government also respectfully requests that the Court delete the following language from pages 65 and 68 of the government's proposed jury charge with respect to Racketeering Acts 9(C) and 9(D): "The government need not prove that the defendant knew the minor was less than eighteen years old."

6

with a minor who is more than three years younger than the perpetrator is guilty of [a crime]." "Unlawful sexual intercourse is an act of sexual intercourse accomplished with a person who is not the spouse of the perpetrator, if the person is a minor." For the purposes of this section, a "minor" is a person under the age of 18 years and an "adult" is a person who is at least 18 years of age. To prove a violation of this provision of California law, the government must prove that:

1. The defendant had sexual intercourse with Jane Doe #5;
2. The defendant and Jane Doe #5 were not married to each other at the time of the intercourse; and
3. At the time of the intercourse, Jane Doe #5 was under the age of 18 and more than three years younger than the defendant.

Sexual intercourse means any penetration, no matter how slight, of the vagina or genitalia by the penis. Ejaculation is not required.

It is not a defense that Jane Doe #5 may have consented to the intercourse.

<u>Defense: Good Faith Belief 18 or Over</u>
The defendant is not guilty of this violation of California law if he reasonably and actually believed that Jane Doe #5 was age 18 or older at the time of the charged intercourse. The government must prove beyond a reasonable doubt that the defendant did not reasonably and actually believe that Jane Doe #5 was at least 18 years old.[3]

IV. <u>Racketeering Act Three</u>

The government also submits amended and supplemental language to its proposed jury charge regarding Racketeering Act Three. Similar to Racketeering Act One, Racketeering Act Three charges that the defendant committed the alleged offense in violation of Illinois Criminal Code 5/10-1 and 5/5-1. Accordingly, the government's proposed amended jury instruction, attached as Exhibit C, reflects accountability liability as charged in the Indictment under Illinois law. The government respectfully requests that the Court adopt the government's amended proposed jury instruction for Racketeering Act Three set forth in Exhibit C.

---

[3] <u>See</u> CALCRIM No. 1071 (Unlawful Sexual Intercourse: Minor More Than Three Years Younger (Pen. Code, § 261.5(a) & (c))), *available at* www.justia.com/criminal/docs/calcrim/1000/1071/ (attached hereto as Exhibit B).

V.  Racketeering Act Five

Finally, the government respectfully requests that the Court add the following language to the jury instruction for Racketeering Act Five, after the sentence "Evidence of emission of semen is not required to prove sexual penetration": "It is a defense to the charge of aggravated criminal sexual abuse that the defendant reasonably believed Jane Doe #4 to be 17 years of age or older at the time the act(s) of sexual penetration were committed."[4]

Respectfully submitted,

JACQUELYN M. KASULIS
Acting United States Attorney

By:   /s/
Elizabeth Geddes
Nadia Shihata
Maria Cruz Melendez
Assistant U.S. Attorney
(718) 254-6430

---

[4] See Illinois Pattern Jury Instructions – Criminal 11.64.  The government also respectfully requests that the Court delete the following sentence from page 50 of the government's proposed jury charge with respect to Racketeering Acts Five: "The government does not need to prove that the defendant knew that Jane Doe #4 was less than 18 years old."