**Exhibit A**

# REQUEST NO. 16
Racketeering Act One: Bribery

Racketeering Act One charges defendant with bribery. It reads:

> On or about August 30, 1994, within the Northern District of Illinois, the defendant ROBERT SYLVESTER KELLY, together with others, did knowingly and intentionally cause another individual to promise and tender to a public officer and public employee property, to wit: Unites States currency, that such public officer and public employee was not authorized by law to accept, with the intent to influence the performance of an act related to the employment and function of a public officer and public employee, to wit: the creation of a fraudulent identification document for Jane Doe #1, an individual whose identity is known to the Grand Jury, in violation of Illinois Criminal Code Sections 5/33-1(a) and 5/5-1.

Illinois Criminal Code Section 5/33-1(a) provides, in pertinent part, that:

> A person commits bribery when . . . with intent to influence the performance of any act related to the employment or function of any public officer [or] public employee . . . , he . . . promises or tenders to that person any property . . . which he . . . is not authorized by law to accept.

In order to prove that the defendant committed the crime alleged in Racketeering Act One, the government must prove beyond a reasonable doubt each of the following three elements:

**First,** That the person that the defendant **or one for whose conduct he is legally responsible** sought to influence was a public officer or a public employee; and

Second, That the defendant **or one for whose conduct he is legally responsible** promised or tendered property to the public officer or public employee the defendant or one for whose conduct he is legally responsible sought to influence; and

Third, That the defendant **or one for whose conduct he is legally responsible** did so with the intent to influence the performance of any act related to that public officer's or public employee's employment or function as a public officer or public employee.

**Exhibit A**

In the alternative, the government may also prove that the defendant committed the crime alleged in Racketeering Act One, if it proves beyond a reasonable doubt each of the following two elements:

> **First**, That the defendant **or one for whose conduct he is legally responsible** promised or tendered property to another individual; and
>
> **Second**, That the defendant **or one for whose conduct he is legally responsible** did so with the intent to cause another individual to influence the performance of any act related to the employment or function of a public officer or public employee.

### Authority

Illinois Pattern Jury Instructions – Criminal 5.03; 21.11; 21.12; 21.12B; Committee Notes to 21.12 and 21.12B ("When accountability is an issue, ordinarily insert the phrase 'or one for whose conduct he is legally responsible' after the word 'defendant' in each proposition"); United States v. Genova, 167 F. Supp. 2d 1021, 1040-41 (N.D. Il. 2001) ("A mere offer or promise with requisite intent is sufficient to constitute bribery under Illinois law.").

Illinois Criminal Code Section 5/5-1 provides, in pertinent part, that:

> Accountability for Conduct of Another. A person is responsible for conduct which is an element of an offense if the conduct is either that of the person himself, or that of another and he is legally accountable for such conduct as provided in Section 5-2, or both.

Illinois Criminal Code Section 5/5-2 provides, in pertinent part, that:

A person is legally accountable for the conduct of another when:

(b) the statute defining the offense makes him so accountable; or

**Exhibit A**

> (c) either before or during the commission of an offense, and with the intent to promote or facilitate that commission, he solicits, aids, abets, agrees, or attempts to aid that other person in the planning or commission of the offense.
>
> When 2 or more persons engage in a common criminal design or agreement, any acts in the furtherance of that common design committed by one party are considered to be the acts of all parties to the common design or agreement and all are equally responsible for the consequences of those further acts. Mere presence at the scene of a crime does not render a person accountable for an offense; a person's presence at the scene of a crime, however, may be considered with other circumstances by the trier of fact when determining accountability.
>
> A person is not so accountable, however, unless the statute defining the offense provides otherwise, if:
>
>> (1) he is a victim of the offense committed;
>> (2) the offense is so defined that his conduct was inevitably incident to its commission; or
>> (3) before the commission of the offense, he terminates his effort to promote or facilitate that commission and does one of the following: (i) wholly deprives his prior efforts of effectiveness in that commission, (ii) gives timely warning to the proper law enforcement authorities, or (iii) otherwise makes proper effort to prevent the commission of the offense.

I further instruct you that, with respect to Racketeering Act One, the defendant is legally responsible for the conduct of another person when, either before or during the commission of an offense, and with the intent to promote or facilitate the commission of the offense, the defendant knowingly solicits, aids, abets, agrees to aid, or attempts to aid the other person in the planning or commission of the offense.

Actual physical presence at the commission of a crime is not a requirement for legal responsibility.

Intent to promote or facilitate the commission of the offense may be shown by evidence that the defendant shared a criminal intent of the principal or evidence that there was a common criminal design.

A person who is legally responsible for the conduct of another may be convicted for the offense committed by the other person even though the other person, who it is claimed committed the offense, has not been prosecuted or has not been convicted of the offense.

**Exhibit A**

## Authority

Illinois Pattern Jury Instructions – Criminal 5.03 and 5.06.