**Exhibit B**

# REQUEST NO. 18
Racketeering Act Three: Kidnapping

Racketeering Act Three charges defendant with kidnapping. It reads:

> In or about and between 2003 and 2004, both dates being approximate and inclusive, within the Northern District of Illinois and elsewhere, the defendant ROBERT SYLVESTER KELLY, together with others, did knowingly and intentionally secretly confine an individual, to wit: Jane Doe #3, an individual whose identity is known to the Grand Jury, against her will, and induce Jane Doe #3 by deceit and enticement to go from one place to another with intent secretly to confine her against her will, in violation of Illinois Criminal Code Sections 5/10-1 and 5/5-1.

Illinois Criminal Code Section 5/10-1 provides, in pertinent part, that:

> Kidnap[p]ing occurs when a person knowingly: (1) [a]nd secretly confines another against his will, or . . . (3) [b]y deceit or enticement induces another to go from one place to another with intent secretly to confine h[er] against h[er] will.

The government must prove beyond a reasonable doubt each of the following elements:

**First**, That the defendant **or one for whose conduct he is legally responsible** acted knowingly; and

**Second**, That the defendant **or one for whose conduct he is legally responsible** (i) secretly confined, or caused another to secretly gconfine, Jane Doe #3 against her will, or (ii) by deceit or enticement, induced Jane Doe #3 to go from one place to another place, and that when the defendant **or one for whose conduct he is legally responsible** did so, he **or one for whose conduct he is legally responsible** intended secretly to confine Jane Doe #3 against her will.

Confinement is established where the victim has been clearly enclosed within something, most commonly, a house or a car. The secret confinement element of kidnapping may be shown by proof of the secrecy of either the confinement or the place of confinement. Put another way, confinement is secret where it serves to isolate or insulate the victim from

meaningful contact or communication with the public, that is, when the confinement is in a place or in a manner which makes it unlikely that members of the public will know or learn of the victim's unwilling confinement within a reasonable period of time.

Authority

>Illinois Pattern Jury Instructions – Criminal 5.03; 5.06; 8.02; People v. Gonzalez, 239 Ill. 2d 471, 479 (2011) ("Although the statute does not define secret confinement, this court has defined the term 'secret' as concealed, hidden, or not made public. In turn, the term "confinement" is defined as the act of imprisoning or restraining someone. It is settled that the secret confinement element of kidnapping may be shown by evidence of the secrecy of the confinement or the secrecy of the location of the confinement."); People v. Quintana, 332 Ill. App. 3d 96, 104 (1st Dist. 2002) ("'Secret' denotes concealed, hidden, or not made public. Confinement is established where the victim has been clearly enclosed within something, most commonly, a house or a car."); 3 Wayne R. LaFave, Substantive Criminal Law § 18.1(c), at 17 (2d ed. 2003) (confinement is "secret where it serves to isolate or insulate the victim from meaningful contact or communication with the public, that is, when the confinement is in a place or in a manner which makes it unlikely that members of the public will know or learn of the victim's unwilling confinement within a reasonable period of time").

As I previously explained to you with respect to Racketeering Act One, Illinois Criminal Code Section 5/5-1 provides, in pertinent part, that:

> Accountability for Conduct of Another. A person is responsible for conduct which is an element of an offense if the conduct is either that of the person himself, or that of another and he is legally accountable for such conduct as provided in Section 5-2, or both.

In addition, as I have previously explained, Illinois Criminal Code Section 5/5-2 provides, in pertinent part, that:

> A person is legally accountable for the conduct of another when:
>
>> (b) the statute defining the offense makes him so accountable; or

>   (c) either before or during the commission of an offense, and with the intent to promote or facilitate that commission, he solicits, aids, abets, agrees, or attempts to aid that other person in the planning or commission of the offense.
>
> When 2 or more persons engage in a common criminal design or agreement, any acts in the furtherance of that common design committed by one party are considered to be the acts of all parties to the common design or agreement and all are equally responsible for the consequences of those further acts.  Mere presence at the scene of a crime does not render a person accountable for an offense; a person's presence at the scene of a crime, however, may be considered with other circumstances by the trier of fact when determining accountability.
>
> A person is not so accountable, however, unless the statute defining the offense provides otherwise, if:
>
>   (1) he is a victim of the offense committed;
>   (2) the offense is so defined that his conduct was inevitably incident to its commission; or
>   (3) before the commission of the offense, he terminates his effort to promote or facilitate that commission and does one of the following: (i) wholly deprives his prior efforts of effectiveness in that commission, (ii) gives timely warning to the proper law enforcement authorities, or (iii) otherwise makes proper effort to prevent the commission of the offense.

I further instruct you that, with respect to Racketeering Act Three, the defendant is legally responsible for the conduct of another person when, either before or during the commission of an offense, and with the intent to promote or facilitate the commission of the offense, the defendant knowingly solicits, aids, abets, agrees to aid, or attempts to aid the other person in the planning or commission of the offense.

Actual physical presence at the commission of a crime is not a requirement for legal responsibility.

Intent to promote or facilitate the commission of the offense may be shown by evidence that the defendant shared a criminal intent of the principal or evidence that there was a common criminal design.

A person who is legally responsible for the conduct of another may be convicted for the offense committed by the other person even though the other person, who it is claimed committed the offense, has not been prosecuted or has not been convicted of the offense.

## **Authority**

Illinois Pattern Jury Instructions – Criminal 5.03 and 5.06.