

21st Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**Rachel F. Strom**
212-402-4069 tel

RachelStrom@dwt.com

September 20, 2021

**VIA ECF**

Hon. Ann Donnelly
Eastern District of New York
225 Cadman Plaza East
Courtroom 4GN
Brooklyn, New York 11201

Re:   *United States of America v. Robert Sylvester Kelly*, 19-CR-286 (E.D.N.Y.)

Dear Judge Donnelly:

     We write on behalf of The Associated Press, American Broadcasting Companies, Inc. d/b/a ABC News, Billboard Media, LLC publisher of Billboard, Buzzfeed Inc. on behalf of Buzzfeed News and HuffPost, CBS Broadcasting Inc. on behalf of CBS News and WCBS-TV, Cable News Network, Inc., Tribune Publishing, Condé Nast, Court TV Media LLC, The Daily Beast, National Public Radio, Inc., and The New York Times Company (collectively, the "Press Organizations") to seek access to the audio and video evidence presented to jurors via headphones in this case on September 15, 2021. Nothing on the docket suggests that this Court has made the requisite on-the-record findings, under either the First Amendment or federal common law standards, to support sealing this trial evidence from public view. Accordingly, the Press Organizations seek immediate access to the September 15 evidence.[1]

     As we mentioned in our prior letter, a copy of which is attached hereto as Attachment A, the press and the public have a presumptive First Amendment right of access to criminal trials. *See*

---

[1] It is possible that this Court made findings under the requisite *Press-Enterprise Co.* test, but did so off the microphone so that the members of the press, who are not allowed in the actual courtroom, were unable to hear. Because the transcripts in this matter are taking about two weeks to be filed publicly, the Press Organizations have no way of determining whether the requisite findings have been made.  As such, the Press Organizations again seek at least one pool seat in the courtroom to ensure that the Press Organizations have full and immediate access to this important public trial.

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

September 20, 2021
Page 2

*Globe Newspaper Co. v. Superior Ct. for Norfolk Cty.*, 457 U.S. 596, 604–06 (1982). The Supreme Court has found that "[p]ublic scrutiny of a criminal trial enhances the quality and safeguards the integrity of the factfinding process, with benefits to both the defendant and to society as a whole." *Id.* The access right applies to both proceedings and the documents that are part of the proceedings. *In re New York Times Co.*, 828 F.2d 110, 114 (2d Cir. 1987).

Under Supreme Court precedent, this presumptive access right "may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enterprise Co. v. Sup. Court of California, Riverside Cty.*, 464 U.S. 501, 510 (1984). To defeat the presumptive right of access, a party must demonstrate that:

1. There exists a "substantial probability" that unsealing will cause harm to a compelling governmental interest;
2. There exists no reasonable alternative to adequately protect the threatened interest;
3. Any denial of access is narrowly tailored to serve that interest; and
4. A denial of access would prevent the harm sought to be avoided.

*Press-Enterprise Co. v. Sup. Court of California, Riverside Cty.*, 478 U.S. 1, 13–14 (1986). *See also United States v. Doe*, 629 F. App'x. 69, 72 (2d Cir. 2015) (summary order). An interest in closure must "be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered." *Press-Enterprise Co.*, 464 U.S. at 510. Here, however, it appears that the Court has made no public findings that could support sealing the September 15 trial evidence from public view. Indeed, while this Court mentioned on September 17 and again this morning that it did not plan to publicly and fully release the evidence, it appears the Court reached this determination without applying the *Press-Enterprise* standards, and thus, without making an on-the-record determination that completely sealing the evidence would be narrowly tailored to a compelling interest. At the very least, this Court should consider redacting the sensitive material to permit the public release of this evidence.[2] Similarly, neither party has made the rigorous showing that would satisfy this strict standard and warrant the sealing of this evidence.

---

[2] It appears that the Court is considering releasing redacted audio versions of at least some of the evidence, but has stated that it does not intend to release the video evidence at all – not even with redactions.

September 20, 2021
Page 3

      Because the materials were not sealed when they were presented to the jury, the Press Organizations now have an immediate right to access and to make copies of the video and audio evidence. *See Application of Nat'l Broad. Co., Inc.,* 635 F.2d 945, 952 (2d Cir. 1980) ("[T]here is a presumption in favor of public inspection and copying of any item entered into evidence at a public session of a trial"). Indeed, in *Application of Nat'l Broad. Co., Inc.*, the Second Circuit concluded that "When physical evidence is [shown to the jury] in a form that permits inspection and copying without any significant risk of impairing the integrity of the evidence or interfering with the orderly conduct of the trial, only the most compelling circumstances should prevent contemporaneous public access to it." *Id.*

      We therefore respectfully request that this Court permit the Press Organizations to review and copy the video and audio evidence reviewed by jurors in this case on September 15, 2021. If, however, this Court does seek to seal this evidence, the Press Organizations ask to be heard on the matter to address any arguments by the parties or any questions this Court may have.

      Thank you for your attention to this matter.

                                                           Respectfully Submitted,

                                                           Rachel F. Strom
                                                           Nimra H. Azmi

cc:     Counsel for all parties (via ECF)