

U.S. Department of Justice

United States Attorney
Eastern District of New York

EAG/NIS/MCM
F. #2019R00029

271 Cadman Plaza East
Brooklyn, New York 11201

September 22, 2021

By ECF

Honorable Ann M. Donnelly
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   United States v. Robert Sylvester Kelly
            Criminal Docket No. 19-286 (S-3) (AMD)

Dear Judge Donnelly:

      The government writes in brief response to the defendant's letter providing transcript citations for the statements he seeks to admit as prior inconsistent statements. As the government advised the Court and counsel earlier today, the government does not oppose the introduction of certain prior inconsistent statements, including some of the ones included in the defendant's letter. In fact, of the statements set forth in the defendant's letter, the government opposes the introduction of only four such statements. The reasons for the government's objections are described below. In addition, the government seeks to admit certain statements as prior consistent statements and has provided the defendant with copies of its proposals.

DISCUSSION

I.    Prior Inconsistent Statements

      The Second Circuit has held that extrinsic evidence of a prior inconsistent statement may be introduced for the purpose of impeaching a witness's credibility only if "(1) the statement is inconsistent with the witness's trial testimony, (2) the witness is afforded an opportunity to deny or explain the same, and (3) the opposing party is afforded the opportunity to cross-examine the witness thereon," United States v. Strother, 49 F.3d 869, 874 (2d Cir. 1995), and has recognized that "the determination of whether statements are in fact inconsistent is committed to the sound discretion of the district court, and that

'statements need not be diametrically opposed to be inconsistent....'" <u>United States v. Agajanian</u>, 852 F.2d 56, 58 (2d Cir. 1988) (quoting <u>United States v. Jones</u>, 808 F.2d 561, 568 (7th Cir. 1986)).

- The defendant seeks to admit a statement by Jane that Jane "denies telling Government that Kelly masturbated while she was singing when she met him at Dolphin hotel" and cites the transcript at page 1151 for the purported inconsistent statement. According to the transcript citation provided by the defendant, Jane was only asked if she recalled making that particular statement to the government and she answered in the negative. Because Jane did not deny that the defendant masturbated in the room – and instead only that she did not recall <u>telling the government</u> that he masturbated in the room, there is nothing inconsistent.
- The defendant seeks to admit a statement by Jane that Jane "denies telling Government that training/ singing was hard for her" and cites the transcript at page 1152 for the alleged inconsistency. Because Jane did not deny that training/singing was hard – and instead only stated that she did not recall <u>telling the government</u> that that training/singing was hard, there is nothing inconsistent.
- The defendant seeks to admit a statement by Jane that Jane "denies telling Government that Kelly told her that she was not pulling her weight in music career" and cites the transcript at page 1153 for the inconsistency. Because Jane did not deny that Kelly told her that she was not pulling her weight in her music career – and instead only stated that she did not recall <u>telling the government</u> that that Kelly told her that she was not pulling her weight in her music career, there is no inconsistency.
- The defendant seeks to admit a statement by Alesiette Mayweather that Mayweather "denies stating that she escorted Kelly's girlfriends" and cites the transcript at pages 3479-80 for the inconsistency. The transcript makes clear that Alesiette Mayweather admitted to escorting the defendant's girlfriends, and therefore there is no need to introduce a prior inconsistent statement.

II.     <u>Prior Consistent Statements</u>

The government also seeks to admit certain prior consistent statements of Anna and Faith. The statements the government seeks to admit are admissible in the government's rebuttal case as prior consistent statements under Federal Rule of Evidence 801(d)(1). Specifically, the government seeks to admit prior consistent statements in rebuttal to the defendant's admission of the following statement by Faith to an officer with the NYPD on January 14, 2019:

- Faith stated that she was tested for sexually transmitted diseases in December of 2017 and tested positive for herpes.

The government seeks to admit the following prior consistent statements by Faith:

- At some point after she travelled to New York in February 2018, Faith got the flu and cold sores. Faith later learned that what she had was herpes, Type 1. (Statement made to HSI agent on January 30, 2019).

2

- - o   The statement is consistent with her testimony that she tested positive for herpes after she travelled to New York in February 2018, and rebuts the statement to be introduced by the defendant that she tested positive for herpes in December 2017.
  - Around November/December 2017, while dating Kelly, Faith had an STD test that came back negative.  (Statement made to HSI agent on January 30, 2019).
    - o   This statement is consistent with her testimony that the statement in the NYPD report is incorrect, and rebuts the statement to be introduced by the defendant that she tested positive for herpes in December 2017.
  - Faith met Kelly in Dallas, Texas sometime during the month of December 2017.  During this meeting they engaged in consensual oral and vaginal sex.  After this encounter and after Faith returned home, she started to have open blisters and cuts inside of her mouth.  She went to see a medial professional and was diagnosed with herpes.  (Statement made on April 9, 2018 to Dallas Police Department).
    - o   This statement is consistent with Faith's testimony that she was diagnosed with herpes after December 2017 and rebuts the statement to be introduced by the defendant that she tested positive for herpes in December 2017.
  - Faith stated that she had been checked out by a medical professional prior to this and was clean.  (Statement made on April 9, 2018 to Dallas Police Department).
    - o   This statement is consistent with Faith's testimony, and rebuts the statement to be introduced by the defendant that she tested positive for herpes in December 2017.[1]

The government also seeks to admit prior consistent statements in rebuttal to the defendant's admission of the statement by Anna that the defendant asked her to send a text to him.  In its rebuttal case, the government seeks to admit a statement by Anna that "After the incident where Kelly grabbed Anna and broke her necklace which cut her neck, Kelly then made her go back to the hotel and write a letter stating that she attacked Kelly."  That statement is consistent with her testimony and rebuts the implication in the statement the defendant seeks to admit indicating that the defendant asked her to send a text message (and not a letter).

---

[1] The prior consistent statements set forth above from January 30, 2019 are contained in 3500-FR-1 at page 15.  The prior consistent statements set forth above from April 9, 2018 are contained in 3500-FR-8 at pages 3-4.

        Respectfully submitted,

        JACQUELYN M. KASULIS
        Acting United States Attorney

By:    /s/
        Elizabeth Geddes
        Nadia Shihata
        Maria Cruz Melendez
        Assistant U.S. Attorney
        (718) 254-7000