UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
                                                                :
**UNITED STATES OF AMERICA**,                                   :
                                                                :
                – against –                                     :  **MEMORANDUM DECISION AND ORDER**
                                                                :
**ROBERT SYLVESTER KELLY**,                                     :  19-CR-286 (AMD)
                                                                :
                        Defendant.                              :
                                                                :
--------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

  The defendant was charged with racketeering in violation of 18 U.S.C. §§ 1962(c) and 1963, three counts of Mann Act transportation to engage in illegal sexual activity in violation of 18 U.S.C. § 2421(a), three counts of Mann Act coercion and enticement to engage in illegal sexual activity in violation of 18 U.S.C. § 2422(a), one count of Mann Act coercion of a minor to engage in illegal sexual activity in violation of 18 U.S.C. § 2422(b), and one count of Mann Act transportation of a minor with intent to engage in illegal sexual activity in violation of 18 U.S.C. § 2423(a). (ECF No. 43.) On September 27, 2021, the jury convicted the defendant of all counts. (T. Tr. 4765-73.)

  In February and March 2020, the defendant moved to dismiss Count One of the indictment and the counts of the indictment incorporating New York Public Health Law Section 2307. (ECF Nos. 41, 42.) I denied the motion. (ECF No. 69.) On the morning of jury selection, the defendant filed a second motion to dismiss the indictment, making some of the same arguments he made in the first motion.[1] (ECF No. 159.) The government opposed. (ECF No.

---

[1] In the second motion, the defendant sought dismissal of the entire indictment.

168.) I denied the motion on August 18, 2021. (T. Tr. 4.) This opinion sets forth the basis for that decision.

## BACKGROUND

The third superseding indictment, returned on March 12, 2020, charged the defendant with racketeering and violations of the Mann Act. (ECF No. 43.) Specifically, and as is relevant to the motion to dismiss:

Two of the racketeering acts (Racketeering Acts Twelve and Fourteen) and four of the Mann Act counts (Counts Six through Nine) included allegations that the defendant had sexual intercourse with Jane Doe #6 in violation of Section 120.20 of the New York Penal Law ("CPL")—reckless endangerment in the second degree—and Section 2307 of the New York Public Health Law ("PHL"), which prohibits someone who knows that he has "an infectious venereal disease" from having sexual intercourse with another person. The indictment alleged that the defendant "engaged in unprotected sexual intercourse with Jane Doe #6 without first informing [her] that he had contracted herpes and obtaining her consent to sexual intercourse in these circumstances." (*Id.* ¶¶ 33-34, 37-38, 43-46.)

Racketeering Act One charged that the defendant, together with others, bribed a public employee "[o]n or about August 30, 1994" "in violation of Illinois Criminal Code Sections 5/33-1(a) and 5/5-1." (*Id.* ¶ 13.) Racketeering Act Three charged that the defendant, together with others, confined Jane Doe #3 against her will "[i]n or about and between 2003 and 2004" "in violation of Illinois Criminal Code Sections 5/10-1 and 5/5-1." (*Id.* ¶ 15.)

Three of the racketeering acts charged (Racketeering Acts Two, Seven and Ten) accused the defendant of inducing a minor "to engage in sexually explicit conduct for the purpose of producing one or more visual depictions of such conduct." (*Id.* ¶¶ 14, 21, 30.)

**DISCUSSION**

The defendant raised three challenges to the third superseding indictment.[2] First, he argued that the PHL Section 2307 and CPL Section 120.20 charges should have been dismissed on the theory that the government could not prove the elements as a matter of law; the defendant contended that dismissing these charges would make venue inappropriate in the Eastern District of New York, and that the indictment should have been dismissed accordingly. (ECF No. 159 at 5-10.) Next, the defendant argued that Racketeering Acts One and Three should have been dismissed because they were untimely under Illinois state statutes of limitations. (ECF No. 159 at 11.) Third, the defendant claimed that Racketeering Acts Two, Seven and Ten, which charged the defendant with coercing a minor to create child pornography, should have been dismissed because "there [was] no evidence that visual depictions exist[ed]." (*Id.* at 12.)

