

750 Lexington Avenue, 9th Floor
New York, New York 10022

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

March 29, 2022

**VIA ECF:**
The Honorable Ann M. Donnelly
United States District Court Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                Re:    *United States v. Kelly,* 19 CR 286 (AMD)

Dear Judge Donnelly:

      Undersigned counsel respectfully moves this Court for an Order adjourning Mr. Kelly's May 4, 2022, sentencing hearing until a date after his trial in the United States District Court for the Northern District of Illinois ("NDIL") (*United States v. Kelly,* 19 CR 567) which is scheduled to commence on August 1, 2022. Undersigned counsel represents Mr. Kelly in the NDIL case. Because one of the co-defendants in the NDIL case has demanded trial, District Court Judge Leinenweber has emphasized that the August 1 trial date is firm. Critically, undersigned counsel seeks an adjournment of the sentencing hearing in this case because she cannot adequately protect Mr. Kelly's constitutional rights at sentencing in this case without compromising his Fifth Amendment rights in the NDIL case. The government objects.

      Undersigned counsel has an ethical and constitutional obligation to investigate and develop mitigation evidence for use at sentencing. *Wiggins v. Smith,* 539 U.S. 510 (2003); *Strickland v. Washington,* 466 U.S. 668 (1984). *See also,* ABA Standards for Criminal Justice Standard 4-4.1(c) & (d) (stating that "Defense counsel's investigative efforts should commence promptly and should explore appropriate avenues that reasonably might lead to information relevant to the merits of the matter, consequences of the criminal proceedings, and *potential dispositions and penalties*" and "Defense counsel should determine whether the client's interests would be served by engaging fact investigators, forensic, accounting or other experts, or other professional witnesses *such as sentencing specialists . . .*) (emphasis added). The development and presentation of mitigation is a critically important part of sentencing, particularly after *United States v. Booker,* 543 U.S. 220 (2005) rendered the Federal Sentencing Guidelines advisory. *Booker* placed a renewed emphasis on the all-encompassing factors set forth in 18 U.S.C. § 3553(a) that a sentencing court may consider in fashioning an appropriate sentence for a defendant.


750 Lexington Avenue, 9th Floor  
New York, New York 10022

Tel: 718.875.1850  
Fax: 718.230.0582

www.bonjeanlaw.com

      A preliminary sentencing investigation has revealed that Mr. Kelly himself is a rich source of mitigation that should be further developed, potentially with the aid of a mitigation expert. However, undersigned counsel has grave concerns that a comprehensive examination by a mitigation expert could interfere with Mr. Kelly's Fifth Amendment guarantees in his NDIL case. To put a finer point on it, undersigned counsel cannot advise Mr. Kelly to be examined or interviewed by a mitigation expert for sentencing in this case if his words might be used against him in some manner at his pending NDIL trial. Mr. Kelly should not have to compromise his Fifth Amendment rights in his pending criminal case in NDIL to develop and present comprehensive mitigation evidence in the instant case. Accordingly, Mr. Kelly respectfully requests that this Court adjourn his sentencing hearing until after his NDIL trial.

      The government is not prejudiced by adjourning Mr. Kelly's sentencing hearing three months. The request is reasonable given the constitutional issues at stake. Mr. Kelly is facing a serious and lengthy sentence of imprisonment; he should not have to forego presenting mitigation evidence at his sentencing hearing out of fear that his words could be used against him at his upcoming trial.

      The foregoing concerns aside, undersigned counsel seeks to adjourn the sentencing hearing for 60 days on account of competing professional obligations and because she has not had an adequate opportunity to develop mitigation in this case. Undersigned counsel is working diligently to prepare for Mr. Kelly's sentencing hearing but is still focused on post-trial motions which will not be fully briefed until April 4, 2022. Undersigned counsel has significant litigation scheduled over the next two months, including three post-conviction evidentiary hearings in the Circuit Court of Cook County, Illinois, *People v. Nelson Gonzalez,* 93 CR 18247; *People v. Abrego & Cain,* 99 CR 9739 and *People v. Maysonet,* 92 CR 10146. Furthermore, undersigned counsel is commencing a two-week jury trial in Los Angeles County on May 23, 2022, in the matter of *Huth v. Cosby,* BC565560. Even if this Court refuses to adjourn sentencing until after Mr. Kelly's NDIL trial, undersigned counsel respectfully requests an adjournment of 60 days so that she can satisfy her existing professional obligations while affording Mr. Kelly the effective assistance of counsel to which he is entitled.

      Respectfully Submitted,

      /s/JENNIFER BONJEAN



750 Lexington Avenue, 9th Floor
New York, New York 10022

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

cc: AUSA Elizabeth Geddes (via ECF)
     AUSA Maria Melendez Cruz (via ECF)
     AUSA Nadia Shihata (via ECF)