

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

EAG/NS/MCM
F. #2019R00029

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 4, 2022

By ECF

Honorable Ann M. Donnelly
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Robert Sylvester Kelly
Criminal Docket No. 19-286 (S-3) (AMD)

Dear Judge Donnelly:

The government respectfully submits this letter to strenuously oppose the defendant's March 29, 2022 motion to adjourn the sentencing in the above-captioned matter. See ECF No. 279 ("Def. Mot."). The defendant, Robert Kelly, is currently scheduled to be sentenced on May 4, 2022 at 10 a.m. The Court set the sentencing date on September 27, 2021 – the date the jury found the defendant guilty on all counts. The defendant's current counsel, Ms. Jennifer Bonjean, entered her notice of appearance approximately one month later, on October 29, 2021. See ECF No. 253.

In her motion, defense counsel seeks an adjournment of the sentencing "until a date after [the defendant's] trial" in the Northern District of Illinois ("NDIL"), which is currently scheduled to commence on August 1, 2022, primarily because she claims she cannot otherwise "adequately protect Mr. Kelly's constitutional rights at sentencing in this case without compromising his Fifth Amendment rights in the NDIL case." Def. Mot. at 1. Even assuming arguendo that is so, there are other ways to effectively address defense counsel's stated concern that she "cannot advise Mr. Kelly to be examined or interviewed by a mitigation expert for sentencing in this case if his words might be used against him in some manner in his pending NDIL trial." Id. at 2.

As an initial matter, given that the defendant has essentially challenged every aspect of his conviction as set forth in his post-trial motions, and likely also intends to appeal his conviction should his post-trial motions prove unsuccessful, it strains credulity that the

defendant would say anything to a potential mitigation expert that would incriminate him in the NDIL matter.[1] To the extent the defendant intends to appropriately highlight his own background and characteristics as Section 3553(a) factors the Court should consider at sentencing as mitigation, he can do so – and surely intends to do so – without admitting his guilt given his likely appeal. In addition, this speculative concern can be entirely ameliorated by adopting the following procedure. To the extent the defendant engages a mitigation expert, the Court can permit defense counsel to file the mitigation report (or relevant portions of it) under seal. The undersigned Assistant United States Attorneys, who constitute a separate prosecution team from those prosecuting the NDIL case, will not share any such mitigation report with anyone involved in the NDIL prosecution and, to the extent there is any concern in this regard, would welcome a court order further prohibiting any such disclosure. Such a procedure would entirely eliminate any risk that the defendant's "words might be used against him in some manner in his pending NDIL trial" and thus obviate the defendant's purported need for a sentencing adjournment. Id.

Nor is it accurate to suggest that there is no prejudice from adjourning the defendant's sentencing. Def. Mot. at 2. Under the Crime Victims' Rights Act, the defendant's victims have both the "right to be reasonably heard at any public proceeding in the district court involving . . . sentencing" and the "right to proceedings free from unreasonable delay." 18 U.S.C. §§ 3771(a)(4) and (a)(7). As proven at trial, the defendant engaged in wide-ranging and extensive criminal conduct, involving multiple victims, with impunity for decades. His victims have waited years to see the defendant held to account and sentenced for his crimes. Moreover, in reliance on the date set by the Court in September 2021, many victims have cleared their schedules to travel from other states to New York to attend and be heard at the May 4, 2022 sentencing hearing. Delaying the defendant's sentencing until after his NDIL trial, which will presumably last several weeks, is not reasonable in the circumstances, particularly where, as here, the above-described procedure will alleviate defense counsel's purported constitutional concern. In addition, as the Court is aware, the defendant is currently housed in Brooklyn, New York while awaiting sentencing. The United States Marshals will need to arrange for his in-custody transfer to NDIL prior to his trial there. Delaying his sentencing until after his NDIL trial is inefficient and will result in needless expense and delay by requiring his transfer back to this district for sentencing after the NDIL trial and then back again to NDIL for sentencing there.

Finally, defense counsel's other professional obligations are not a basis to adjourn the sentencing hearing, which has been on the calendar since September 27, 2021. Defense counsel was aware of the sentencing date when she entered a notice of appearance

---

[1] Indeed, the same alleged concern would apply in the event the defendant were to be granted a new trial after appeal. Given that the same purported concern would exist even after the NDIL trial, the existence of the NDIL trial cannot serve as a valid basis to delay the defendant's sentencing.

in this case and when she later decided to become the defendant's counsel in the NDIL case.[2] Like all lawyers who appear before this Court, defense counsel handles more than one matter at a time, which is the norm for experienced litigators. As an experienced attorney, defense counsel is undoubtedly capable of meeting her professional obligations in this case and her other cases.

Respectfully submitted,

BREON PEACE
United States Attorney

By: /s/
Elizabeth A. Geddes
Nadia I. Shihata
Maria Cruz Melendez
Assistant U.S. Attorneys
(718) 254-7000

cc: Clerk of Court (by ECF)
Defense Counsel (by ECF)

[2] Ms. Bonjean entered a notice of appearance in the NDIL case on February 18, 2022.