750 Lexington Avenue, 9th Floor
New York, New York 10022

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com



**BONJEAN**
LAW GROUP, PLLC

April 9, 2022

**VIA ECF:**
The Honorable Ann M. Donnelly
United States District Court Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *United States v. Kelly,* 19 CR 286 (AMD)

Dear Judge Donnelly:

Please accept this short reply letter to the government's letter dated April 7, 2022. Defendant does not contend that a *Miranda* violation will occur if his sentencing hearing proceeds before resolution of the NDIL case. Rather, Defendant argues that to provide fulsome mitigation evidence, he will have to waive his Fifth Amendment right and that carries serious risk. Defendant maintains that it is fundamentally unfair that he should have to make that choice when so much is at stake.[1]

Second, Defendant appreciates that all defendants who have been convicted of an offense run the risk of self-incrimination when they participate in the sentencing process. But this case is unique and distinguishable from *De La Paz.* First, Defendant is not seeking a continuance of his sentencing hearing merely so he can exercise his right of allocution (although his right of allocation is unquestionably compromised if his sentencing proceeds before the NDIL case.) Rather, Defendant seeks a continuance so he can speak more freely to a mitigation expert about his own history and develop evidence that may shed light on the offense conduct for which he has been convicted. Second, because the offense-conduct in this case spans decades and overlaps with the charged conduct in the NDIL case, the risk of self-incrimination is *particularly* high. Again, sentencing in this case will involve discussion of Defendant's *life* and *character* – not merely isolated events. For that reason, this Court should have a full understanding of who Robert Kelly is. The one-dimensional portrait the government has painted does not tell the complete story. Because the government has labeled every person in proximity to Defendant as members of his "inner circle" and "enterprise," many individuals who *could*

---

[1] Defendant cited *R.I. v. Innis,* 446 U.S. 291, 301 at n. 5 (1980), merely to remind the government that *any* statement can be incriminating if the prosecution decides to use it for some reason. Defendant was not suggesting that his *Miranda* rights were in jeopardy.



**BONJEAN**
LAW GROUP, PLLC

and *want* to provide mitigation information about the Defendant are fearful of doing so. Thus, *Defendant* is his best source of mitigation, but he feels limited in his ability to do so with the NDIL charges pending.

The Defendant understands that his sentencing hearing cannot be postponed indefinitely, nor does he ask that it be continued until resolution of every state court criminal and civil matter he faces. He merely asks that, in light of the *serious* federal prosecution that is scheduled to commence on August 1, 2022, this Court grant a slightly longer adjournment. Granting this adjournment would appropriately balance Defendant's guarantee of a fair sentencing hearing with the interests of his accusers who will get their opportunity to be heard publicly. Should the NDIL case get postponed, the government would be free to object to any further adjournments which Defendant accepts would likely be sustained.

Respectfully Submitted,

/s/JENNIFER BONJEAN

cc: AUSA Elizabeth Geddes (via ECF)
  AUSA Maria Melendez Cruz (via ECF)
  AUSA Nadia Shihata (via ECF)