```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
UNITED STATES OF AMERICA,                                     :
                                                              :
              – against –                                     :   ORDER
                                                              :
ROBERT SYLVESTER KELLY,                                       :   19-CR-286 (AMD)
                                                              :
                                        Defendant.            :
                                                              :
------------------------------------------------------------- X
```

**ANN M. DONNELLY**, United States District Judge:

On April 5, 2022, I granted in part and denied in part the defendant's motion to continue sentencing. Specifically, I denied the application to adjourn sentencing until after the completion of the defendant's trial in the United States District Court for the Northern District of Illinois ("NDIL"), but granted an adjournment until June 16, 2022.[1] The defendant now moves for reconsideration of that order. (ECF No. 285.) The government opposes. (ECF No. 286.) For the reasons discussed below, the defendant's motion is denied.

## STANDARD OF REVIEW

Although the Federal Rules of Criminal Procedure do not provide for reconsideration motions, "such motions are tacitly accepted in criminal cases in this District by virtue of Local Crim. R. 49.1(d), which requires a movant to submit a 'memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked' within 'fourteen (14) days after the Court's determination of the original motion.'" *United States v. Baldeo*, No. 13-CR-125, 2015 WL 252414, at *1 (S.D.N.Y. Jan. 20, 2015), *aff'd*, 615 F. App'x 26 (2d Cir. 2015).

---

[1] The Court ruled on the defendant's motion before counsel had the chance to reply to the government's opposition. This was an oversight.

Courts generally supplement Local Criminal Rule 49.1(d) with the standard for civil reconsideration motions under Local Civil Rule 6.3. *Id*. (citing *United States v. Leaver*, 358 F. Supp. 2d 273, 277 n.14 (S.D.N.Y. 2005)); *see also United States v. James*, No. 02-CR-0778, 2007 WL 914242, at *3 (E.D.N.Y. Mar. 21, 2007) ("[W]hen deciding motions for reconsideration in criminal matters, courts in this district have resolved such motions according to the same principles that apply in the civil context." (internal quotation marks and alterations omitted)). Local Civil Rule 6.3 requires the moving party to identify "the matters or controlling decisions which counsel believes the Court has overlooked." A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted). Rather, "[t]he standard for granting a motion for reconsideration 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *United States v. Robinson*, No. 16-CR-545, 2018 WL 5928120, at *19 (E.D.N.Y. Nov. 13, 2018).

## DISCUSSION

In seeking reconsideration, the defendant does not identify any matters or controlling decisions that the Court overlooked in denying his motion for an adjournment of sentencing until after the trial of his case in NDIL, which is currently scheduled for August 2022. Rather, he repeats the arguments he made in his initial motion. Accordingly, reconsideration is not warranted.

2

In any event, the defendant's arguments are not persuasive. Federal Rule of Criminal Procedure 32(b)(1) requires the Court to "impose sentence without unnecessary delay." Moreover, the Crime Victims' Rights Act provides that the defendant's victims have the "right to proceedings free from unreasonable delay." 18 U.S.C. § 3771(a)(7). In this case, the jury returned its verdict on September 27, 2021. (ECF No. 238.) The practical effect of granting the defendant's request would mean that sentencing would take place about a year after the jury's verdict.

In seeking an adjournment, the defendant maintains that proceeding to sentencing in this case before the completion of his upcoming Illinois trial forces him to choose between speaking with a defense mitigation specialist and invoking his Fifth Amendment privilege against self-incrimination; he claims that he cannot "speak openly and candidly to a mitigation expert as another massive federal prosecution looms." (ECF No. 285 at 1.)[2] The defendant's concerns do not justify the significant delay in sentencing that his request entails.

"The Fifth Amendment protects against compelled self-incrimination." *Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 286 (1998). "[T]o qualify for Fifth Amendment protection, a communication must be (1) testimonial, (2) incriminating, and (3) compelled." *United States v. Greer*, 631 F.3d 608, 612 (2d Cir. 2011). Statements to a mitigation expert are not compelled for purposes of the Fifth Amendment, because the defendant can choose whether to speak to the expert at all, as well as what to tell the expert. Even after the report is completed, the defendant can make the choice not to submit it to the Court. The defendant's feelings of "pressure to speak" to a mitigation expert "in the hope of improving his chance of" receiving a more lenient sentence "[do] not make the interview compelled." *See Woodard*, 523 U.S. at 287-

---

[2] Conceding "his sentencing hearing cannot be postponed indefinitely," the defendant does not seek to adjourn sentencing until after his pending state criminal trials. (ECF No. 287 at 2.)

3

88 (holding that Ohio's clemency interview process, during which the respondent had the "choice of providing information to the [Parole] Authority—at the risk of damaging his case for clemency or for postconviction relief—or of remaining silent," did not violate the Fifth Amendment privilege against self-incrimination); *cf. Oregon v. Elstad*, 470 U.S. 298, 306-07 (1985) (holding that officials' "[f]ailure to administer *Miranda* warnings creates a presumption of compulsion" for Fifth Amendment purposes). Indeed, defendants who wish to challenge their guilt on appeal—as this defendant apparently plans to do if his post-trial motions are denied—face a similar choice. *See United States v. Davis*, 718 F. Supp. 8, 10 (S.D.N.Y. 1989) (denying the defendant's request to limit use of his statements in connection with his sentencing to protect his "Fifth Amendment privilege and his right to a meaningful appeal," because "[t]here is no basis for the court to insulate him from [the] consequences" of his statements).

## CONCLUSION

Accordingly, the defendant's motion for reconsideration is denied.[3]

**SO ORDERED.**

                                                s/Ann M. Donnelly
                                             _____
                                             ANN M. DONNELLY
                                             United States District Judge

Dated: Brooklyn, New York
       April 14, 2022

---

[3] Defense counsel also cites her schedule as an additional reason for a lengthy adjournment. The Court recognizes that counsel has other professional obligations, as all lawyers do, including lawyers who work for the government. Counsel filed her notice of appearance in October 2021, fully aware of the scheduled sentencing date and the charges of which the defendant was convicted. The Court has accommodated counsel by granting an additional adjournment until June 16, 2022. No further adjournments will be granted absent truly compelling circumstances.