```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
UNITED STATES OF AMERICA,                             :
                                                      :        19 Cr 286 (AMD)
                                                      :
-vs-                                                  :
                                                      :
                                                      :
                                                      :
ROBERT SYLVESTER KELLY,                               :
        also known as "R. Kelly,"                     :
                                                      :
                Defendant.                            :
------------------------------------------------------X
```

## DEFENDANT ROBERT KELLY'S OBJECTIONS TO THE PRESENTENCE REPORT

Defendant, Robert S. Kelly, by and through his counsel, Jennifer Bonjean of the Bonjean Law Group, lodges the following objections to the Presentence Report ("PSR") pursuant to Fed. R. Crim. P. 32(f).

## INTRODUCTION

After a jury trial, Defendant was convicted of racketeering and eight free-standing Mann Act violations that are duplicative to charged racketeering acts. The charges stem from the allegations of five separate women (Stephanie, Jane, Jerhonda, Sonya, and Faith). Defendant has filed an extensive motion for a judgment of acquittal pursuant to Fed. R. Crim. P. 29, a motion for a new trial and supplemental motion for a new trial pursuant to Fed. R. Crim. P. 33. Defendant reserves the right to file a sentencing memorandum prior to his sentencing hearing.

## OBJECTIONS TO PRESENTENCE REPORT

Generally, Defendant objects to probation's narrative set forth in the "Offense" portion of the report for the reasons set forth in Defendant's Rule 29 motion. Separately Defendant makes the following objections.

# PART A. THE OFFENSE

## Charges and Convictions

**Paragraph 11:** Defendant objects to the Government's assertion that it could prove by a preponderance of the evidence the defendant's commission of Racketeering Acts Three and Four. The jury returned a verdict of not guilty on those racketeering acts evincing that it did not *believe* testimony from Sonya. There is no reason to believe that the jury would have credited Sonya's testimony under the lesser standard of proof.

## The Offense Conduct

**Paragraph 15:** Defendant objects to the use of the "enterprise member" to describe an employee who ran errands such as picking up Defendant's prescriptions.

**Paragraphs 16-17:** Defendant objects to the PSR's conclusion that an enterprise existed. As set forth in detail in Defendant's Rule 29 motion, the government failed to prove the existence of a "group of individuals associated in fact" for the common purpose of carrying out a fraudulent or illegal scheme. *None* of the so-called enterprise members identified in the PSR, otherwise known as Defendant's "inner circle," provided any testimony suggesting that they facilitated Defendant in carrying out unlawful sexual conduct. At best, Demetrius Smith admitted to assisting Defendant's marriage to Aaliyah but did not admit to having knowledge of a sexual relationship between the two and did not admit to facilitating an illegal scheme. The probation department has done nothing more than identify individuals who worked for Defendant.

**Paragraphs 17-18**: Defendant objects to the assertion that anyone in Defendant's "inner circle" escorted minors to rooms within Defendant's residence or studio to the extent it suggests that any employees of Defendant had knowledge of his visitors' ages. Defendant objects to the claim that Defendant's employees handed out Defendant's phone number to minors. No

2

testimony established that any employees recruited *minors* for the Defendant. Defendant further objects to the claim that Defendant's employee selected *minors* to join Defendant backstage for after parties. There is simply no evidence that anyone recruited minors specifically to attend any after-parties. While it is true that individuals who attended Defendant's concert were sometimes invited backstage to meet Defendant, after-parties or backstage gatherings are simply a routine aspect of the music industry. Defendant objects to probation's continued use of the word "inner circle," a term coined by the government that merely describes individuals who worked for the Defendant and cannot be said to have had knowledge about the age of any of the women with whom Defendant had relationships.

**Paragraph 19**: Defendant objects to the characterization of signing non-disclosure agreements as a "rule of the enterprise." Use of NDAs are routine for high profile individuals. Indeed, most celebrities require the signing of NDAs to work for them or even step foot into their orbit. This was not a rule of any enterprise. Defendant further objects to the contention that Defendant's rules of his business and home were "rules of the enterprise." Defendant's general rule that prohibited guests from wandering his home unattended was simply a rule of his business and home.

