

**BONJEAN**
LAW GROUP, PLLC

750 Lexington Avenue, 9th Floor
New York, New York 10022

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

May 19, 2022

**VIA ECF:**
The Honorable Ann M. Donnelly
United States District Court Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *United States v. Kelly,* 19 CR 286 (AMD)

Dear Judge Donnelly:

I write respectfully to request leave to file a supplemental sentencing submission upon receipt of expert reports from Defendant's mitigation expert(s) expected to be received on June 9, 2022. The government does not object to a supplemental submission if Defendant cannot obtain the reports prior to May 26, 2022, **which he cannot**. Alternatively, Defendant seeks an extension until June 13, 2022, in which to file his sentencing submission and requests that the sentencing hearing be pushed back by a week or even a few days. The government has expressed its desire to keep the sentencing date on June 15, 2022. Defendant's preference is to adjourn the due date for sentencing submissions and the sentencing hearing date by a week (June 22, 2022) but will take what he can get.

By way of background, undersigned counsel was retained by the Defendant to write post-trial motions, *assist* at sentencing, and to represent him in the Second Circuit; she filed her appearance in this case on October 29, 2022. *To be clear,* undersigned counsel was not retained to undertake Defendant's entire post-trial defense and sentencing representation. However, after reading the voluminous record in this case and drafting post-trial motions, it became clear that undersigned counsel would have to raise ineffective assistance of counsel claims that placed other members of his trial team in a conflicted position. Undersigned counsel first apprised the court of this development in a letter dated February 1, 2022. (Dkt. No. 264) In and around that time, Defendant's trial team withdrew. Before moving to withdraw, Defendant's attorneys had not retained any mitigation experts or completed any mitigation investigation as best as Defendant can tell.[1]

---

[1] It should be noted that until early February it was virtually impossible to communicate or meet with Defendant. The BOP was first on a pandemic-related lockdown and then went on a nation-wide security-related lock-down in January. During this time, it was extraordinarily difficult to secure zoom meetings which were in high demand, unreliable, and invariably cancelled or changed without notice. On the few occasions counsel was able to meet with Defendant by zoom, the meetings did not allow for meaningful consultation. It was impossible to hear one another or share documents. These meetings were particularly difficult given Mr. Kelly's literacy challenges



750 Lexington Avenue, 9th Floor
New York, New York 10022

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

**BONJEAN**
LAW GROUP, PLLC

Without getting into unnecessary and privileged details, undersigned counsel diligently began preparing for sentencing in various ways during and after the completion of post-trial motions, including exploring retaining mitigation expert(s). As this Court already knows, undersigned counsel sought a continuation of sentencing until after Defendant's August 1, 2022, NDIL trial out of concern that Defendant would have to choose between competing constitutional rights. This Court denied that motion on April 5, 2022, and Defendant's subsequent motion for reconsideration. (Dkt. No. 289)

Undersigned counsel began consulting and interviewing mitigation experts in March in the event this Court denied his request for a longer adjournment (which it did). This task was exceedingly difficult given the complexity of this case, the dearth of experts willing or able to take on this case, and the short time schedule on which an expert would need to work. Undersigned counsel did retain a mitigation expert(s) in mid-April and promptly sought approvals from the MDC on an expedited basis to allow face-to-face meetings with the Defendant. Indeed, Defendant's experts were prepared to conduct their examination of Defendant the last week of April which would have allowed plenty of time for preparation of their reports prior to the sentencing submission deadline. But the MDC was adamant that there was no way to expedite the approval process. The experts were not approved until May 13, 2022. Bending over backwards to accommodate this short timeline, the experts cleared their schedules and made prompt travel arrangements to meet with Defendant today and have scheduled visits next week on May 24 and May 25. Reluctantly, they have agreed to submit their report by June 9, 2022, but they cannot move at any faster pace.

In light of the foregoing, undersigned counsel reached out to the government to explain the dilemma and determine whether they would object to a short adjournment of sentencing or if they could at least agree to a supplemental sentencing submission in advance of the June 15, 2022, sentencing date. AUSA Geddes stated that they would like to keep the June 15, 2022, sentencing date and "strongly suggest that the expert expedite his or her report, a reasonable request given that he or she was retained with the understanding of the firmly set sentencing date. To the extent that the expert cannot complete the report by the time your submission is due, we do not object to your making a supplement submission in advance of the sentencing date."

Undersigned counsel appreciates the government's courtesies but wants to point out that while the experts were retained with a clear understanding of the "firmly-set sentencing date," and prioritized this case to meet that deadline, the MDC did not approve them for visits until May 13, 2022. The experts have already expedited their process as best they can. They are not local and could not have even made travel arrangements until the approvals came through. Once the approvals were made, the experts acted with alacrity. But they simply cannot have a report

since he was unable to read documents *prior* to the meetings. Regular face-to-face visits did not resume until February 10, 2022.



750 Lexington Avenue, 9th Floor
New York, New York 10022

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

complete by May 26, 2022, if they cannot complete their visits with Defendant until May 25, 2022. They have, however, agreed to complete the report by June 9, 2022.

Defendant is facing a guidelines range of life. The PSR reflects the complexity of the sentencing issues at play in this case. Defendant is entitled to competent representation at sentencing which includes presenting evidence of mitigation. Whatever can be said about prior counsel, undersigned counsel has worked around the clock to ensure that Defendant receives constitutionally mandated effective assistance of counsel. Accordingly, Defendant respectfully requests that this Court enter an Order granting Defendant until June 13, 2022, in which to file a single sentencing submission and to adjourn the sentencing hearing by a week or at least a few days.[2] Alternatively, Defendant seeks an Order allowing Defendant to submit a supplemental sentencing submission no later than June 13, 2022. The government can apparently live with this solution.

Respectfully Submitted,

/s/JENNIFER BONJEAN

cc:     AUSA Elizabeth Geddes (via ECF)
        AUSA Maria Melendez Cruz (via ECF)
        AUSA Nadia Shihata (via ECF)

---

[2] Undersigned counsel prefers a short continuance of the hearing, also because she is on trial in Los Angeles starting on May 23, 2022, with opening statements scheduled to commence on June 1, 2022. Although the trial is a short one and the state court judge feels strongly that it will be concluded before June 15, 2022, it will be close. Undersigned counsel was committed to this trial date long before she filed her appearance in this matter and long before the scope of her representation in this case expanded.