

750 Lexington Avenue, 9th Floor
New York, New York 10022

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

May 23, 2022

**VIA ECF:**
The Honorable Ann M. Donnelly
United States District Court Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                Re:    *United States v. Kelly,* 19 CR 286 (AMD)

Dear Judge Donnelly:

      Defendant submits this letter in connection with the Court's order dated May 19, 2022, seeking additional briefing concerning Defendant's Rule 29 challenges to Section 120290 of the California Health and Safety Code and Section 2307 of the New York Public Health law.

**A.**    **Defendant Made a Proper Rule 29 Challenge to the Government's Proof that Defendant Violated Section 120290 of the California Health and Safety Code. Defendant Also Shows Good Cause for Failing to Challenge the Applicability and Constitutionality of the 2015 version of Section 120290 Where the Government Failed To Give Prior Notice of Its Intent to Charge the Jury Pursuant to the Modified Repealed Statute.**

      The government charged Defendant with two Mann Act violations, alleging, *inter alia*, that Defendant transported Jane to California with the intent of exposing her to herpes in violation of Cal. Health and Safety Code § 120290 (Racketeering Acts 8 and 9). In his Rule 29 motion, Defendant challenged the government's proofs on those counts in several ways, including arguing that the government did not prove every element of § 120290 beyond a reasonable doubt.

      The sufficiency of the evidence question is muddied by the fact that the jury was charged with a modified version of an inoperable 2015 version of the statute; the parties disagree whether the court was permitted to charge the jury pursuant to the government's instruction. The specific question of whether the jury was properly charged may not constitute a proper Rule 29 issue, but it is preserved for appellate review since trial counsel objected to the court's jury charge, arguing that it did not reflect the operable statute or the law. (Dkt. No. 219; Gov's Response found at Dkt. No. 220)

      Separately, Defendant pointed out in his Rule 29 memo that the 2015 version of the statute is unconstitutional and that neither the government nor this Court possessed the authority to rewrite the statute to save it from a constitutional challenge. Defendant concedes that a constitutional challenge to a statute is not equivalent to a sufficiency of the evidence challenge. Defendant also concedes that trial counsel did not specifically challenge the constitutionality of



750 Lexington Avenue, 9th Floor
New York, New York 10022

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

Cal. Health and Safety Code § 120290, but that is because the government did not apprise the defense of its intent to have the jury charged pursuant to a repealed version of the statute that it also rewrote. Defendant shows "good cause" for failing to challenge the statute in a pretrial motion as it did the New York Public Health Code provision. *United States v. O'Brien,* 926 F. 3d 57, 82-84 (2d Cir. 2019). Even if this Court were to conclude that trial counsel failed to timely raise a constitutional attack to Cal. Health and Safety Code § 120290, trial counsel was ineffective for failing to do so. *Strickland v. Washington*, 466 U.S. 668, 686-88 (1984).[1]

All that aside, Defendant *also* raises a sufficiency of the evidence question by arguing that even if the elements of the statute were properly charged, "the government did not prove that Defendant was contagious, infected, or had the capacity to transmit herpes during the sexual encounter he had with Jane in May 2015" (Deft. MOL at 33) Defendant also argued that the government's proof was lacking in so far as it failed to show that Defendant acted willfully "with knowledge of the consequences." (Deft. MOL at 33) The wrinkle here is that this Court cannot answer this Rule 29 question without first deciding whether the jury was properly instructed pursuant to the applicable law. Defendant cannot be said to have waived his challenge to the jury charge where he expressly objected to the instruction charged and offered the operable version of the § 120290.

Because the government failed to put Defendant on notice that it was charging Defendant with a rewritten version of the 2015 statute until trial was nearing its end, Defendant shows "good cause" for failing to move to dismiss the counts pre-trial or challenge the statute's constitutionality. Alternatively, trial counsel was ineffective as described, *supra.* Notwithstanding all the above, this Court must decide whether the jury was properly instructed pursuant to the applicable law to determine whether defendant's sufficiency of the evidence challenge should be sustained.

### B.   Defendant's Rule 29 Challenge as to New York Public Health Law.

Defendant concedes that his challenge to the New York Public Health Law §2308 are constitutional in nature. Defendant's constitutional challenges to §2308 are preserved for appellate review.

---

[1] The government cited to the statute in the indictment, referencing the statute with an effective date of 1998. The mere cite could not have put counsel on notice that the government intended to charge an inoperable version of the statute or that it intended to modify the elements. But if this or any other court finds that the indictment *did* put Defendant on notice, trial counsel was ineffective for failing to challenge the indictment and the constitutionality of the intended, modified statute pre-trial. No possible trial strategy exists for this omission where trial counsel clearly understood its importance when it challenged the New York Public Health law on similar grounds.



750 Lexington Avenue, 9th Floor
New York, New York 10022

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

Sincerely,

/s/JENNIFER BONJEAN

cc:    AUSA Elizabeth Geddes (via ECF)
       AUSA Maria Melendez Cruz (via ECF)
       AUSA Nadia Shihata (via ECF)