

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

EAG/NS/MCM
F. #2019R00029

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 24, 2022

By ECF

The Honorable Ann M. Donnelly
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Robert Sylvester Kelly
                Criminal Docket No. 19-286 (S-3) (AMD)

Dear Judge Donnelly:

        The government respectfully submits this letter pursuant to the Court's May 19, 2022 electronic Order directing the parties to address two questions.

        With respect to the Court's first question – whether Rule 29 of the Federal Rules of Criminal Procedure ("Rule 29") is the proper vehicle to challenge Section 120290 of the California Health and Safety Code and Section 2307 of the New York Public Health Law – the government respectfully submits that it is not. By its plain language, Rule 29 allows the Court to grant a judgment of acquittal only when there is insufficient evidence to sustain a conviction. Fed. R. Crim. Pro. 29. See, e.g., United States v. al Ghazi, 2009 WL 1605741, at *2 (S.D.N.Y. June 9, 2009) ("Rule 29 . . . only authorizes motions challenging the sufficiency of the evidence presented at trial.") (citations omitted); United States v. Hite, 950 F. Supp. 2d 23, 26 (D.D.C. 2013) ("Although styled as a Rule 29 motion, the Defendant in essence moves to dismiss the Superseding Indictment for failure to state a claim").[1] Rather, the vehicle through which the defendant could have properly raised those challenges is Rule 12 of the Federal Rules of Criminal Procedure ("Rule 12"). Indeed, the defendant did raise certain challenges regarding the

---

[1] In Hite, the district court rejected the government's argument that the defendant's Rule 29 motion, which was in fact a Rule 12 motion, was untimely because the version of Rule 12 in effect at the time allowed a defendant to move to dismiss an indictment for failure to state a claim at any time. Rule 12 was subsequently amended in 2014. As set forth below, the previous version of Rule 12 no longer applies and Rule 12 now requires that motions to dismiss an indictment for failure to state an offense in the circumstances at issue here must be made pretrial. See Fed. R. Crim. P. 12(b)(3)(B)(v). As a result, the district court's ruling in Hite regarding the timeliness of the defendant's Rule 12 motion is not applicable here.

counts that referenced Section 2307 through Rule 12 and the Court denied those challenges. Those rulings remain the law of the case and the defendant has offered no basis to disturb them.

With respect to the Court's next question – whether the defendant's challenge to Section 120290 of the California Health and Safety Code is timely – the government respectfully submits that it is not. As set forth above, the proper vehicle through which the defendant could have raised its challenge in this regard is Rule 12, specifically Rule 12(b)(3)(B)(v). Rule 12 prescribes the time by which a defendant must make certain Rule 12 motions. While "motions that the court lacks jurisdiction may be made at any time while the case is pending[,]" certain motions "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits . . . ."[2] Fed. R. Crim. P. 12(b)(3). Among the motions that must be raised pretrial when those conditions are met are those for "a defect in the indictment . . .; including . . . (v) failure to state an offense . . . ." Fed. R. Crim. P. 12(b)(3)(B)(v).

Significantly, in 2014, Rule 12 was amended "to remove language that allowed the court at any time while the case is pending to hear a claim that the 'indictment or information fails . . . to state an offense.'" Fed. R. Crim. P. 12, Committee Notes on Rules - 2014 Amendment. As the Committee Notes explain, "This specific charging error was previously considered fatal whenever raised and was excluded from the general requirement that charging deficiencies be raised prior to trial. The Supreme Court abandoned any jurisdictional justification for the exception in United States v. Cotton, 535 U.S. 625, 629[-]31 (2002) (overruling Ex parte Bain, 121 U.S. 1 (1887), "[i]nsofar as it held that a defective indictment deprives a court of jurisdiction")." Fed. R. Crim. P. 12, Committee Notes on Rules - 2014 Amendment.

Here, the defendant's challenge is properly characterized as one of failure to state an offense and is not jurisdictional in nature. As a result, the defendant was required to file such a motion prior to trial.[3] In essence, the defendant argues that Racketeering Act Eight fails to

---

[2] Rule 12(c)(3) makes clear that a motion filed after the deadlines for making a Rule 12(b)(3) motion – i.e., after trial has commenced – is untimely and that a court can consider an untimely request only if the party shows good cause, a standard the defendant has not and cannot meet here. See also Davis v. United States, 411 U.S. 233, 242 (1973) ("We believe that the necessary effect of the congressional adoption of Rule 12(b)(2) is to provide that a claim once waived pursuant to that Rule may not later be resurrected, either in the criminal proceedings or in federal habeas, in the absence of the showing of 'cause' which that Rule requires."); see also United States v. O'Brien, 926 F.3d 57, 82-84 (2d Cir. 2019).

[3] There can be no dispute that prior to trial, the basis for the motion was reasonably available and the motion could have been determined without a trial on the merits. The Indictment clearly referenced the version of § 120290 effective as of 1998 (see ECF No. 43 at 10-11), which version remained in effect at the time of the conduct charged in Racketeering Act Eight. The government's proposed jury charge, filed on July 2, 2021 and submitted jointly with the defense, also referenced the 1998 version of the statute and explicitly quoted its language. See ECF No. 117-1 at 59-60.

state an offense because the alleged sexual activity was not activity "for which a person can be charged with a criminal offense" because the version of the California statute in effect in 2015 (and referenced in the indictment) had since been "repealed." (See ECF No. 273-1 at 39). His claim is analogous to one posited in Lamar v. United States, 240 U.S. 60 (1916), where the defendant challenged his conviction for "having falsely pretended to be an officer of the government of the United States, to wit, a member of the House of Representatives," specifically objecting that the indictment did "not charge a crime against the United States." 240 U.S. at 64-65. As the Second Circuit explained approvingly in United States v. Yousef, 750 F.3d 254 (2014), abrogated on other grounds by United States v. Van Der End, 943 F.3d 98 (2d Cir. 2019),

> [the defendant in Lamar] argued that the court lacked jurisdiction to hear the case because a member of Congress is not an "officer" of the United States. Lamar, 240 U.S. at 64. But, as Justice Holmes explained, "nothing can be clearer than that the District Court, which has jurisdiction of all crimes cognizable under the authority of the United States . . . acts equally within its jurisdiction whether it decides a man to be guilty or innocent under the criminal law, and whether its decision is right or wrong." Id. at 65. The defendant's argument went, therefore, "only to the merits of the case." Id.; accord Cotton, 535 U.S. at 630–31 (quoting Lamar); United States v. Rubin, 743 F.3d 31, 36 (2d Cir. 2014).

Yousef, 750 F.3d at 260 (footnote and certain citations omitted and/or altered). See also United States v. Muresanu, 951 F.3d 833 (7th Cir. 2020) (rejecting a post-trial challenge to an indictment charging attempted aggravated identity theft – where the statute did not allow charges based on attempt – because it was one for failing to state an offense, was not jurisdictional in nature and was therefore untimely). Accordingly, the defendant's challenge in this regard to Racketeering Act Eight is not jurisdictional and any Rule 12 motion raising such a challenge is now untimely. The defendant has offered no cause – let alone good cause – for his untimeliness and, to the extent the Court construes his Rule 29 motion as a Rule 12(b)(3) motion, it should be denied on that basis.

                Respectfully submitted,

                BREON PEACE
                United States Attorney

   By:   /s/
       Elizabeth A. Geddes
       Nadia I. Shihata
       Maria Cruz Melendez
       Assistant U.S. Attorneys
       (718) 254-7000