

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

271 Cadman Plaza East
Brooklyn, New York 11201

August 4, 2022

<u>BY ECF</u>
Honorable Ann M. Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    United States of America v. Robert S. Kelly,
       <u>Docket No. CR-19-0286 (EDNY)(AMD)</u>

Dear Judge Donnelly:

The Government writes to respectfully request that the Court sign the enclosed proposed order directing the Bureau of Prisons (the "BOP") to turn over the restrained funds held in the inmate trust account of Defendant Robert S. Kelly ("Defendant") to the Clerk of the Court for deposit into an interest-bearing account pending a determination as to the amount and applicability of a restitution judgment. The proposed order further provides that to the extent restitution is not imposed, or the amount held in the interest-bearing account exceeds the amount of restitution and special assessments imposed, the balance in the interest-bearing account should be applied to the outstanding Court-ordered fine. As of this writing, at the request of the Government, the BOP has restrained $27,828.24 of the funds that have been deposited into the Defendant's trust account.

**I.      Background**

Following a five-week trial, the Defendant was convicted of one count of racketeering, in violation of 18 U.S.C.§§ 1962(c) and 1963, and eight counts of sex trafficking, in violation of the Mann Act, 18 U.S.C. 2421, *et seq*. *See* Criminal Judgment, Docket Entry No. 319, pp. 1-2. Defendant was incarcerated pending trial in MDC Brooklyn.[1] On June 29, 2022, The Court sentenced the Defendant to serve thirty years in custody, pay a $100,000.00 fine, a $900.00 special assessment, and a $40,000.00 Justice for Trafficking Victims Act ("JTVA") assessment. *Id.* at pp. 3 and 7. The Court did not impose a payment plan, making these monetary penalties due immediately. *See* 18 U.S.C. § 3572(d)(1). A hearing on the restitution to be imposed on the

---

[1] The Defendant is currently incarcerated at MCC-Chicago pending trial in the Northern District of Illinois on separate charges.

Defendant is presently scheduled for September 28, 2022. Based on the convictions on eight counts of sex trafficking, in violation of the Mann Act, 18 U.S.C. § 2421, the Defendant is subject to mandatory restitution which "shall be issued and enforced in accordance with section 3664 in the same manner as an order under section 3663A." *See* 18 U.S.C. § 2259(b)(3).

To date, Defendant has not paid any portion of the fines imposed by the Court and still owes the entire $140,900.00.

The Government has been informed by the BOP that the Defendant had accumulated substantial funds in his inmate trust account. As of August 3, 2022, the Defendant had $28,328.24 in his inmate trust account. By letter dated August 3, 2022, the Government requested that the BOP restrain the funds in the Defendant's trust account. [2] The BOP confirmed that that the requested amount was restrained on August 4, 2022. Further, the BOP has confirmed that it left $500 in the Defendant's trust account for Defendant's use in MCC Chicago. Accordingly, as of this writing, the BOP has restrained a total $27,828.24.

The Government now seeks entry of an Order authorizing the BOP to turn over the restrained funds for application to the Defendant's outstanding criminal penalties.

## II.    Statutory and Legal Framework

Section 3613, Title 18, of the United States Code, sets forth the procedures for the Government to enforce criminal monetary penalties. Under this framework, "a judgment imposing a fine may be enforced against *all property or rights to property* of the person fined." 18 U.S.C. § 3613(a). [3] "[T]he only property exempt from that subsection is that which the government could not reach for the payment of federal income taxes." *United States v. Irving*, 452 F.3d 110, 126 (2d Cir. 2006). Section 3613(c) also provides that the judgment creates a lien in favor of the United States on all property and rights to property of the person fined upon the imposition of a fine, assessment, or order of restitution. "[A] person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments." 18 U.S.C. § 3572(d)(1).  Section 3613(c) provides that money received from a defendant shall be disbursed in the following order of priority: (1) a penalty assessment under section 3013; (2) restitution to all victims; (3) all other fines, penalties, costs, and other payments imposed. The JVTA assessment is not payable until special assessments, restitution, and fines have been satisfied. *See* 18 U.S.C. § 3014.

The Mandatory Victims Restitution Act, 18 U.S.C. § 3663A, *et seq.* ("MVRA") provides that when a person "obligated to provide restitution, or pay a fine, receives substantial

---

[2] Section 8.8 of the BOP Inmate Trust Fund/Deposit Fund Manual grants Wardens the authority to encumber funds in those accounts upon the request of an attorney or agent of the Government where debt is owed by the inmate. *See, e.g.,* 21 U.S.C. § 853(p); 18 U.S.C. § 3664(n)).  Section 10.1 of that same Manual authorizes withdrawal of funds without consent of the inmate to comply with any Federal Court Orders.

[3] Section 3613(a) is made applicable to restitution by subsection 3613(f), which provides that "all provisions of this section are available to the United States for the enforcement of an order of restitution."

