

750 Lexington Avenue, 9th Floor
New York, New York 10022

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

August 9, 2022

**VIA ECF:**
The Honorable Ann M. Donnelly
United States District Court Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    *United States v. Kelly,* 19 CR 286 (AMD)

Dear Your Honor:

      Please accept this letter in response to the government's motion seeking a *nunc pro tunc* order allowing it to confiscate nearly all funds contained in Mr. Kelly's inmate trust account. On August 4, 2022, a reporter from the Washington Post contacted undersigned counsel for comment about an article he was writing concerning the seizure of funds in inmate trust accounts for the purpose of paying court-ordered judgments. During that conversation, it became clear to undersigned counsel that the reporter obtained confidential information from the BOP concerning the balance of funds in Mr. Kelly's trust account.[1] The information was published in a Washington Post article that same day. Within hours of publication, the BOP confiscated all funds, excepting $500, from Mr. Kelly's trust account without a court order, without notice, without filing a lien on the property, without filing a notice of default, and without providing a receipt to Mr. Kelly. The government now concedes that it directed the BOP to seize over $27,000 of Mr. Kelly's property absent the statutory authority to do so and absent any order from this Court. Only after undersigned counsel sent an email to the AUSAs about this unlawful garnishment of funds did the office bother to file a motion with this Court seeking leave to restrain funds; funds that it already confiscated. This Court should order the immediate return of Mr. Kelly's funds and further sanction the office of the United States Attorney and the Bureau of Prison for seizing funds without lawful authority.

---

[1] Mr. Kelly has been the repeated victim of BOP criminality. While Defendant was detained in the Chicago MCC prior to his EDNY prosecution, the Department of Justice Office of the Inspector General ("DOJ-OIG") opened an investigation into potential criminal violations committed by one or more BOP officers, including potential crimes of "unlawful disclosure of sensitive government information, bribery, fraud, theft, narcotics trafficking, money laundering, ethics violations, and other official misconduct" after it was discovered that between July 15, 2019 and January 8, 2020, BOP access logs show that 60 BOP employees accessed Defendant's confidential records. One such BOP employee accessed Defendant's confidential records 153 times – even though that employee was not assigned to the MCC. A preliminary investigation revealed that the BOP employee provided/sold that stolen information to a well-known YouTube blogger.



750 Lexington Avenue, 9th Floor
New York, New York 10022

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

Judgment was entered against Mr. Kelly on June 30, 2022. [Dkt. No. 319] This Court deferred a restitution finding until after a hearing currently scheduled for September 28, 2022. To date, the government has providing entirely deficient evidence supporting restitution for *any* of the identified victims. The Court further entered an assessment of $900, a $40,000 JVTA assessment, and a fine of $100,000. This Court ordered an immediate payment of $900. The Court did not enter a payment plan, nor did Mr. Kelly seek one since restitution has not been decided and restitution payments take precedent over court fines. In an unprecedented move, the government asks this Court for an order *nunc pro tunc* allowing it to seize Mr. Kelly's property "for application to the Defendant's outstanding criminal penalties" absent any showing of default.

The government cites no authority for the proposition that it may seize Mr. Kelly's property without filing a notice of default or a notice of a lien on the property. Furthermore, no authority exists for the contention that the government may seize Mr. Kelly's property for *future* application toward judgments that have not been entered. Indeed, the government fails to cite any authority that allows this Court to enter the Order it proposes. Mr. Kelly does not quarrel with the general proposition that a judgment imposing a fine may be enforced against all property of the person fined. Even assuming the government is correct when it argues that section 3613(c) provides that a judgment creates a lien in favor of the United States, it does not follow that the government can simply order the BOP to garnish Mr. Kelly's funds without evidence of default and without filing a notice of lien on the property. Indeed, under 18 U.S.C. § 3613(c), the government is required to treat the judgment as if it were a liability for a tax assessed under the Internal Revenue Code. The government did nothing more than make a phone call to the BOP directing the Warden to confiscate his property.[2]

The government cites several cases for the proposition that a defendant may be ordered to commit substantial funds accumulated in his inmate trust account to *unpaid restitution*. The authority offered by the government is inapplicable here where there has been no restitution ordered. Critically, the government concedes that pursuant to section 3613(c), the payment of restitution takes precedent over other fines and costs. Because a restitution order has not yet been entered, the government has restrained Mr. Kelly's funds preemptively. Put differently, the funds currently seized cannot be applied toward

---

[2] Contrary to the suggestion of the government, the BOP Inmate Trust Fund/Deposit Fund Manuel does not grant the BOP or the government the authority to encumber funds without proper legal authority or an order of Court. Indeed, the BOP clearly violated the manual when it encumbered Mr. Kelly's funds *without* any Court order.



750 Lexington Avenue, 9th Floor
New York, New York 10022

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

any court costs since the restitution question has not been resolved. Thus, the government is simply holding Mr. Kelly's funds for future use; no statute or case law allows the government to do so. While victims may have the right to full and timely restitution, they have no right to have the government seize an inmate's funds *prior* to the entry of a restitution judgment.

As to Mr. Kelly's court-ordered fines, the government has not demonstrated that Mr. Kelly is in default or that he was provided with notice of default. 18 U.S.C. § 3613A; 18 U.S.C. § 3572(i). The judgment in this case was entered little more than a month ago and specified that only $900 was due immediately. Without any evidence that Mr. Kelly has defaulted on payment of a fine that was only entered 35 days ago, the government was not permitted to seize Mr. Kelly's trust funds. In *United States v. Hickman,* 330 F. Supp. 3d 921 (W.D.N.Y. 2018), the government moved the district court to authorize payment from the defendant's trust account in order to satisfy the criminal monetary obligation imposed by the judgment against the Defendant. *Id.* at 922. The district court held that because the government has failed to present evidence of default in his payment obligations. *See also, United States v. Woodard,* 2016 U.S. Dist. LEXIS 195118 (W.D.Mich. June 24, 2016) (denying the government's motion for an order authorizing the BOP to turn-over the defendant's trust account funds to pay a court-ordered fine absent any evidence that the fine is "unpaid" or in "default.")

In conclusion, the government acted prematurely and without the legal authority when it ordered the BOP to confiscate Mr. Kelly's trust account finds. It now asks this Court to sanction this abuse of governmental power in the absence of any restitution order and without any evidence of default in connection with his fine. For the foregoing reasons, this Court should deny the government's motion, order the immediate return of Mr. Kelly's property, and sanction the government and the BOP for its unlawful garnishment of Mr. Kelly's property.

Respectfully,

/s/JENNIFER BONJEAN