UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-against-<br><br>ROBERT SYLVESTER KELLY,<br><br>              Defendant,<br><br>and<br><br>UNIVERSAL MUSIC PUBLISHING, INC.,<br><br>              Garnishee. | DECLARATION OF ASSISTANT UNITED STATES ATTORNEY DANIEL SAAVEDRA IN SUPPORT OF AN ORDER OF GARNISHMENT<br><br>Criminal Docket<br>No. CR-19-02886 (AMD) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**Daniel Saavedra** hereby declares as follows:

1. I am an Assistant United States Attorney, of counsel to Breon Peace, United States Attorney for the Eastern District of New York, attorney for the United States of America, and am responsible for the collection of the judgment against the Defendant Robert Sylvester Kelly ("Defendant") in the above-referenced case.

2. On June 1, 2023, the Government initiated this garnishment proceeding by the filing of an application for a Writ of Continuing Garnishment. That application was filed in order to enforce the judgment of restitution imposed by the Court on July 17, 2022 in the amount of $520,549.90, plus interest, against the Defendant and in favor of the United States of America.

3. On June 1, 2023, the Government served Universal Music Publishing, Inc. (the "Garnishee" or "Universal Music Publishing"), via counsel, with the Government's Application for Writ of Continuing Garnishment, the Writ of Continuing Garnishment, Instructions to the Garnishee and related documents.

4.    The Defendant was properly served with the Writ of Continuing Garnishment and notified of his right to a hearing or to file a claim for exemption, but has not requested a hearing, claimed an exemption, or otherwise contested the garnishment proceeding, and the statutory time to do so has expired.

5.    Universal Music Publishing served an Answer to the Writ of Continuing Garnishment dated June 21, 2023, which was subsequently entered on the docket sheet as Document Number 364 on July 5, 2023, and which stated that it had the following non-earnings property in its custody, control, or possession: "Music publishing royalties with a value of $567,444.19."

6.    Universal Music Publishing anticipates owing music publishing royalties to Defendant in the future. The amount of future royalties is unknown because it depends on the extent to which Defendant's musical compositions are purchased, downloaded, synchronized, or otherwise exploited during future royalty accounting periods. Royalties are accounted on a semi-annual basis. Royalties for the accounting period running from January 1, 2023 to June 30, 2023 are due to be paid on or before September 30, 2023. Royalties for the accounting period running from July 1, 2023 to December 31, 2023 are due to be paid on or before March 31, 2024.

7.    Universal Music Publishing further stated it does not have custody, control, or possession of any other property in which Defendant maintains an interest.

8.    Pursuant to the Writ of Continuing Garnishment and, as provided in 28 U.S.C. § 3205(c)(6), Universal Music Publishing, as the garnishee, is required to withhold and retain, pending further order of the court, any property in which the Defendant has a substantial non-exempt interest.

9.    Pursuant to 28 U.S.C. § 3205(c)(7), the Court shall issue an order of garnishment

directing the Garnishee as to the disposition of the Defendant's non-exempt interest in the property, after the Garnishee files an answer and if no hearing is requested within the required time-period.

10. Based on the foregoing, on August 15, 2023, the United States sought an order directing Universal Music Publishing to issue a check, within ten days of receiving a certified copy of the Order of Garnishment, payable to the Clerk of the Court for the Eastern District of New York for the full amount of the restitution debt owed by the Defendant as of the date Universal Music Publishing received the certified copy of the Order of Garnishment.

11. On August 23, 2023, the Court signed the Order of Garnishment.

12. On that same day, the undersigned served the Order of Garnishment, along with a letter explaining that the amount owed by the Defendant, as of August 23, 2023, was $ 507,234.05, via overnight mail and electronic mail, on the Garnishee's counsel.

13. The Clerk of the Court received payment from the Garnishee on or about September 14, 2023, in the amount of $ 507,234.05.

14. Given the time between the service of the Order of Garnishment and the receipt of payment, interest in the amount of $780.40 remains outstanding with respect to the Defendant's criminal monetary penalties.

15. Accordingly, the United States respectfully requests a second Order of Garnishment directing Universal Music Publishing to issue a check, within ten days of receiving a certified copy of the Order of Garnishment, payable to the Clerk of the Court for the Eastern District of New York for $780.40 and that said check be mailed or delivered to the Clerk of the Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York, 11201, and reference "<u>United States v. Robert S. Kelly</u>, CR-19-02886 (AMD)" on its face.

16. A copy of the instant declaration and the accompanying proposed Order of

Garnishment will be e-filed with the court and served on Universal Music Publishing at 2100 Colorado Avenue Santa Monica, CA 90404 and through counsel.

**WHEREFORE**, the United States of America, respectfully requests that the Court issue an order, requiring that:

Within ten days of receipt of service of a certified copy of the Order of Garnishment, Universal Music Publishing, Inc. shall issue a check payable to the Clerk of the Court for the Eastern District of New York for $780.40 and that said check be mailed or delivered to the Clerk of the Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, and reference "<u>United States v. Robert S. Kelly</u>, CR-19-0286" on its face.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief, that the amount claimed is justly due and owing to the United States, and that the disbursements sought to be taxed have been made in this action or will necessarily be made or incurred in this action.

Dated: Brooklyn, New York
       October 24, 2023

                                                        DANIEL G. SAAVEDRA
                                                        Assistant U. S. Attorney