**I.  Racketeering Acts Twelve and Fourteen and Counts Six Through Nine**

The defendant moved to dismiss Racketeering Acts Twelve and Fourteen, as well as Counts Six though Nine. These counts charged that the defendant violated the Mann Act when he "engaged in unprotected sexual intercourse with Jane Doe #6 without first informing [her] that he had contracted herpes and obtaining her consent to sexual intercourse in these circumstances," in violation of PHL Section 2307 and CPL Section 120.20. (ECF No. 43 ¶¶ 33-

---

[2] It is not clear that this second motion to dismiss was timely. The defendant filed it on August 9, 2021, after prospective jurors completed questionnaires, and on the morning that questioning of individual prospective jurors began. Federal Rule of Criminal Procedure 12(b)(3) requires certain motions to "be raised . . . pretrial." Motions that fall under 12(b)(3) include claims of improper venue and defects in the indictment. Fed. R. Crim. P. 12(b)(3). Rule 12(c)(3) provides that "if a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely." The defendant's attempt to evade this result by styling his motion as a 12(b)(2) motion not subject to 12(c)(3) is not persuasive. The arguments in this motion (which are discussed in detail in the sections below) clearly fall within 12(b)(3). Nor did the defendant establish good cause for the tardy filing. Indeed, the defendant moved to dismiss many of the same charges more than a year and a half before filing this motion. (*See* ECF Nos. 41, 42.)

3

34, 37-38, 43-46.) The defendant argued that pretrial dismissal was warranted because as a matter of law, the government could not establish that the defendant violated either state statute. This argument is unavailing for the reasons explained below; thus, the venue challenge also fails.

    a.    **PHL Section 2307**

PHL Section 2307 prohibits someone who knows that he has "an infectious venereal disease" from having sexual intercourse with another person. The indictment charged that the defendant had sexual intercourse with Jane Doe #6 without informing her that he had herpes, or obtaining her consent to have sexual intercourse in those circumstances. (ECF No. 43 ¶¶ 33-34, 37-38, 43-46.) According to the defendant, herpes is not a "venereal disease" within the meaning of the statute. (ECF No. 159 at 5-8.) This argument is not persuasive.

The language of PHL 2307 is unambiguous, and provides that "[a]ny person who, knowing himself or herself to be infected with an infectious venereal disease, has sexual intercourse with another shall be guilty of a misdemeanor." Herpes falls within the statute's plain terms. *See People ex rel. Negron v. Superintendent, Woodbourne Corr. Facility*, 36 N.Y.3d 32, 36 (2020) (quoting *State of New York v. Patricia II.*, 6 N.Y.3d 160, 162 (2006)) ("[W]here the language of a statute is clear and unambiguous, courts must give effect to its plain meaning."). Courts "construe words of ordinary import with their usual and commonly understood meaning" and "dictionary definitions [are] useful guideposts in determining the meaning of a word or phrase." *Walsh v. New York State Comptroller*, 34 N.Y.3d 520, 524 (2019) (quoting *Nadkos, Inc. v Preferred Contrs. Ins. Co. Risk Retention Grp. LLC*, 34 N.Y.3d 1, 7 (2019)) (using Merriam-Webster's Collegiate Dictionary and Black's Law Dictionary to interpret a state statute). "Venereal disease" is just an antiquated term for "sexually transmitted disease." *See* VENEREAL DISEASE, SEXUALLY TRANSMITTED DISEASE, Black's Law Dictionary (11th ed. 2019) (the entry for "venereal disease" says "see sexually transmitted

4

disease[;]" which, in turn, is defined as a "disease transmitted only or chiefly by engaging in sexual acts with an infected person" and "[a]lso termed *venereal disease*.") (emphasis in original). Merriam Webster likewise defines "venereal disease" as "a contagious disease (such as gonorrhea or syphilis) that is typically acquired in sexual intercourse." *Venereal Disease*, MERRIAM-WEBSTER.COM, https://www.merriam-webster.com/dictionary/venereal%20disease (last visited Oct. 25, 2021). Genital herpes is one such disease. The Centers for Disease Control ("CDC") defines genital herpes as "a common sexually transmitted disease (STD) that any sexually active person can get." *Genital Herpes – CDC Fact Sheet*, CDC, https://www.cdc.gov/std/herpes/stdfact-herpes.htm (last visited Oct. 25, 2021).