**Paragraph 20**: Defendant objects to the report's suggestion that wage disputes between the Defendant and his employees was a feature of the so-called enterprise. Defendant docked the pay of his employees from time to time for various reasons. Those employees objected. This reflected typical employment disputes unrelated to any charged conduct. Defendant objects to the assertion that he required his employees to write letters falsely confessing to bad conduct. No such evidence established that Defendant required his employees to write such letters so he could use them for his protection.

3

**Paragraph 22:** Defendant objects to the assertion that member of the enterprise "aided and abetted and conspired to commit" certain crimes. There is no evidence that any of Defendant's employees knowingly "aided and abetted" sexual activity with minors, sexual activity without disclosing a sexual transmitted disease, child pornography, extortion, coercion, or blackmail.

**Paragraph 28**: Defendant had no role in the title of Aaliyah's first album "Age Ain't Nothing But A Number" as suggested by the government. Aaliyah herself has publicly explained many times that the title of her album sprung from a desire to be taken seriously in the music industry and that it was a decision ultimately made by her managers and the record label.

## The Conduct Against Jane Doe One

**Paragraph 29**: Defendant objects to the unsupported assertion that Defendant began "sexual abusing" Aaliyah in 1992 or 1993. Apart from the isolated incident that Jane Doe Seven claims to have witnessed between Defendant and Aaliyah the record is devoid of evidence of ongoing sexual abuse.

Count One: Racketeering Act One (Bribery)

**Paragraphs 32-33:** Defendant objects to the assertion that Smith told Defendant that he could obtain a fake identification card for Aaliyah by bribing an employee at the public aid office. Smith testified that he did not recall discussing this with the Defendant

**Paragraphs 53-55:** Defendant objects to the alleged *Ruggerio* conduct. The jury rejected Sonya's testimony. The record does not suggest that the jury would have credited Sonya's testimony under a preponderance of evidence standard.

**Offense Level Computation**

**Count One Racketeering Act: Bribery**

**Paragraph 129:** Defendant objects to the enhancement for "role in the offense" where there is no evidence Defendant attempted to use a person less than 18 years of age to commit the offense of bribery. The record is devoid of evidence that Aaliyah had knowledge that a bribery occurred or that she played any role in the bribery even if the bribery involved obtaining an identification card for her.

**Paragraph 130**: The government's evidence failed to show that Defendant was even aware that a bribe had taken place, let alone that he was the organizer or leader of the bribe. Even if Defendant was the beneficiary of the bribe, the government did not establish he was the *leader* of this specific criminal activity.

**Count One Racketeering Act Two: Sexual Exploitation of Child – Jane Doe Two**

**Paragraph 134**: Defendant objects to the two-point enhancement where the commission of a sexual act is duplicative to the underlying offense of Sexual Exploitation of a Child.

**Paragraph 136**: Defendant objects to the four-point enhancement on the basis that the evidence does not reveal that Defendant was the organizer or leader of criminal activity that involved five or more participants in connection with Racketeering Act Two.

*Ruggiero* **Conduct: Count Racketeering Act Three: Kidnapping – Jane Doe Three**

**Paragraph 139:** Defendant objects to the consideration of so-called *Ruggiero* conduct. Although the government contends that it can prove the allegations involving Jane Doe Three (Sonya) by a preponderance of the evidence, the evidence was presented to the jury and was rejected by the jury, presumably because the jury did not credit Sonya's testimony. There is nothing in this record that suggests that Sonya's testimony should be credited under the lower standard of proof.

**Paragraph 143:** Defendant objects to the four-point enhancement on the basis that the evidence does not reveal that Defendant was the organizer or leader of criminal activity that involved five or more participants in connection with Racketeering Act Three.

***Ruggiero* Conduct: Count Racketeering Act Four: Mann Act – Jane Doe Three**

**Paragraph 146:** Defendant objects to the consideration of so-called *Ruggiero* conduct. Although the government contends that it can prove the allegations involving Jane Doe Three (Sonya), the evidence was presented to the jury and was rejected by the jury, presumably because the jury did not credit Sonya's testimony. There is nothing in this record that suggests that Sonya's testimony should be credited under the lower standard of proof.

**Paragraph**: Defendant objects to the four-point enhancement on the basis that the evidence does not reveal that Defendant was the organizer or leader of criminal activity that involved five or more participants in connection with Racketeering Act Three.