resources from any source […] during a period of incarceration," that person "*shall be required* to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n) (emphasis added). Courts have acknowledged that the language of Section 3664(n) requires the turnover of "substantial resources" received by inmates during their incarceration if those inmates have outstanding criminal monetary penalties. *See, e.g., United States v. Thornbrugh*, 764 F.App'x 655, 657 (10th Cir. 2019) ("any person obligated to pay restitution may be ordered to make additional payments if he receives 'substantial resources from any source.'")(citing 18 U.S.C. § 3664(n)). In addition, numerous Courts have specifically permitted the turnover of funds that accumulate in an inmate's trust account to satisfy criminal judgments. *See, e.g., United States v. Hester*, 708 F.App'x 441, 443 (9th Cir. 2018)("Because Hester's Inmate Trust Account showed that he received 'substantial resources' during his period of incarceration . . . he was required by law to apply those funds to the $329,767 in restitution he still owed."); *United States v. Elwood*, 757 F.App'x 731, 736 (10th Cir. 2018) (under 18 U.S.C. § 3664(n), defendant had an "obligation" to commit substantial funds in his inmate trust account to unpaid restitution; district court did not err in issuing a turnover order); *United States v. Lemberger*, 673 F. App'x 579, 580 (7th Cir. 2017) (inmate's participation in Inmate Financial Responsibility Program ("IFRP") does not preclude the government from seeking turnover of funds in inmate trust account to apply against restitution; if an inmate has a "substantial" sum in inmate trust account, inmate is required under 18 U.S.C. § 3664(n) to apply it to restitution.); *United States v. Brewer*, 699 F.App'x 318, 319 (5th Cir. 2017) (same).

The Government has the responsibility to collect unpaid fines and restitution owed to crime victims. *See* 18 U.S.C. § 3612(c). Moreover, the Crime Victims Act, 18 U.S.C. § 3771, provides, among other things, that the victim has the right to full and timely restitution. To achieve those ends, the Government may enforce a judgment "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law, s*ee* 18 U.S.C. § 3613(a), and may use the methods set forth in subchapter C of chapter 227 (§§ 3571-3574) and subchapter B of chapter 229 of title 18 (§§ 3661-3614). *See also* 18 U.S.C. § 3664(m). In connection with the enforcement of restitution, the Government is also entitled to use "all other available and reasonable means." *See* U.S.C. § 3664(m)(1)(A)(ii). These statutes, coupled with the lien created on behalf of the United States pursuant to Section 3613(c), empower the Government and the Court to protect against the disbursement of funds that could be applied to restitution. *See United States v. Garrett,* 13-cr-149 (Matsumoto, J.), Docket Entry No. 494, dated Nov. 20, 2015 (granting a restraining order, pursuant to the All Writs Act, prohibiting the defendant from receiving the funds of a civil settlement before a restitution judgment had been entered).

## III.    Bases for the Proposed Order

The Defendant has amassed nearly thirty-thousand dollars in his inmate trust account over the course of the last three years of incarceration. The Defendant has not made any payments towards the substantial criminal monetary penalties imposed upon him at sentencing, even though payment was due immediately. *See* 18 U.S.C. § 3572(d)(1) ("a person sentenced to pay a fine or other monetary penalty…shall make such payment immediately").

In addition, the amount of money in the Defendant's trust account significantly exceeds the amounts Courts have accepted as meeting the substantiality requirement of Section

3664(n). *See United States v. Rand*, 924 F.3d 140, 142-43 (5th Cir. 2019) (accepting argument that approximately $1,684.57 in inmate trust account was "substantial resource" requiring turnover); *see also Lemberger*, 673 F. App'x at 580 ($4,650 in inmate trust account is "substantial resource"); *Thornbrugh*, 764 F.App'x at 657 ($3,172.78 in inmate trust account is "substantial resource"); *Hester*, 708 F.App'x at 443 ($12,500 in inmate trust account is "substantial resource").

Furthermore, the Government's lien against the Defendant's property extends to the funds in the trust account because those funds are not exempt from seizure by the plain text of 18 U.S.C. § 3613(a).[4] Nor does it matter that the Defendant did not accumulate these funds in one fell swoop. *See United States v. Giles*, 819 F. App'x 899 (11th Cir. 2020) (rejecting the defendant's argument that section 3663(n) does not apply to a gradual accumulation of money from family, friends, and prison wages); *see also Elwood*, 757 F. App'x at 736, fn. 5 ("the MVRA requires prisoners to apply "substantial resources from any source"—not just from windfalls—to their restitution obligations.") Accordingly, the Defendant *must be required* to apply the value of the resources in his inmate trust account to his criminal monetary penalties. *See* 18 U.S.C. § 3664(n) (emphasis added).

Importantly, in consideration of the rights of the victims of the offense of conviction to full and timely restitution, as provided in l8 U.S.C. § 3771, and to ensure that the monies are disbursed in accordance with the requirements of 18 U.S.C. § 3572(d), the monies should be deposited in an interest-bearing account, pending the determination of restitution. As provided in the proposed order, the monies would be paid first to the special assessment of $ 900, next to any restitution imposed, with any remaining amount to be paid to the outstanding fine.[5]

Based on the foregoing, the Government respectfully requests that the Court grant its motion and order that the BOP turn over the funds in the Defendant's trust account to the Clerk of the Court for deposit into an interest-bearing account pending the sentencing hearing on restitution currently scheduled for September 28, 2022. A proposed order is attached for Your Honor's consideration.

---

[4] For criminal debts such as fines and restitution, federal law provides that the only categories of exempt property are: (1) wearing apparel and school books; (2) fuel, provisions, furniture and personal effects; (3) books and tools of a trade, business or profession; (4) unemployment benefits; (5) undelivered mail; (6) annuity or pension payments under certain, specified federal statutes; (7) workmen's compensation; (8) judgments for support of minor children; (9) certain service-connected disability payments; and (10) assistance under the Job Training Partnership Act. *See* 18 U.S.C. § 3613(a)(1).

[5] The JTVA assessment would be paid out of any remaining funds after the fine is paid. *See* 18 U.S.C. § 3014.

The Government thanks the Court for its consideration of this request.

Respectfully submitted,

BREON PEACE
United States Attorney

By:     _____
DANIEL G. SAAVEDRA
Assistant U.S. Attorney
(718) 254-6360

Encl.

cc:     **BY ECF**
All Counsel of Record