Moreover, New York courts have found that PHL Section 2307 includes herpes. *See Maharam v. Maharam*, 123 A.D.2d 165, 170-71 (1st Dep't 1986) (finding a duty to disclose genital herpes based on PHL Section 2307); *Fan v. Sabin*, 49 Misc. 3d 1201(A) (N.Y. Sup. Ct. 2015) (same).

To support a narrower reading of the statute, the defendant cited not case law, but a statement by the New York Department of Health's Public Health and Health Planning Council about a proposed (now adopted) amendment to include HIV in the conditions that "constitute the definition of sexually transmitted diseases for the purpose of" certain sections of the Public Health Law. *See* N.Y. Comp. Codes R. & Regs. tit. 10, § 23.1. "Some commenters expressed concern that the proposed regulation could have the effect of making it a misdemeanor under PHL § 2307 for HIV-positive individuals to have sexual intercourse in some circumstances." *See* NYDOH, Comments and Reponses on Proposed Amendment to Title 10 of the Official Compilation of Codes, Rules and Regulations of the State of New York Sections 23.1 and 23.2 (May 18, 2016),

5

https://regs.health.ny.gov/sites/default/files/pdf/recently_adopted_regulations/Expansion%20of%20Minor%20Consent%20for%20HIV%20Treatment%20%20Access%20and%20Prevention.pdf (last visited Oct. 25, 2021). The agency responded that it "interprets the law as only applying to individuals who knowingly expose another individual to acute, bacterial venereal disease such as syphilis or gonorrhea." *Id.* The agency's response says nothing about herpes; the agency was not asked to and did not express a view about herpes. Nor does the statement overcome the plain meaning of "venereal disease." The statutory language is unambiguous, and the Court need not look beyond the plain meaning of the statute's terms.

      b.      **CPL Section 120.20**

In addition to charging violations of PHL Section 2307, Racketeering Acts Twelve and Fourteen, and four of the Mann Act counts charged that the defendant violated New York Penal Law Section 120.20, which provides that "[a] person is guilty of reckless endangerment in the second degree when he [(i)] recklessly engages in conduct [(ii)] which creates a substantial risk of serious physical injury to another person." "Serious physical injury" is "physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ." N.Y. Penal Law § 10.00(10).

The defendant maintained that this charge is a "factual impossibility" because "adult consensual intercourse . . . usually does not lead to a serious physical injury which would create a risk of death." (ECF No. 159 at 9-10.) In fact, there is a "substantial risk" that consensual sexual intercourse can lead to serious physical injury, "protracted impairment of health," "protracted disfigurement," or "protracted loss or impairment of the function of any bodily organ," if, for example, one participant does not inform the other that he has a sexually transmitted disease. The defendant was charged with doing exactly that: having sexual

6

intercourse with another person, while he knew but did not disclose that he had a sexually transmitted disease. (ECF No. 43 ¶¶ 33-34, 37-38, 43-46.) Moreover, "serious physical injury" under the statute need not create a risk of death. As the statute clearly says, "serious physical injury" also includes "serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ." N.Y. Penal Law § 10.00(10). New York courts applying the reckless endangerment statute have determined that infecting someone with a sexually transmitted disease without prior disclosure can lead to criminal liability under the statute. *People v. Williams*, 24 N.Y.3d 1129 (2015).

The defendant cited *People v. Centola*—a vehicular assault case—as support for his claim that the conduct alleged in the indictment was not "reckless." (ECF No. 159 at 9-10 (citing 61 Misc.3d 1205(A) (Sup. Ct. 2018)).) *Centola* is entirely different. Centola was alleged to have driven his truck into a pedestrian so slowly that the collision merely "push[ed]" the victim and "made [him] stumble." *Centola*, 61 Misc.3d 1205(A). The court determined that Centola's conduct was "ill-advised, unwise, and imprudent[,]" but that there did "not appear to be any reasonable evaluation of the facts which would lead to the conclusion that because of the actions of the defendant, [the victim] was in danger of a substantial risk of death, or [that the defendant's actions could cause] death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ." *Id.* Those facts have nothing to do with this case. In short, a person who has sexual intercourse with another, knowing but neither disclosing that he has a sexually transmitted disease nor obtaining his partner's consent, exposes that person to a protracted health impairment—the sexually transmitted disease.