**County One Racketeering Act Five: Mann Act – Jane Doe Four**

**Paragraph 154:** Defendant objects to an enhancement for "unduly influencing a minor to engage in prohibited sexual conduct" as this conduct is duplicative to the elements of racketeering act five as charged.

**Paragraph 155:** Defendant objects to an enhancement for use of a computer or cell phone to induce the travel of a minor to engage in prohibited sexual conduct. There is no evidence that Jane Doe Four (Jerhonda) traveled anywhere. At best, she took the train to Defendant's home and was given a ride from the train station. Furthermore, there is no evidence that Defendant enticed or induced Jane Doe Four to come to his house to engage in sexual conduct. The government offered no text communications between Defendant and Jane Doe

Four, and she did not testify to any specific communications from the Defendant that reflect persuasion, inducement, or coercion.

**Paragraph 156:** Defendant objects to an enhancement based on the commission of a sex act where the sex act is already taken into account in the Mann Act violation itself. The enhancement is duplicative.

**Paragraph 158**: Defendant objects to the four-point enhancement on the basis that the evidence does not reveal that Defendant was the organizer or leader of criminal activity that involved five or more participants in connection with Racketeering Act Five.

**Count One Racketeering Act Six:  Forced Labor – Jane Doe Four**

**Paragraph 162:** Defendant objects to probation's contention that another felony offense was committed during the commission of Racketeering Act Six, specifically sexual exploitation of a child pursuant to § 2251(a).

**Paragraph 164:**  Defendant objects to the four-point enhancement on the basis that the evidence does not reveal that Defendant was the organizer or leader of criminal activity that involved five or more participants in connection with Racketeering Act Six.

**Count One Racketeering Act Seven:  Sexual Exploitation of a Child – Jane Doe Four**

**Paragraph 168:** Defendant objects to the four-point enhancement on the basis that the offense involved the commission of a sexual act by use of physical force. There is no evidence that physical force was used in connection with this racketeering act. This racketeering act involves the claim that Defendant video-recorded Jane Doe Four (Jerhonda) during sexual acts. The record is devoid of any suggestion that any recording of sex acts with Jerhonda involved use of physical force.

7

**Paragraph 169:** Defendant objects to an enhancement for use of a computer or cell phone to induce the travel of a minor to engage in prohibited sexual conduct. There is no evidence that Jane Doe Four (Jerhonda) traveled anywhere. At best, she took the train to Defendant's home and was given a ride from the train station. Furthermore, there is no evidence that Defendant enticed or induced Jane Doe Four to come to his house to engage in sexual conduct. The government offered no text communications between Defendant and Jane Doe Four, and she did not testify to any specific communications from the Defendant that reflect persuasion, inducement, or coercion.

**Paragraph 171:** Defendant objects to the four-point enhancement on the basis that the evidence does not reveal that Defendant was the organizer or leader of criminal activity that involved five or more participants in connection with Racketeering Act Seven.

### Count One Racketeering Act Eight: Mann Act – Jane Doe Five

**Paragraph 175:** Defendant objects to any enhancement on the basis that defendant "unduly influenced a minor to engage in prohibited sexual conduct." As the government conceded, Jane Doe Five ("Jane") falsely told Defendant she was 18 years of age. Furthermore, with the facilitation of her mother, Jane *induced* Defendant into sexual relationship – not the other way around. (GX233(a)). Furthermore, this enhancement is unjustified where undue influence is an element of racketeering act 8B, namely a Mann Act violation based on coercion or enticement. The enhancement is duplicative to punishment incorporated into the base offense level.

**Paragraph 176:** Defendant objects to an enhancement for use of a computer or cell phone to induce the travel of a minor to engage in prohibited sexual conduct. There is no evidence that Defendant induced or persuaded Jane to travel to California, and there is no

8

evidence that there was a computer or cell phone used to induce the travel. Jane was living with the Defendant in Illinois where the age of consent was 17. Jane was 17 years of age. Jane traveled with Defendant because they were in a relationship not because Defendant had to induce her to travel to engage in prohibited sex activities.

**Paragraph 176:** Defendant objects to the contention that *he* used a cell phone to "persuade, entice, coerce or facilitate" the travel of a minor. As discussed, *supra,* and as conceded by the government, Defendant had no knowledge that Jane was a minor at the time of this underlying offense where Jane lied to Defendant about her age. Furthermore, the text exchanged show that it was Jane and her mother that were doing the inducing – not the other way around.