7

The defendant also argued that the indictment did not "allege[] the defendant caused serious physical injury." (*Id.* at 10.) Racketeering Acts Twelve and Fourteen, as well as Counts Six through Nine were pled properly. An indictment "need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *United States v. Yannotti*, 541 F.3d 112, 127 (2d Cir. 2008) (quoting *United States v. Alfonso*, 143 F.3d 722, 776 (2d Cir. 1998)).

18 U.S.C. § 2421(a) makes it a crime to "knowingly transport[] any individual in interstate commerce . . ., with intent that such individual engage in . . . any sexual activity for which any person can be charged with a criminal offense." Section 2422(a) makes it a crime to "knowingly persuade[], induce[], entice[], or coerce[] any individual to travel in interstate commerce . . . to engage in . . . any sexual activity for which any person can be charged with a criminal offense."

Counts Six and Eight charged that the defendant "did knowingly and intentionally transport an individual, to wit: Jane Doe #6, in interstate commerce, with intent that such individual engage in sexual activity for which a person can be charged with a criminal offense, to wit: violations of New York Penal Law Section 120.20 (reckless endangerment) and New York Public Health Law Section 2307 (knowing exposure of infectious venereal disease)[.]" (ECF No. 43 ¶¶ 43, 45.) Counts Seven and Nine charged that the defendant "did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #6, to travel in interstate commerce, to engage in sexual activity for which a person can be charged with a criminal offense, to wit: violations of New York Penal Law Section 120.20 (reckless endangerment) and New York Public Health Law Section 2307 (knowing exposure of infectious venereal disease)[.]" (*Id.* ¶¶ 44, 46.) Racketeering Acts Twelve and Fourteen charged the same

8

conduct. (*Id.* ¶¶ 33-34, 37-38.) Racketeering Acts Twelve and Fourteen, as well as Counts Six through Nine, also included approximately when and where the conduct was alleged to have occurred. (*Id.* ¶¶ 33-34, 37-38, 43-46.) Because the indictment recites each element of the federal offense charged and the approximate time and place each charge was alleged to have occurred, the charges were well pled.[3]

## II. Racketeering Acts One and Three

The defendant also moved to dismiss Racketeering Acts One and Three as untimely.[4] Racketeering Act One charged that the defendant, together with others, bribed a public employee "[o]n or about August 30, 1994" "in violation of Illinois Criminal Code Sections 5/33-1(a) and 5/5-1." (*Id.* ¶ 13.) Racketeering Act Three charged that the defendant, together with others, confined Jane Doe #3 against her will "[i]n or about and between 2003 and 2004" "in violation of Illinois Criminal Code Sections 5/10-1 and 5/5-1."[5] (*Id.* ¶ 15.) The defendant argued that because the Illinois Criminal Code provides for a three-year limitations period for these offenses, these predicate acts should have been dismissed.

RICO charges are not governed by state statutes of limitations. Moreover, a racketeering act is not an independent count; instead, it is part of the overarching RICO offense. The relevant

---

[3] The defendant also asserted that permitting the reckless endangerment charge would amount to "criminalizing adult, consensual, sexual intercourse"—conduct which is "unequivocally legal." (ECF No. 159 at 9-10.) This is similar to the challenge to the public health law charges that the defendant raised in his first motion to dismiss. (*See* ECF No. 42.) The allegation in this case is that the defendant had sexual intercourse knowing that he had a sexually transmitted disease, without disclosing this information or obtaining his partner's consent to have sexual intercourse in those circumstances. As discussed above, this is a cognizable theory of reckless endangerment under New York law. *See Williams*, 24 N.Y.3d 1129 (2015).

[4] The defendant seems to have misstated the charges he moved to dismiss as untimely. In section IV of his brief, the defendant argued that "[t]he allegations contained in Count 1 racketeering act 1, racketeering act 3, racketeering act 5 should be dismissed . . . ." (ECF No. 159 at 11.) But the defendant did not discuss Racketeering Act Five in section IV. (*See id.*) In any event, Racketeering Act Five was timely for the same reasons that Racketeering Acts One and Three were.

[5] The jury found Racketeering Act Three "not proved" beyond a reasonable doubt. (T. Tr. 4765.)