**Paragraph 177:** Defendant objects to any enhancement for an offense involving the commission of a sex act or sexual contact where such conduct is duplicative to the charged offense and already contemplated by the base level offense.

**Paragraph 179:** Defendant objects to the four-point enhancement on the basis that the evidence does not reveal that Defendant was the organizer or leader of criminal activity that involved five or more participants in connection with Racketeering Act Eight.

**Count One Racketeering Act Ten: Sexual Exploitation of a Child – Jane Doe Five**

**Paragraph 183:** Defendant objects to the two-point enhancement where the commission of a sexual act is duplicative to the underlying offense of Sexual Exploitation of a Child.

**Paragraph 184**: Defendant objects to the four-point enhancement on the basis that the offense involved material that portray "sadistic or masochistic conduct or other depictions of violence." The government did not offer any videos into evidence that portrayed Jane's sex acts with the Defendant in California. There is no evidence whatsoever that the videos allegedly

created in California during the relevant time period involve "sadistic or masochistic conduct" or any depictions of violence, including alleged "chastisements."

**Paragraph 185:** Defendant objects to an enhancement for use of a computer or cell phone to induce the travel of a minor to engage in prohibited sexual conduct. There is no evidence that Defendant induced or persuaded Jane to travel to California, and there is no evidence that there was a computer or cell phone used to induce the travel or to create sexually exploitive videos. Jane was living with the Defendant in Illinois where the age of consent was 17, and Jane was 17 years of age. She traveled with Defendant because Defendant was performing in California. Any sex acts or recording of sex acts were incident to the travel.

**Paragraph 187:** Defendant objects to the four-point enhancement on the basis that the evidence does not reveal that Defendant was the organizer or leader of criminal activity that involved five or more participants in connection with Racketeering Act Ten.

**Count One Racketeering Act Eleven: Forced Labor – Jane Doe Five**

**Paragraph 191:** Defendant objects to an enhancement that alleges that Defendant committed the offense of sexual exploitation of a child in connection with the forced labor count. The government alleged that Defendant was guilty of forced labor because Defendant forced Jane to participate in sex acts with men and other women. There is simply no evidence that those acts took place when Jane was under the age of 18. Defendant cannot be found to have committed sexual exploitation of a child when he allegedly "forced' Jane to participate in sex acts with third parties if she was not under the age of 18.

Defendant further objects to an enhancement on the basis that the offense involved material that portray "sadistic or masochistic conduct or other depictions of violence." The government did not offer any videos into evidence that portrayed Jane's sex acts with third

parties that show any "chastisements" or beatings or spankings. And Jane's testimony regarding her alleged sexual acts with third parties (the basis for the forced labor count) did not include acts of violence.

Defendant also objects to an enhancement for use of a computer or cell phone to induce the travel of a minor to engage in sexually explicit conduct. There is no evidence that Defendant induced or persuaded Jane to travel to anywhere to participate in these group sex acts. The record suggests that these activities actually took place where Defendant and Jane lived together.

**Paragraph 193:** Defendant objects to the four-point enhancement on the basis that the evidence does not reveal that Defendant was the organizer or leader of criminal activity that involved five or more participants in connection with Racketeering Act Eleven.

### Count One Racketeering Act Thirteen: Forced Labor – Jane Doe Six

**Paragraph 197**: Defendant objects to a two-point enhancement for "brandishing" a firearm. Faith's testimony established that Defendant did *not* brandish a firearm. Although she noticed the weapon, she did not allege that Defendant brandished it. Indeed, Defendant never touched the gun or made any gestures toward using the gun. Faith described the Defendant as being "serious" but not threatening.

**Paragraph 198:** Defendant objects to any enhancement on the basis that Defendant used force in connection with this act of oral sex. Faith did not testify that she objected to the act of oral sex. The record fails to reflect that force or threats of force were used in connection with this sex act. Even Faith admitted that her sexual relationship with Defendant was voluntary if unpleasant.

11

**Paragraph 200:** Defendant objects to the four-point enhancement on the basis that the evidence does not reveal that Defendant was the organizer or leader of criminal activity that involved five or more participants in connection with Racketeering Act Thirteen.