9

statute for evaluating the timeliness of a RICO action is 18 U.S.C. § 3282, which prescribes a five-year limitations period. *See United States v. Hunter*, No. 05-CR-188, 2008 WL 268065, at *9 (E.D.N.Y. Jan. 31, 2008), *aff'd sub nom. United States v. Payne*, 591 F.3d 46 (2d Cir. 2010), and *aff'd*, 386 F. App'x 1 (2d Cir. 2010). The Second Circuit "has held in the statute-of-limitations context that jurisdiction over a single RICO predicate act confers jurisdiction over other predicate acts." *United States v. Wong*, 40 F.3d 1347, 1367 (2d Cir. 1994). Thus "[a] prosecution for [allegedly] violating § 1962(c) is [timely if] the defendant committed at least one predicate act within the limitations period." *Hunter*, 2008 WL 268065, at *9. Accordingly, and as the Second Circuit has recognized, "a defendant may be liable under [§ 1962(c)] for predicate acts the separate prosecution of which would be barred by the applicable statute of limitations, so long as that defendant committed one predicate act within the five-year limitations period."[6] *Wong*, 40 F.3d at 1367.

The indictment charged the defendant with racketeering acts alleged to have taken place as recently as December 2018. (*See* ECF No. 43 ¶ 31.) Thus, the charges were timely.

**III.  Racketeering Acts Two, Seven and Ten**

The defendant moved to dismiss Racketeering Acts Two, Seven and Ten. Each charged the defendant with inducing a minor "to engage in sexually explicit conduct for the purpose of producing one or more visual depictions of such conduct" in violation of 18 U.S.C. § 2251(a). (*Id.* ¶¶ 14, 21, 30.) To prove this charge, the government was required to prove three elements beyond a reasonable doubt: that "(1) the victim was less than 18 years old; (2) the defendant used, employed, persuaded, induced, enticed, or coerced the minor to take part in sexually

---

[6] The defendant did not address this well-established rule in his reply brief; instead, he simply reiterated his claim that state law statutes of limitations govern federal RICO cases.

explicit conduct for the purpose of producing a visual depiction of that conduct; and (3) the visual depiction was produced using materials that had been transported in interstate or foreign commerce." *United States v. Puglisi*, 458 Fed. App'x 31, 33 (2d Cir. 2012) (citing *United States v. Broxmeyer*, 616 F.3d 120, 124 (2d Cir. 2010)).

Racketeering Acts Two, Seven and Ten were pled properly. As explained in section I.b, an indictment "need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *United States v. Yannotti*, 541 F.3d at 127. The indictment alleged the required elements. Each of Racketeering Acts Two, Seven and Ten stated that the defendant "did knowingly and intentionally employ, use, persuade, induce, entice and coerce a minor . . . to engage in sexually explicit conduct for the purpose of producing one or more visual depictions of such conduct, which visual depictions were produced using materials that had been mailed, shipped and transported in interstate and foreign commerce." (ECF No. 43 ¶¶ 14, 21, 30.) Each also stated the time and place these acts were alleged to have occurred. (*Id.*)

In asserting that "there is no evidence that visual depictions exist," (ECF No. 159 at 12), the defendant confused the standards of pleading with the standards of proof at trial. "Unless the government has made what can fairly be described as a full proffer of the evidence it intends to present at trial . . . , the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment." *United States v. Alfonso*, 143 F.3d 772, 776-77 (2d Cir. 1998). The government was entitled to present its evidence at trial, after which the defendant could challenge the sufficiency of that evidence pursuant to a Rule 29 motion. *United States v. Raniere*, 384 F. Supp. 3d 282, 302 (E.D.N.Y. 2019); Fed. R. Crim. P. 29. Before the trial began, the government had not made a full proffer of its evidence in this case. Nor was there a

11

"stipulated record." (*See* ECF No. 159 at 3.)  Thus, so long as the indictment was facially valid—which it was for the reasons described above—pretrial dismissal was not warranted.[7]

## CONCLUSION

For these reasons, the motion to dismiss was denied.

**SO ORDERED.**

                                                      s/Ann M. Donnelly

                                                      ANN M. DONNELLY
                                                      United States District Judge

Dated:  Brooklyn, New York
          October 26, 2021

---

[7] The defendant also argued that pretrial dismissal is warranted "where the operative facts are undisputed and the government fails to object to the district court's consideration of those undisputed facts in making the determination regarding a submissible case." (ECF No. 159 at 4 (citing *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994)).)  But the operative facts were disputed. (*See* ECF No. 168 at 8 n.7.)