**Count One Racketeering Act Nine, and Counts Two, Three, Four and Five: Mann Act – Jane Doe Five**

**Paragraph 203:** Defendant objects to the base offense level of 32 where the predicate sexual act of this Mann Act violation was not sexual exploitation of a child but rather intentional exposure to an STD. Although the government did also charge an alternative theory that Defendant transported Jane to California with the intent to violate California state law prohibiting sexual intercourse with a person under the age of 18, the verdict form did not specify that it found that Defendant was guilty under this theory.

**Paragraph 204:** Defendant objects to an enhancement based on the "commission of a sexual act" where the sex act is duplicative of the sexual conduct contemplated by Sexual Exploitation of a Child and the base offense level.

**Paragraph 205:** Defendant also objects to an enhancement for use of a computer or cell phone to induce the travel of a minor to engage in sexually explicit conduct. There is no evidence that Defendant induced or persuaded Jane to travel to anywhere to participate in sex acts or sex acts that were recorded. And no evidence demonstrates that Defendant used computers or cell phones for this purpose. Defendant and Jane lived together in Chicago at this time period. They traveled together because they were in a relationship with one another.

**Paragraph 207:** Defendant objects to the four-point enhancement on the basis that the evidence does not reveal that Defendant was the organizer or leader of criminal activity that involved five or more participants in connection with Racketeering Act Nine.

### Count One Racketeering Act Twelve, and Counts Six and Seven : Mann Act – Jane Doe Six

**Paragraph 210:** Defendant objects to the base offense level of 18 where the record does not show that Defendant used coercion against Faith to travel to New York for the purpose of exposing her to STD. The record shows, unequivocally, that Defendant asked Faith to travel to New York. She accepted. Faith herself does not contend otherwise. No coercion was used in connection with this trip whatsoever.

**Paragraph 212:** Defendant objects to the four-point enhancement on the basis that the evidence does not reveal that Defendant was the organizer or leader of criminal activity that involved five or more participants in connection with Racketeering Act Twelve.

### Count One Racketeering Act Fourteen, and Counts Eight and Nine: Mann Act – Jane Doe Six

**Paragraph 215:** Defendant objects to the base offense level of 18 where the record does not show that Defendant used coercion against Faith to travel to New York or to engage in any sex acts with Faith while in New York. Faith testified to the opposite.

**Paragraph 217:** Defendant objects to the four-point enhancement on the basis that the evidence does not reveal that Defendant was the organizer or leader of criminal activity that involved five or more participants in connection with Racketeering Act Twelve.

**Paragraphs 219-225:** For the reasons identified, Defendant objects to the total offense level of 43.

**PART B: THE DEFENDANT'S CRIMINAL HISTORY**

**Paragraph 227**: Defendant objects to Probation's reliance on this alleged 1996 arrest for a misdemeanor battery based on internet tabloid reports. No official records exist of defendant's arrest or the disposition of the alleged arrest. The mere presence of the arrest on a criminal

history report and internet tabloid reports does not offer sufficient reliability that the offense occurred and that Defendant was convicted and/or sentenced to a year of probation after allegedly pleadings "no contest" to simple battery.

**Paragraphs 232-244**: Defendant objects on the basis that pending charges and any offenses for which Defendant was acquitted are irrelevant to his sentencing in this case and impinge on the presumption of innocence.

## PART C: OFFENDER CHARACTERISTICS

**Paragraph 255:** Defendant objects to the extent that Probation seeks to paint Joycelyn Savage as a "victim." Savage is engaged in a consensual relationship with Defendant and is engaged to him. Defendant has been incarcerated for over two years belying the suggestion that he has forced or induced her into a sexually abusive relationship that exists today.

## PART D: SENTENCING OPTIONS

**Paragraph 288:** Defendant objections to the total offense level of 43 and criminal history category of I for the reasons identified above.

**Paragraph 305:** Defendant objects on the basis that no enterprise existed, and he did not profit from any racketeering activities associated with the non-existent enterprise.

Dated: April 20, 2022
New York, New York

Respectfully submitted,

/s/JENNIFER BONJEAN
Jennifer Bonjean
Bonjean Law Group, PLLC
750 Lexington Ave., 9th Fl.
New York, NY 10022
718-875-1850

## CERTIFICATE OF SERVICE

I, JENNIFER BONJEAN, an attorney at law, certify that I filed Defendant's Objection to the PSR via ECF on April 20, 2022.

/s/JENNIFER BONJEAN